**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

Case No. 0:24-60437-CIV-DIMITROULEAS/HUNT

ZACHARY KELLY, individually and on )
behalf of all others similarly situated, )
                                                                                     )
                                        Plaintiff, )
    vs. )
                                                                            )
SWEDISH MATCH NORTH AMERICA, LLC )
and PHILIP MORRIS INTERNATIONAL, )
INC., )
                                                                            )
                                      Defendants. )

**DEFENDANT PHILIP MORRIS INTERNATIONAL INC.'S
MOTION TO DISMISS PLAINTIFF'S COMPLAINT AND
<u>INCORPORATED MEMORANDUM OF LAW IN SUPPORT</u>**

**TABLE OF CONTENTS**

Page

I. INTRODUCTION ..................................................................................................................1

II. BACKGROUND ....................................................................................................................2

III. ARGUMENT ..........................................................................................................................4

    A. Plaintiff Has Not Alleged And Cannot Allege Facts That Would Support Personal Jurisdiction Over PMI ...........................................................................4

        1. Plaintiff Has Not Asserted Facts That Would Support General Jurisdiction Over PMI .................................................................................5

        2. Plaintiff Has Not Asserted Facts That Would Support Specific Jurisdiction Over PMI .................................................................................6

    B. Alternatively, And Without Waiving Its Defense For Lack Of Personal Jurisdiction, Plaintiff's Complaint Fails To State A Claim Against PMI................8

        1. PMI Joins Swedish Match's Motion To Dismiss In Full............................8

        2. PMI Is Not Responsible For *Any* Of The Alleged Conduct.........................9

    C. Amendment Would Be Futile As To PMI And Jurisdictional Discovery Cannot Cure The Deficiencies In Plaintiff's Complaint.........................................9

IV. REQUEST FOR HEARING.................................................................................................11

V. CONCLUSION.....................................................................................................................11

i

**TABLE OF AUTHORITIES**

**CASES**             **Page(s)**

*BCP Mgmt., LLC v. Deutsche Bank Nat'l Tr. Co.*,
  535 F. Supp. 3d 1217 (M.D. Fla. 2021) ................................................................... 11

*Calder v. Jones*,
  465 U.S. 783 (1984) ................................................................................................... 4

*Carmouche v. Tamborlee Mgmt., Inc.*,
  789 F.3d 1201 (11th Cir. 2015) ................................................................................. 5

*Chen ex rel V.D. v. Lester*,
  360 Fed. App'x 531 (11th Cir. 2010) ...................................................................... 10

*Crawford's Auto Ctr., Inc. v. State Farm Mut. Auto. Ins. Co.*,
  945 F.3d 1150 (11th Cir. 2019) ............................................................................... 10

*Daimler AG v. Bauman*,
  571 U.S. 117 (2014) ............................................................................................. 5, 8

*Diamond Crystal Brands, Inc. v. Food Movers Int'l*,
  593 F.3d 1249 (11th Cir. 2010) ................................................................................. 6

*Diulus v. Am. Express Travel Related Servs. Co.*,
  823 Fed. App'x 843 (11th Cir. 2020) ...................................................................... 10

*Eaton v. Dorchester Dev., Inc.*,
  692 F.2d 727 (11th Cir. 1982) ................................................................................. 10

*Estate of Caviness v. Atlas Air, Inc.*,
  --- F. Supp. 3d ----, 2023 WL 6802950 (S.D. Fla. Sept. 20, 2023) ......................... 11

*Exhibit Icons, LLC v. XP Cos. LLC*,
  609 F. Supp. 2d 1282 (S.D. Fla. 2009) ...................................................................... 5

*Ford Motor Co. v. Montana Eighth Judicial Dist. Ct.*,
  592 U.S. 351 (2021) ............................................................................................. 4, 5

*Frida Kahlo Corp. v. Pinedo*,
  2021 WL 4147876 (S.D. Fla. Sept. 13, 2021) ........................................................... 6

*Goodyear Dunlop Tires Ops., S.A. v. Brown*,
  564 U.S. 915 (2011) ................................................................................................... 5

*Int'l Shoe Co. v. Washington*,
  326 U.S. 310 (1945) ................................................................................................... 4

**Page(s)**

*Johnson Enters. of Jacksonville, Inc. v. FPL Grp., Inc.*,
   162 F.3d 1290,1320 (11th Cir. 1998) ...................................................................................9

*Licciardello v. Lovelady*,
   544 F.3d 1280 (11th Cir. 2008) ........................................................................................4, 6

*Louis Vuitton Malletier, S.A. v. Mosseri*,
   736 F.3d 1339 (11th Cir. 2013) ...........................................................................................6

*Lowery v. Alabama Power Co.*,
   483 F.3d 1184 (11th Cir. 2007) .........................................................................................10

