UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

ZACHARY KELLY,

    Plaintiff,

v.

Case no. 0:24-cv-60437-WPD

PHILIP MORRIS INTERNATIONAL, INC.,
and SWEDISH MATCH NORTH AMERICA, LLC

    Defendants.

_____/

**PLAINTIFFS' AMENDED RESPONSE TO
PHILIP MORRIS INTERNATIONAL, INC.'S MOTION TO DISMISS**

    This case is about Zyn, a nicotine pouch that users place in their mouths. Doc. 1 ¶ 1. Zyn looks like chewing gum and comes in gum-like flavors:



Doc. 1 ¶ 2.

    Zyn is made by Defendant Swedish Match North America, Inc., a subsidiary of Defendant Philip Morris International Inc. (PMI). Doc. 1 ¶ 1. Defendants marketed Zyn as safe, healthful, or not harmful, even though they knew it to be untrue. Doc. 1 ¶ 105. Indeed, advertisements falsely

1

state that Zyn is "tobacco-free" and suggest that Zyn is less harmful than other nicotine-based products:

 

Doc. 1 ¶ 22.

Plaintiff, Zachary Kelly, sued Swedish Match and Philip Morris on behalf of himself and a putative class to recover damages for injuries caused by Zyn. Doc. 1 ¶ 45.

## LEGAL STANDARD

"A plaintiff seeking the exercise of personal jurisdiction over a nonresident defendant bears the initial burden of alleging in the complaint sufficient facts to make out a prima facie case of jurisdiction." *United Techs. Corp v. Mazer*, 556 F.3d 1260, 1274 (11th Cir. 2009). "Where, as here, the defendant challenges jurisdiction by submitting affidavit evidence in support of its position, 'the burden traditionally shifts back to the plaintiff to produce evidence supporting jurisdiction.'" *Id.* (citation omitted). "Where the plaintiff's complaint and supporting evidence conflict with the defendant's affidavits, the court must construe all reasonable inferences in favor of the plaintiff." *Meier ex rel. Meier v. Sun Int'l Hotels, Ltd.*, 288 F.3d 1264, 1269 (11th Cir. 2002).

In ruling on a motion to dismiss for failure to state a claim, this Court must "accept the factual allegations in the complaint as true and construe them in the light most favorable to the

plaintiff." *Edwards v. Dothan City Schs.*, 82 F.4th 1306, 1310 (11th Cir. 2023) (cleaned up). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citation omitted). "[T]he plausibility standard is not analogous to a 'probability requirement' . . . ." *Id.* (citation omitted).

## ARGUMENT

**A.  Plaintiff has alleged facts and presented evidence that establish personal jurisdiction over PMI. At the very least, this Court should defer ruling on PMI's motion to dismiss for lack of jurisdiction or deny the motion without prejudice and grant leave to conduct jurisdictional discovery.**

As PMI recognizes, "because Florida's long-arm provision extends to the limits on personal jurisdiction imposed by the Due Process Clause, this Court need only determine whether the district court's exercise of jurisdiction over PMI would exceed constitutional bounds." Doc. 30 at 8 (quoting *Waite v. All Acquisition Corp.*, 901 F.3d 1307, 1316 (11th Cir. 2018)) (cleaned up). As PMI further recognizes, "[p]ersonal jurisdiction can be either general or specific: general personal jurisdiction allows the court to hear any case against the defendant, whereas specific personal jurisdiction requires that the case arise out of defendant's contacts with the forum state." Doc. 30 at 9.

Specific jurisdiction is satisfied if (1) the defendant "'purposefully availed' itself of the privilege of conducting activities—that is, purposefully establishing contacts—in the forum state" and (2) there is "a sufficient nexus between those contacts and the litigation." *Diamond Crystal Brands, Inc. v. Food Movers Int'l, Inc.*, 593 F.3d 1249, 1267 (11th Cir. 2010). Here, both requirements are satisfied, so this Court has personal jurisdiction over PMI.

3

Indeed, as alleged in the complaint, "[t]his Court has personal jurisdiction over the Defendants because they have committed the acts complained of [in the complaint] in this State and in this District." Doc. 1 ¶ 12. More specifically, PMI purposefully availed itself of the privilege of conducting activities in Florida because it designed, manufactured, marketed, advertised, promoted, distributed and sold Zyn in Florida. *See* Doc. 1 ¶ 10. Those acts have a "sufficient nexus" to the litigation because they are the very acts at issue in the complaint.

PMI relies on a declaration of Ann Marie Kaczorowski, the Director of Finance of U.S. Entities for a subsidiary of PMI. Doc. 30-1. Ms. Kaczorowski declares that "PMI was not and is not involved in the manufacture, marketing, advertising, sale, distribution, or any other commercial activities of ZYN in the United States, including in the State of Florida." Doc. 30-1 ¶ 12. However, there is other evidence to the contrary.