*Ounjian v. Globoforce, Inc.*,
   89 F. 4th 852 (11th Cir. 2023) .............................................................................................9

*Stubbs v. Wyndham Nassau Resort & Crystal Palace Casino*,
   447 F.3d 1357 (11th Cir. 2006) ...........................................................................................8

*Taveras v. Bank of Am., N.A.*,
   89 F.4th 1279 (11th Cir. 2024) ............................................................................................9

*Turner v. Costa Crociere S.P.A.*,
   2020 WL 9071486 (S.D. Fla. Aug. 23, 2020)...................................................................10

*United Techs. Corp. v. Mazer*,
   556 F.3d 1260 (11th Cir. 2009) ...........................................................................................6

*Waite v. All Acquisition Corp.*,
   194 F. Supp. 3d 1298 (S.D. Fla. 2016) ................................................................................6

*Waite v. All Acquisition Corp.*,
   901 F.3d 1307 (11th Cir. 2018) ...................................................................................4, 5, 7

*Wolf v. Celebrity Cruises, Inc.*,
   683 Fed. App'x 786 (11th Cir. 2017) ..........................................................................10, 11

**RULES**

Fed. R. Civ. P. 4 ............................................................................................................................4

Fed R. Civ. P. 12 ...............................................................................................................1,2,5,8,9

**CONSTITUTIONAL PROVISIONS**

U.S. Const. amend. XIV ................................................................................................................4

## I. INTRODUCTION

Defendant Philip Morris International Inc. ("PMI") hereby moves to dismiss all claims in the Complaint (ECF No.1) filed by Plaintiff ("Plaintiff") against PMI, in their entirety, pursuant to Federal Rules of Civil Procedure 12(b)(2) and 12(b)(6). This Court does not have personal jurisdiction over PMI because it (1) does no business in Florida, (2) does not have employees or offices in Florida, (3) is not incorporated or headquartered in Florida, (4) has never manufactured, sold, labeled, or marketed ZYN in Florida or elsewhere, and (5) did not even have a corporate affiliation with ZYN's alleged manufacturer, Defendant Swedish Match North America LLC ("Swedish Match") until 2022, three years <u>after</u> Plaintiff claims he first used and then supposedly became addicted to ZYN. Plaintiff's Complaint makes no allegation of any wrongdoing specific to PMI, other than baselessly attributing all alleged misconduct to "Defendants" collectively. Plaintiff alleges that PMI "bought ZYN" in 2022, but provides no explanation, nor could he, as to how PMI could have taken any actions with regard to ZYN (much less wrongful action) *before* the 2022 transaction.[1] Nor does Plaintiff allege any post-acquisition conduct that would give this Court jurisdiction over PMI.

More specifically, this Court does not have general jurisdiction over PMI under Florida law, because, as Plaintiff acknowledges, PMI is not incorporated in Florida and does not maintain its principal place of business there. *See* ECF No. 1 (the "Complaint") ¶ 9. Neither does the Court have specific jurisdiction over PMI. The Complaint includes no allegations that PMI took some action purposefully availing itself of the laws of this forum, let alone any allegations that Plaintiff's claims arose out of those particular actions. Simply asserting that the undifferentiated "Defendants" took various actions is not adequate, particularly when it is impossible that PMI took any such action prior to at least 2022. The Declaration accompanying this Motion establishes that PMI was not involved at <u>any</u> time in any of the actions Plaintiff complains of and that PMI has no contacts whatsoever with the state of Florida.

Alternatively, and subject to PMI's personal jurisdiction defense, the Complaint should be dismissed for failure to state a claim against PMI. Fed. R. Civ. P. 12(b)(6). Plaintiff does not allege that PMI had any involvement with the conduct ostensibly giving rise to Plaintiff's claims: namely, the development, manufacturing, sale, or advertising of ZYN. *None* of Plaintiff's theories

---

[1] In 2022, an affiliate of PMI acquired Swedish Match's parent company, Swedish Match AB.

of liability, all of which are alleged to have arisen from his use of ZYN, can be imputed to PMI. Thus, Plaintiff fails to state a claim for relief against PMI. *See* Fed. R. Civ. P. 12(b)(6).

No amendment or jurisdictional discovery could possibly change these sworn facts and overcome the fundamental constitutional and pleading defects in Plaintiff's Complaint as to PMI. Thus, the claims against PMI should be dismissed with prejudice and without leave to amend.

## II.     BACKGROUND

Plaintiff Zachary Kelly asserts claims for design defect, failure to warn, negligence, and fraud against Swedish Match and PMI. *See* Complaint ¶¶ 57, 71, 85, 102. The Complaint alleges that ZYN is unreasonably dangerous because it poses a risk of addiction and other health hazards, and those dangers were not adequately disclosed to the public. *Id.* ¶¶ 35, 42, 44.