Specifically, PMI boasts of "*Delivering* a smoke-free future,"[1] and that PMI is "building" its future on "smoke-free products," which specifically includes Zyn.[2] PMI promotes Zyn as it states: "it is our ambition to replace cigarettes with science-based smoke-free products as soon as possible. These products provide nicotine without burning, making them a much better alternative to cigarettes."[3] PMI's website states: "*Our* current product portfolio primarily consists of cigarettes and smoke-free products, including . . . oral smokeless products."[4] In turn, a second page labeled

---

[1] PMI, *Delivering a smoke-free future*, https://www.pmi.com/our-transformation/delivering-a-smoke-free-future [https://perma.cc/6CCT-E8RP] (emphasis added). See Exhibit 1.

[2] PMI, *Our* smoke-free products, https://www.pmi.com/our-business/smoke-free-products [https://perma.cc/TW5X-ZN3L] (emphasis added). See Exhibit 2.

[3] *Supra* footnote 2.

[4] PMI, *Our business*, https://www.pmi.com/our-business [https://perma.cc/R2UW-3AYC] (emphasis added). See Exhibit 3.

4

"*Our* smoke-free products" includes a picture of Zyn.[5] A third page includes more pictures an information about Zyn and refers to Zyn as "*Our* leading nicotine pouch": [6]



Further contrary to Ms. Kaczorowski's declaration that PMI is not involved in "any commercial activities of ZYN," PMI states it is "developing and delivering a portfolio of better alternatives to smoking that provide nicotine without burning tobacco . . . ."[7] What's more, PMI further asserts that it has "invested over USD 12.5 billion to develop, scientifically substantiate, and *commercialize* smoke-free products . . . ."[8] This again includes Zyn, as PMI states that Zyn is one of PMI's smokeless products. These statements all undermine PMI's argument. They show that PMI is actively promoting Zyn, commercializing Zyn, replacing its existing products with Zyn, and developing "science" to vouch for Zyn.

---

[5] *Supra* footnote 2.
[6] PMI, *Oral smokeless products*, https://www.pmi.com/our-business/smoke-free-products/oral-smokeless-products [https://perma.cc/FF5E-TG5N] (emphasis added). See Exhibit 4.
[7] PMI, *Our science and innovation*, https://www.pmi.com/our-science [https://perma.cc/HH3R-FPF2] (emphasis added). See Exhibit 5.
[8] *Supra* footnote 7.

5

PMI also makes substantially the same misrepresentation regarding Zyn as Swedish Match. PMI states: "ZYN nicotine pouches do not contain tobacco and are inherently smoke-free."[9] This statement is misleading because, as alleged in the complaint, the nicotine in Zyn is derived from tobacco. Thus, it cannot be said that Zyn does not contain tobacco.

Additionally, on June 17, 2024, PMI issued a press release on its website about a subpoena issued to Swedish Match.[10] The press release notes that Swedish Match is "a [PMI] affiliate acquired in November 2022" and that Swedish Match has received a subpoena from the Attorney General of the District of Columbia requesting certain information.[11]

The press release proves that—contrary to PMI's contention—PMI *is* involved with the development, manufacturing, marketing, distribution or sale of ZYN. Critically, the press release states that "*[a]t the request of PMI*, [Swedish Match] is conducting a full review of its sales and supply chain arrangements in D.C. and other U.S. localities where flavor bans may apply."[12] It further notes that PMI is investigating the matter and that, "while [PMI's] investigation continues, [Swedish Match] is taking steps to immediately suspend online sales on ZYN.com."[13]

In sum, PMI's website and press release contradicts Ms. Kaczorowski declaration. "Where the plaintiff's complaint and supporting evidence conflict with the defendant's affidavits, the court must construe all reasonable inferences in favor of the plaintiff." *Meier ex rel. Meier v. Sun Int'l Hotels, Ltd.*, 288 F.3d 1264, 1269 (11th Cir. 2002).

---

[9] *Supra* footnote 6.
[10] PMI, *Philip Morris International: District of Columbia Subpoena* (June 17, 2024), https://www.pmi.com/media-center/press-releases/press-details/?newsId=27856 [https://perma.cc/R6K9-9Z8W]. See Exhibit 6.
[11] *Supra* footnote 10.
[12] *Supra* footnote 10 (emphasis added).
[13] *Supra* footnote 10.

At the very least, this Court should defer ruling on PMI's motion to dismiss for lack of jurisdiction or deny the motion without prejudice and grant leave to conduct jurisdictional discovery. *Contour Prods., Inc. v. Albecker*, No. 08-60575-CIV, 2009 WL 10667525, at *2–3 (S.D. Fla. Jan. 7, 2009) (Dimitrouleas, J.) (deferring ruling on a motion to dismiss for lack of personal jurisdiction and granting leave "to conduct discovery on jurisdictional issues"); *Evans v. Andy & Evan Indus, Inc.*, No. 15-61013, 2015 WL 13260392, at *1 (S.D. Fla. Nov. 23, 2015) (Dimitrouleas, J.) (denying without prejudice a motion to dismiss for lack of personal jurisdiction and concluding that "it is appropriate to grant Plaintiffs the opportunity to conduct limited jurisdictional discovery as outlined in their Motion for Jurisdictional Discovery").