Specifically, the Complaint alleges that Plaintiff began using ZYN as a teenager, and that he was "enticed by the flavors" and by allegedly "deceptive advertising." *Id.* ¶ 6. Mr. Kelly further alleges that he "did not know of ZYN's unreasonably dangerous characteristics" when he began using ZYN in 2019. *Id.* ¶ 7. Finally, he alleges that he is addicted to the nicotine contained in ZYN and has suffered personal injuries as a result of his use of the product. *Id.* Although Mr. Kelly does not allege precisely when he believes he became addicted to nicotine through his use of ZYN, the Complaint does allege that "young people" trying ZYN "quickly become addicted." *Id.* ¶ 97. Mr. Kelly also alleges that his claims are "typical" of the claims of a class of ZYN users, whose claims arise from "the same set of operative facts." *Id.* ¶ 50.

Plaintiff often refers to PMI and Swedish Match collectively as "Defendants." At least 68 times, Plaintiff refers in the Complaint to "Defendants" in alleging supposedly wrongful conduct. Virtually none of the allegations concerning the conduct at issue in the Complaint, however, distinguish between Swedish Match and PMI; the Complaint instead simply alleges that both Defendants took every action alleged in the Complaint. *See, e.g.*, *id.* ¶¶ 5 ("Defendants use deceptive advertising"), 7 ("Defendants' wrongful conduct"), 10 ("[t]he Defendants design, manufacture, market, advertise, promote, distribute and sell ZYN"), 21 ("Defendants falsely maintain"), 30 ("Defendants use and promote flavors that are known to entice underage users"), 58 ("Defendants failed to adequately warn"), 60 ("Defendants designed ZYN with a pharmacokinetic profile engineered to create risks of abuse and addiction"). The very few allegations of wrongdoing specific to PMI relate to cigarettes, a product that is not at issue in this case (and which neither PMI nor any of its affiliates has ever sold in the United States, in any

2

event).  *Id.* ¶¶ 1, 26, 27; ECF No. 30-1, Declaration of Ann Marie Kaczorowski ("Kaczorowski Dec.") ¶ 9.[2]

The sole allegation concerning conduct by PMI relating to ZYN itself actually demonstrates the <u>opposite</u> of what Plaintiff claims.  Plaintiff asserts that this chart shows how "PMI's marketing efforts and tobacco sale know-how has fueled growth and secured market dominance" for ZYN:



Complaint ¶ 34.  But PMI's affiliate did not acquire Swedish Match's parent company until the fourth quarter of 2022.  Kaczorowski Dec. ¶ 10.  The chart reflects steady growth over the course of several years predating that acquisition, thus belying Plaintiff's assertion that PMI's "marketing efforts" somehow "fueled" ZYN's growth.

When it comes to jurisdiction, Plaintiff provides nothing more than a bare bones assertion that "[t]his Court has personal jurisdiction over the Defendants because they have committed the acts complained of herein in this State and in this District.  Defendants have significant contacts with the District such that they are subject to personal jurisdiction of the Court." Complaint ¶ 12.  Plaintiff further alleges collectively and in conclusory fashion that Defendants "engaged in substantial, systematic and continuous contacts with this State by, inter alia, regularly conducting and soliciting business in this State and this District, deriving substantial revenue from products

---

[2]  Plaintiff likely is confusing PMI with the wholly separate and independent company Philip Morris USA (part of the Altria Group), which does sell cigarettes in the United States.

and/or services provided to persons in this State and this District, and in some circumstance, from products and services provided from persons in this State." *Id.* ¶ 13.

In fact, PMI itself does not design, manufacture, advertise, market, price, or sell ZYN in the United States generally or Florida specifically. Kaczorowski Dec. ¶¶ 8, 12 (noting that PMI "serves exclusively as a holding company" and "does not have any independent commercial activity").[3] PMI has no employees or offices in Florida. *Id.* ¶ 7. It is not incorporated in Florida, maintains no presence in Florida, and conducts no activities in Florida. *Id.* ¶¶ 5-9. Prior to 2022, Swedish Match had no corporate relationship with PMI. *Id.* ¶¶ 10-11. Even after PMI's affiliate acquired Swedish Match's parent in 2022, PMI has had no role in the commercialization of ZYN in the U.S. (or anywhere else) and has not had day-to-day control over the operations of Swedish Match. *Id.* ¶¶ 12, 13. Swedish Match maintains its own finances separate from those of PMI. *Id.* ¶ 15.