"[W]here issues arise as to jurisdiction or venue, discovery is available to ascertain the facts bearing on such issues." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 n.13 (1978). "Resolution of a pretrial motion that turns on findings of fact—for example, a motion to dismiss for lack of personal jurisdiction pursuant to Fed. R. Civ. P. 12(b)(2)—may require some limited discovery before a meaningful ruling can be made." *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1367 (11th Cir. 1997). "[P]arties have a 'qualified right to jurisdictional discovery,' meaning that a district court abuses its discretion if it completely denies a party jurisdictional discovery, unless that party unduly delayed in propounding discovery or seeking leave to initiate discovery." *ACLU of Fla., Inc. v. City of Sarasota*, 859 F.3d 1337, 1341 (11th Cir. 2017). Here, Plaintiff has not unduly delayed in seeking leave to initiate discovery. To the contrary, Plaintiff has contemporaneously filed a motion for leave to conduct jurisdictional discovery.

## B. Plaintiff's complaint states multiple claims.

### 1. This Court should deny PMI's motion for the same reasons argued in Plaintiff's response to Swedish match's motion.

PMI adopts and joins Swedish Match's motion to dismiss. Doc. 30 at 12. Accordingly, Plaintiff incorporates his response to Swedish Match's motion to dismiss. This Court should deny PMI's motion for the same reasons argued in Plaintiff's response to Swedish Match's motion.

### 2. PMI is responsible for the alleged conduct.

PMI argues that it is not responsible for any of the alleged conduct because "Plaintiff does not even allege that PMI had any relationship with Swedish Match until 2022, three years after the alleged harm took place." Doc. 30 at 13. Contrary to PMI's suggestion, the alleged harm did not take place only in 2019—when Plaintiff started using Zyn. Rather, the harm continued past 2022 and continues through the present as Defendants continue marketing and selling Zyn. Moreover, PMI ignores that Plaintiff seeks class certification, and many of the class members may not have started using Zyn until 2022 or later.

PMI also relies on its personal-jurisdiction arguments and asserts that "at no time did PMI have any involvement with the development, manufacturing, marketing, distribution or sale of ZYN anywhere in the United States, much less in Florida." Doc. 30 at 13. However, this Court cannot consider Ms. Kaczorowski declaration for purposes of ruling on PMI's motion to dismiss for failure to state a claim. *E.g.*, *Crawford's Auto Ctr, Inc. v. State Farm Mut. Auto Ins.*, 945 F.3d 1150, 1162 (11th Cir. 2019) ("On a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a court ordinarily may not look beyond the pleadings."); *Spring Air Int'l, LLC v. R.T.G. Furniture Corp.*, No. 8:10-cv-1200, 2010 WL 4117627, at *3 n.2 (M.D. Fla. Oct. 19, 2010) ("The Court will not consider the affidavit under the 12(b)(6) motion to dismiss for failure to state a claim."). Moreover, PMI's argument fails for the same reasons addressed *supra* § A.

8

## CONCLUSION

This Court should deny Philip Morris International Inc.'s motion to dismiss, Doc. 30. To the extent this Court grants any part of the motion, dismissal should be without prejudice to Plaintiff filing an amended complaint. *Garcia v. Chiquita Brands Int'l, Inc.*, 48 F.4th 1202, 1220 (11th Cir. 2022). Further, to the extent this Court concludes that Plaintiff's evidence on personal jurisdiction is lacking, this Court should defer ruling on PMI's motion to dismiss for lack of jurisdiction or deny the motion without prejudice and grant leave to conduct jurisdictional discovery.

**SCHLESINGER LAW OFFICES, P.A.**

*/s/ Jeffrey L. Haberman*
**Jeffrey L. Haberman**
Florida Bar no. 98522
jhaberman@schlesingerlaw.com
**Scott P. Schlesinger**
Florida Bar no. 444952
scott@schlesingerlaw.com
**Jonathan R. Gdanski**
Florida Bar no. 32097
jgdanski@schlesingerlaw.com
1212 SE Third Avenue,
Fort Lauderdale, FL 33316
Telephone: (954) 467-8800
*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on June 21, 2024, I served a copy of the foregoing on the Clerk of Court by CM/ECF, which will provide notification of same to all parties and counsel of record.

**SCHLESINGER LAW OFFICES, P.A.**

*/s/ Jeffrey L. Haberman*

Jeffrey L. Haberman