### III.     ARGUMENT

#### A.     Plaintiff Has Not Alleged And Cannot Allege Facts That Would Support Personal Jurisdiction Over PMI

Plaintiff bears the burden of establishing the exercise of personal jurisdiction over each defendant individually. *Calder v. Jones*, 465 U.S. 783, 790 (1984). Federal district courts have personal jurisdiction over a defendant to the same extent as a state court in the state where the federal court sits. Fed. R. Civ. P. 4(k)(1)(A); *Licciardello v. Lovelady*, 544 F.3d 1280, 1283 (11th Cir. 2008). "Because Florida's long-arm provision extends to the limits on personal jurisdiction imposed by the Due Process Clause," this Court "need only determine whether the district court's exercise of jurisdiction over [PMI] would exceed constitutional bounds." *Waite v. All Acquisition Corp.*, 901 F.3d 1307, 1316 (11th Cir. 2018) ("*Waite II*") (internal quotation marks omitted).

The Due Process Clause of the Fourteenth Amendment requires that a defendant have "minimum contacts" with the forum state such that exercising jurisdiction would not violate "traditional notions of fair play and substantial justice." *Id.* at 1312 (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)). This, in turn, depends on "the nature and extent of the defendant's relationship to the forum State." *Ford Motor Co. v. Montana Eighth Judicial Dist.*

---

[3] Plaintiff alleges that "PMI shipped 350 million cans of [ZYN] in 2023," but as set forth in the Declaration of Ann Marie Kaczorowski, PMI did not actually sell, ship, or otherwise distribute *any* cans of ZYN. Complaint ¶ 1; Kaczorowski Dec. ¶ 12.

4

*Ct.*, 592 U.S. 351, 358 (2021) (internal quotation marks omitted).  Personal jurisdiction can be either general or specific:  general personal jurisdiction allows the court to hear any case against the defendant, whereas specific personal jurisdiction requires that the case arise out of defendant's contacts with the forum state.  *E.g.*, *Waite II*, 901 F.3d at 1312.  Because Plaintiff has not alleged and cannot allege facts that would give rise to general or specific personal jurisdiction over PMI, PMI moves under Federal Rule of Civil Procedure 12(b)(2) to dismiss the Complaint for lack of personal jurisdiction.

      **1.**     **Plaintiff Has Not Asserted Facts That Would Support General Jurisdiction Over PMI**

The Complaint makes no allegations that could support general jurisdiction over PMI.  General jurisdiction requires that a defendant be "essentially at home" in the forum state, meaning that the state is either a corporation's state of incorporation or principal place of business.  *Id.* at 1317 (quoting *Goodyear Dunlop Tires Ops., S.A. v. Brown*, 564 U.S. 915, 919 (2011)); *Carmouche v. Tamborlee Mgmt., Inc.*, 789 F.3d 1201, 1204 (11th Cir. 2015).  General jurisdiction may also be available when a defendant's "affiliations with the State are so 'continuous and systematic' as to render them essentially at home in the forum State." *Daimler AG v. Bauman*, 571 U.S. 117, 139 (2014) (quoting *Goodyear*, 564 U.S. at 919); *Carmouche*, 789 F.3d at 1204 (same).

As Plaintiff acknowledges, PMI is incorporated in Virginia, and its principal place of business is in Connecticut.  Complaint ¶ 7; Kaczorowski Dec. ¶¶ 5-6.  Thus, the "paradigmatic" exercise of general jurisdiction over PMI is lacking here.  *See Ford*, 592 U.S. at 358–59 (the "paradigm case" for general jurisdiction over a corporation is its place of incorporation and principal place of business).  Likewise, PMI's contacts with Florida—which are <u>none</u>—are not remotely "so 'continuous and systematic' as to render [it] essentially at home" there.  *Daimler AG*, 571 U.S. at 139 (quoting *Goodyear*, 564 U.S. at 919); *see also Exhibit Icons, LLC v. XP Cos. LLC*, 609 F. Supp. 2d 1282, 1295 (S.D. Fla. 2009) (To give rise to general jurisdiction, "[t]he defendant's contacts must be so extensive to be tantamount to [a defendant] being constructively present in the state to such a degree that it would be fundamentally fair to require it to answer in [the forum state's courts] in any litigation arising out of any transaction or occurrence taking place anywhere in the world." (internal quotation marks omitted)).  PMI does not maintain *any* offices in Florida, has *no* employees in the state, and does *not* conduct business activities in Florida.  *See* Kaczorowski Dec. ¶ 7.  PMI does not manufacture, advertise, market, price, sell, direct, supervise, or perform any other function or activity with respect to the sale or pricing of <u>any</u> products in Florida, let alone

5

ZYN.  *Id.* ¶ 9.  Thus, Plaintiff has not alleged (and cannot allege) facts sufficient to establish general personal jurisdiction over PMI in Florida.

### 2. Plaintiff Has Not Asserted Facts That Would Support Specific Jurisdiction Over PMI

Plaintiff also cannot establish specific jurisdiction as to PMI.  The court may exercise "specific jurisdiction" over a defendant only if two conditions are met:  (1) the "defendant must have 'purposefully availed' itself of the privilege of conducting activities—that is, purposefully establishing contacts—in the forum state"; and (2) "there must be a sufficient nexus between those contacts and the litigation."  *Diamond Crystal Brands, Inc. v. Food Movers Int'l*, 593 F.3d 1249, 1267 (11th Cir. 2010).  Plaintiff "bears the initial burden of alleging in the complaint sufficient facts to make out a prima facie case of jurisdiction."  *United Techs. Corp. v. Mazer*, 556 F.3d 1260, 1274 (11th Cir. 2009).  Only then does the burden shift to the defendant to establish that the exercise of jurisdiction would not be "reasonable."  *Diamond*, 593 F.3d at 1267.

As to the first requirement, "purposeful availment" for specific jurisdiction requires that the defendant's act (1) was intentional; (2) was aimed at the forum state; and (3) caused harm that the defendant should have anticipated would be suffered in the forum state.  *Louis Vuitton Malletier, S.A. v. Mosseri*, 736 F.3d 1339, 1356 (11th Cir. 2013) (citing *Lovelady*, 544 F.3d at 1285-86, 1287-88).  Plaintiff's Complaint fails to allege <u>any</u> act or omission by PMI that was aimed at, or took place in, Florida.  Plaintiff alleges that he suffered harm in Florida, but "the minimum contacts requirement necessitates a relationship that 'arise[s] out of contacts that the defendant himself creates with the forum State,' not merely 'where the plaintiff experienced a particular injury or effect.'"  *Waite v. All Acquisition Corp.*, 194 F. Supp. 3d 1298, 1321 (S.D. Fla. 2016) ("*Waite I*").  Plaintiff does not allege any such contacts here.

As described *supra*, Plaintiff's only allegations directed at PMI are that PMI "bought Zyn for $16 Billion in 2022" and that its "marketing efforts and tobacco sale know-how has fueled growth and secured market dominance."  Complaint ¶ 34.  Plaintiff, however, has not asserted that PMI aimed any of the alleged misconduct at Florida *or* that PMI took any action directed at Florida at all.  These "bare-boned conclusory allegations do not show that this conduct was 'aimed' at Florida."  *Frida Kahlo Corp. v. Pinedo*, 2021 WL 4147876 at *4 (S.D. Fla. Sept. 13, 2021).  Likewise, Florida and federal law are both clear that the acts in a forum of a wholly-owned subsidiary are *not* sufficient to make the parent of that subsidiary subject to personal jurisdiction in that forum.  *See, e.g.*, *Consolidated Dev. Corp. v. Sherritt, Inc.*, 216 F.3d 1286, 1293 (11th Cir.

2000) ("Generally, a foreign parent corporation is not subject to the jurisdiction of a forum state merely because a subsidiary is doing business there.").

Beyond that, Plaintiff has asserted generally that "Defendants" did a host of alleged things that resulted in harm to him, resorting to the sort of so-called "group pleading" that has been found deficient by courts around the country. *See, e.g.*, *Kinslow v. Pullara*, 538 F.3d 687, 692–93 (7th Cir. 2008) (affirming dismissal where the plaintiff "fail[ed] throughout this litigation to look at each separate [defendant's] contacts with Illinois and [assumed] that the defendants could instead be treated as a group"); *Robbins v. Oklahoma*, 519 F.3d 1242, 1250 (10th Cir. 2008) ("[t]he complaint [must] make clear exactly *who* is alleged to have done *what* to *whom*, to provide each individual with fair notice as to the basis of the claims against him or her, as distinguished from collective allegations"); *Peeples v. Carolina Container, LLC*, No. 4:19-CV-00021-HLM, 2019 WL 12338070, at *6 n.3 (N.D. Ga. Apr. 3, 2019) ("It may be possible that this group of individuals included agents of [corporate defendant]. If that is true, however, Plaintiff needed to allege so specifically. Plaintiff's 'group pleading' methods are not an acceptable way to establish personal jurisdiction over multiple defendants at once."). But, as the Kaczorowski Declaration makes clear, PMI could not possibly have taken any of those actions prior to the very end of 2022, because PMI had no corporate relationship with Swedish Match before then. Kaczorowski Dec. ¶ 11. And even after the acquisition, PMI did not:

- design, manufacture, or package ZYN anywhere in the United States, much less in Florida;
- market or advertise ZYN anywhere in the United States, much less in Florida;
- sell ZYN anywhere in the United States, much less in Florida.

*Id.* ¶ 12.

Moreover, even if PMI did control the marketing or sale of ZYN after the acquisition (which it did not), such actions would <u>still</u> not give rise to personal jurisdiction here. Under the second prong of the personal jurisdiction test, the cause of action must "arise out of or relate to" the defendant's forum-related activities. *Waite II*, 901 F.3d at 1313. But Plaintiff's claims must have arisen at or shortly after the time that he first started using ZYN in 2019. If, as he alleges, he started using ZYN because of the adolescent-appealing flavors and misleading marketing and became addicted soon thereafter, no actions that PMI took, or did not take, in late 2022 or 2023 could possibly have had any impact on Plaintiff.

7

Because Plaintiff fails to allege that any act or omission by PMI gave rise to the harms alleged in the Complaint, specific personal jurisdiction is not proper here. *See, e.g.*, *Daimler AG*, 571 U.S. at 127 (specific jurisdiction requires that "the suit aris[e] out of or relate to the defendant's contacts with the forum" (internal quotation marks omitted)).[4]

\* \* \*

In sum, there is no viable theory under which PMI could be subject to personal jurisdiction in this case. PMI is not "at home" in Florida; it has no presence in or contacts with Florida at all. Thus, PMI is not subject to general jurisdiction in Florida. Plaintiff does not and cannot allege that PMI has any contacts with Florida that gave rise to any of the conduct or claims described in the Complaint. Thus, there is no specific jurisdiction over PMI, either. Consequently, PMI must be dismissed from this case. Fed. R. Civ. P. 12(b)(2).

### B. Alternatively, And Without Waiving Its Defense For Lack Of Personal Jurisdiction, Plaintiff's Complaint Fails To State A Claim Against PMI

#### 1. PMI Joins Swedish Match's Motion To Dismiss In Full

On May 6, 2024, Swedish Match also filed a motion to dismiss Plaintiff's Complaint under Rule 12(b)(6) for failure to state a claim against Defendants. *See* ECF No. 29. Without waiving and subject to its personal jurisdiction defense, PMI adopts in full and hereby joins Swedish Match's Rule 12(b)(6) Motion to Dismiss Plaintiff's Complaint. *See id.*; *see also* Fed. R. Civ. P. 12(g)(1) ("A motion under this rule may be joined with any other motion allowed by this rule."). Plaintiff makes the same allegations against PMI as against Swedish Match, premised on the same

---

[4] Plaintiff has not alleged that PMI is subject to jurisdiction based on the acts of its subsidiary or that there is any basis at all for piercing the corporate veil. *See, e.g.*, *Molinos Valle del Cibao, C. por A. v. Lama*, 633 F.3d 1330, 1349 (11th Cir. 2011) ("It is black letter law in Florida that . . . to 'pierce the corporate veil' the plaintiff must prove that: (1) the [parent] dominated and controlled the corporation to such an extent that the corporation's independent existence, was in fact non-existent and the [parent] w[as] in fact [the] alter ego[] of the [subsidiary] corporation; (2) the corporate form must have been used fraudulently or for an improper purpose; and (3) the fraudulent or improper use of the corporate form caused injury to the claimant."). Nor could he; the Eleventh Circuit has made clear that "a parent and subsidiary are separate and distinct corporate entities, and the presence of one in a forum state may not necessarily be attributed to the other." *Stubbs v. Wyndham Nassau Resort & Crystal Palace Casino*, 447 F.3d 1357, 1361 (11th Cir. 2006). Moreover, the Complaint contains *no* allegations that would support a veil-piercing claim, nor can any such allegations be made. *See, e.g.*, *Membreno v. Costa Crociere S.p.A.*, 425 F.3d 932, 936 (11th Cir. 2005) ("Corporate distinctions generally may not be disregarded absent fraud, improper conduct, illegality, or bad faith.").

alleged conduct concerning the same product and seeking the same relief. *See generally* Complaint. Filing and adjudicating a separate Rule 12(b)(6) motion to dismiss the Complaint as to PMI would therefore be redundant and a waste of this Court's and the parties' resources.

### 2. PMI Is Not Responsible For *Any* Of The Alleged Conduct

In addition to the arguments for dismissal set forth in Swedish Match's Motion, Plaintiff has further failed to state a claim against PMI because *none* of Plaintiff's allegations concerning the ostensible harmful conduct could plausibly be attributed to PMI. Plaintiff does not even allege that PMI had any relationship with Swedish Match until 2022, three years after the alleged harm took place. *See* Complaint ¶¶ 7 (alleging Plaintiff began using ZYN in 2019), 34 (alleging PMI bought Swedish Match in 2022). Plaintiff does not and cannot allege that PMI did <u>anything</u> concerning ZYN beyond the 2022 acquisition, much less anything that contributed to his alleged nicotine addiction <u>before</u> 2022. Among other fatal defects, Plaintiff thus cannot show causation—a requirement under each of his causes of action—with respect to PMI, because PMI was not plausibly involved in his alleged use of, or addiction to, ZYN.

Again, at no time did PMI have any involvement with the development, manufacturing, marketing, distribution or sale of ZYN anywhere in the United States, much less in Florida. *See supra*, Section III.A. Thus, even if the allegations in the Complaint were sufficient to state a claim for relief against Swedish Match—and they are not—they would still fail to state a claim against PMI.[5]

### C. Amendment Would Be Futile As To PMI And Jurisdictional Discovery Cannot Cure The Deficiencies In Plaintiff's Complaint

Plaintiff should not be allowed to amend his Complaint, because doing so here would be futile. *E.g.*, *Taveras v. Bank of Am., N.A.*, 89 F.4th 1279, 1289 (11th Cir. 2024) ("[A] district court may properly deny leave to amend the complaint . . . when such amendment would be futile." (internal quotation marks omitted)). Dismissal without leave to amend is appropriate when "the complaint could not be more carefully drafted to state a valid claim." *Ounjian v. Globoforce, Inc.*,

---

[5] Plaintiff has not alleged that PMI should be vicariously liable for the acts of its subsidiary. Under Eleventh Circuit law, a parent can only be liable for the acts of its subsidiary when "the subsidiary was a 'mere instrumentality' of the parent," and "the parent engaged in 'improper conduct' through its organization or use of the subsidiary." *Johnson Enters. of Jacksonville, Inc. v. FPL Grp., Inc.*, 162 F.3d 1290, 1320 (11th Cir. 1998). Plaintiff, however, has not alleged (and cannot allege) *either* of these predicates.

89 F. 4th 852, 862 (11th Cir. 2023); *see also, e.g.*, *Chen ex rel V.D. v. Lester*, 360 Fed. App'x 531, 538 (11th Cir. 2010) ("[E]ven if Plaintiffs amended their complaint, they would not have been able to state a cause of action. Accordingly, any amendment by Plaintiffs would have been futile").

The flaws in the Complaint as to PMI are inherent to Plaintiff's theory of liability, and any amended pleading would be subject to dismissal for the same reasons as the original Complaint. *See, e.g.*, *Crawford's Auto Ctr., Inc. v. State Farm Mut. Auto. Ins. Co.*, 945 F.3d 1150, 1163 (11th Cir. 2019) ("[D]enial of leave to amend is justified by futility when the complaint as amended is still subject to dismissal." (internal quotation marks omitted)). No amendment could establish that this Court has general jurisdiction over PMI: as Plaintiff acknowledges, PMI is neither incorporated nor has its principal place of business in Florida. Complaint ¶ 9. Plaintiff likewise cannot allege that PMI has "continuous and systematic" contacts with Florida, because PMI does no business in Florida and maintains no operations there. Kaczorowski Dec. ¶ 7.

Plaintiff also cannot plausibly allege that his claims arise out of PMI's conduct directed towards Florida. Plaintiff seeks recovery from PMI for actions allegedly undertaken by an entirely separate company, Swedish Match, years *before* PMI had any corporate relationship with Swedish Match. Complaint ¶¶ 6, 7, 34. PMI has never manufactured, sold, distributed, or advertised ZYN, the product and conduct on which Plaintiff bases his *entire* lawsuit, anywhere in the United States (much less in Florida). Kaczorowski Dec. ¶ 12.

Nor could jurisdictional discovery overcome the deficiencies in Plaintiff's Complaint as to PMI. Jurisdictional discovery is permitted only when "the jurisdictional question is genuinely in dispute and the court cannot resolve the issue in the early stages of the litigation." *Turner v. Costa Crociere S.P.A.*, 2020 WL 9071486 at *2 (S.D. Fla. Aug. 23, 2020) (quoting *Eaton v. Dorchester Dev., Inc.*, 692 F.2d 727, 729 (11th Cir. 1982). "Such discovery requests should not serve as fishing expeditions, and, as such, are appropriate only when a party demonstrates that it can supplement its jurisdictional allegations through discovery." *Wolf v. Celebrity Cruises, Inc.*, 683 Fed. App'x 786, 792 (11th Cir. 2017) (internal quotation marks omitted). "[A] district court does not abuse its discretion by denying jurisdictional discovery if the complaint was insufficient as a matter of law to establish a prima facie case that the district court had jurisdiction." *Diulus v. Am. Express Travel Related Servs. Co.*, 823 Fed. App'x 843, 849 (11th Cir. 2020); *see also Lowery v. Alabama Power Co.*, 483 F.3d 1184, 1216 (11th Cir. 2007) (courts need not "reserve ruling on the

motion to dismiss in order to allow the plaintiff to look for what the plaintiff should have had—but did not—before coming through the courthouse doors").

Plaintiff has no colorable basis to supplement his jurisdictional allegations through discovery, and any attempted discovery could never overcome PMI's sworn statements to the contrary. *See Estate of Caviness v. Atlas Air, Inc.*, --- F. Supp. 3d ----, 2023 WL 6802950 at *1 (S.D. Fla. Sept. 20, 2023) (once defendant challenges jurisdiction via affidavit, plaintiff "may not merely rely upon the factual allegations set forth in the complaint"). The Declaration of the Director of Finance of U.S. Entities at Philip Morris Global Brands, Inc. makes clear that PMI and Swedish Match are *separate* companies. Since PMI's affiliate acquired Swedish Match's parent in 2022 (and necessarily before 2022), PMI has had no role in the commercialization of ZYN in the United States (or in any other market), and has not had day-to-day control over the operations of Swedish Match. Kaczorowski Dec. ¶¶ 10-13. PMI does *not* exercise day-to-day control over Swedish Match, and *none* of the allegations in the Complaint pertaining to liability for Plaintiff's alleged harm arise from PMI's conduct or contacts with Florida. *Id.* ¶¶ 13-14. No amount of discovery can change these sworn facts. To obtain jurisdictional discovery, a plaintiff "must set forth the specific information sought that will establish jurisdiction." *BCP Mgmt., LLC v. Deutsche Bank Nat'l Tr. Co.*, 535 F. Supp. 3d 1217, 1220 (M.D. Fla. 2021). Plaintiff cannot do so. As such, it would be a waste of this Court's time and the parties' resources to allow Plaintiff discovery into non-viable theories of jurisdiction. *See Wolf*, 683 Fed. App'x at 792.

### IV.   REQUEST FOR HEARING

Pursuant to Local Rule 7.1(b)(2), PMI respectfully requests 20 minutes of oral argument on this motion because the motion raises multiple grounds for dismissal and so that Defendant may respond to any questions the Court may have.

### V.   CONCLUSION

For the foregoing reasons, all claims against PMI in Plaintiff's Complaint should be dismissed with prejudice.

Dated: May 6, 2024                              Respectfully submitted,

                                                By: /s/ *Martin B. Goldberg*

                                                **MARTIN B. GOLDBERG**
                                                Florida Bar No. 827029
                                                Primary: mgoldberg@lashgoldberg.com

11

Secondary: rdiaz@lashgoldberg.com
**LYNNETTE CORTES MHATRE**
Florida Bar No. 1052015
Primary: lmhatre@lashgoldberg.com
Secondary: obencomo@lashgoldberg.com

**LASHGOLDBERG**
Lash Goldberg Fineberg LLP
Miami Tower, Suite 1200
100 S.E. 2nd Street
Miami, FL 33131
Tel: (305) 347-4040
Fax: (305) 347-4050

**LATHAM & WATKINS LLP**
Christine G. Rolph (admitted *pro hac vice*)
*Christine.Rolph@lw.com*
Chase A. Chesser (admitted *pro hac vice*)
*Chase.Chesser@lw.com*
555 Eleventh Street, NW, Suite 1000
Washington, D.C. 20004-1304
(202) 637-2200

U. Gwyn Williams (admitted *pro hac vice*)
*Gwyn.Williams@lw.com*
200 Clarendon Street 26th Floor
Boston, MA 02116
(617) 880-4500

*Attorneys for Defendant Philip Morris International Inc.*

12

PRIVILEGED & CONFIDENTIAL
ATTORNEY WORK PRODUCT

## CERTIFICATE OF CONFERENCE

Pursuant to Civil Local Rule 7.1(a)(3), the undersigned counsel certifies that on May 3, 2024, counsel conferred with Plaintiff's counsel regarding PMI's jurisdictional arguments. Undersigned counsel represents that Plaintiff's counsel opposes the requested relief.

Dated:  May 6, 2024                                    /s/  Martin B. Goldberg

## CERTIFICATE OF SERVICE

I hereby certify that on this 6th day of May, 2024, I electronically filed the foregoing with the Clerk of Court using CM/ECF.  I also certify that the foregoing document is being served this day on the counsel of record on the Service List below via transmission of Notices of Electronic Filing generated by CM/ECF.

Dated:  May 6, 2024                                    /s/  Martin B. Goldberg

## Service List

Jeffrey L. Haberman
Scott P. Schlesinger
Jonathan R. Gdanski
SCHLESINGER LAW OFFICES, P.A.
1212 SE Third Avenue
Fort Lauderdale, FL 33316
Telephone: (954) 467-8800
Email:  jhaberman@schlesingerlaw.com

*Counsel for Plaintiff Zachary Kelly*

Gary A. Orseck
KRAMER LEVIN NAFTALIS
& FRANKEL LLP
2000 K Street N.W., 4th Floor
Washington, DC 20006
Telephone: (202) 775-4500
Facsimile: (202)775-4510

Daniel B. Levin (admitted *pro hac vice*)
Bethany W. Kristovich (admitted *pro hac vice*)
MUNGER, TOLLES & OLSON LLP
350 South Grand Ave., 50th Floor
Los Angeles, CA 90071
Telephone: (213) 683-9100
Facsimile: (213) 687-3702

*Attorneys for Defendant
Swedish Match North America LLC*