UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case no. 24-cv-60437-WPD

ZACHARY KELLY,

    Plaintiff,

v.

PHILIP MORRIS INTERNATIONAL INC., and
SWEDISH MATCH NORTH AMERICA, LLC,

    Defendants.
_____/

## ORDER ON DEFENDANT PHILIP MORRIS INTERNATIONAL INC.'S MOTION TO DISMISS

THIS CAUSE is before the Court upon Defendant Philip Morris International Inc.'s Motion to Dismiss Plaintiff's Complaint [DE 30] and Plaintiff Zachary Kelly's Amended Motion for Leave to Conduct Jurisdictional Discovery [DE 45]. The Court has carefully considered the Motions [DE's 30, 45], the Responses [DE 46, 48], the Replies [DE 47, 49], the record in this case, the arguments of counsel at the August 19, 2024 hearing, and is otherwise advised in the premises.

**I.   BACKGROUND**

On March 19, 2024, Plaintiff Zachary Kelly ("Plaintiff" or "Kelly) filed a four-count class action complaint against Defendants Philip Morris International, Inc. ("PMI") and Swedish Match North America, LLC ("Swedish Match") (collectively, "Defendants") arising out of alleged injuries Plaintiff suffered from using ZYN, an oral nicotine pouch product allegedly manufactured, sold, and advertised by Defendants. *See* [DE 1].

According to the allegations of the Complaint [DE 1]:

Swedish Match is a Virginia limited liability company. [DE 1] at ¶ 8. PMI is a Connecticut corporation incorporated in Virginia that "bought ZYN" in 2022. *Id.* ¶¶ 9, 34. Defendants design,

manufacture, market, advertise, promote, and distribute and sell ZYN in the United States. *Id.* at ¶ 10.

Plaintiff Kelly is a citizen of Florida who began using ZYN in 2019 when he was a teenager. *Id.* at ¶¶ 6–7. He was enticed by the flavors and by ZYN's marketing and advertising. *Id.* Plaintiff did not know of ZYN's unreasonably dangerous characteristics when he began using the product in 2019. *Id.* at ¶ 7. Plaintiff claims he is addicted to the nicotine contained in ZYN and has suffered personal injuries as a result of his ZYN use. *Id.*

According to Plaintiff, ZYN delivers a potent dose of nicotine and is unreasonably dangerous, and therefore defective, particularly for youth, because it creates and sustains an addiction to nicotine. *Id.* at ¶¶ 20, 35. Plaintiff claims that Defendants falsely maintain that ZYN is a smokeless nicotine replacement therapy from cigarettes or e-cigarettes, despite the nicotine concentration levels in ZYN exceeding the levels found in nicotine replacement therapies. *Id.* at ¶ 21. Plaintiff also claims that Defendants falsely maintain that Zyn is "tobacco-free" even though the nicotine in ZYN is derived from tobacco. *Id.* at ¶¶ 16, 22. ZYN warns on its packaging that "[t]his product contains nicotine. Nicotine is an addictive chemical." *Id.* at ¶¶ 2, 44. Plaintiff claims that this warning is insufficient to communicate the true extent of the dangers posed by ZYN. *Id.* at ¶ 44.

Plaintiff alleges that the Court has personal jurisdiction over Defendants because "they have committed the acts complained of herein in this State and in this District" and "they have engaged in substantial, systematic and continuous contacts with this State," including by "regularly conducting and soliciting business in this State and this District, deriving substantial revenue from products and/or services provided to persons in this State and in this District, and in some circumstances, from products and services provided from persons in this State." *Id.* at ¶¶ 13–14.

Based upon the foregoing, Plaintiff brings four causes of action against Swedish Match and PMI: strict liability – design defect (Count I); strict liability – failure-to-warn (Count II); negligence (Count III); and fraud (Count IV). Plaintiff seeks compensatory and punitive damages, as well as medical monitoring. Plaintiff seeks to bring a class action lawsuit on behalf of three proposed classes: (i) "All persons who purchased, in the United States, ZYN products"; (ii) "All residents of Florida who purchased ZYN products"; and (iii) "All residents of Florida who, at the time of their use of ZYN products, were under the age of 21, and who procured and used ZYN products." *Id.* at ¶ 45.

Defendant PMI now seeks dismissal of the claims against it for lack of personal jurisdiction under Rule 12(b)(2). *See* [DE 30]. PMI argues that it is not subject to general personal jurisdiction in Florida based on its lack of contacts with Florida, and that it is not subject to specific personal jurisdiction in Florida for the claims and allegations raised against it in the Complaint. Alternatively, PMI seeks dismissal of the claims against it for failure to state a claim because Plaintiff does not allege that PMI had any involvement with the conduct giving rise to Plaintiff's claims—namely, the development, manufacturing, sale, or advertising of ZYN.

In support of its Motion, PMI submits the Declaration of Ann Marie Kaczorowski, Director of Finance of U.S. Entities at Philip Morris Global Brands, Inc., a subsidiary of PMI. *See* [DE 30-1] ("Kaczorowski Decl."). According to Kaczorowski's Declaration: PMI is incorporated under the laws of Virginia, with its headquarters and main business address in Connecticut. Kaczorowski Decl. at ¶¶ 5–6. PMI has no employees or offices in Florida and conducts no regular business activities in Florida. *Id.* at ¶¶ 7–9. PMI has never manufactured, advertised, marketed, priced, sold, directed, supervised, or performed any other function or activity with respect to the sale or pricing of any products in Florida. *Id.* at ¶ 9. Prior to 2022, PMI had no corporate relationship with Swedish

3

Match, its parent company, or any of its affiliated or subsidiary companies. *Id.* at ¶ 11. In November 2022, Philip Morris Holland Holdings B.V., an affiliate of PMI, acquired Swedish Match's parent company. *Id.* at ¶ 10. Even after this acquisition, however, PMI was not involved in the manufacture, marketing, advertising, sale, distribution, or any commercial activities of ZYN in the United States (including Florida) or in the day-to-day operations of Swedish Match. *Id.* at ¶¶ 12–13. Swedish Match maintains its own finances separate from those of PMI. *Id.* at ¶ 15.

In Response, Plaintiff contends that the Court has specific personal jurisdiction over Defendant PMI because PMI designed, manufactured, marketed, advertised, promoted, distributed, and sold ZYN in the United States (including Florida). *See* [DE 1] at ¶ 10. Moreover, Plaintiff argues that PMI's statements on its corporate website and in a recent press release contradict or undermine Kaczorowski's Declaration. Specifically, Plaintiff argues that statements on PMI's website and in its June 17, 2024 press release show that PMI is actively promoting and commercializing ZYN and is involved with the development, manufacturing, marketing, distribution, or sale of ZYN. Alternatively, Plaintiff requests that the Court defer ruling on PMI's motion to dismiss for lack of personal jurisdiction or deny the motion without prejudice to allow Plaintiff to conduct jurisdictional discovery. *See* [DE 45]. Specifically, Plaintiff seeks leave to (1) depose Kaczorowski about her declaration; (2) serve interrogatories and requests for production on PMI concerning personal jurisdiction; and (3) serve interrogatories and requests for production regarding the statements on PMI's website regarding ZYN, its role in the development and commercialization of ZYN, its role in the development materially to "scientifically substantiate ZYN," and the press release issued on June 17, 2024. *See id.*

For the reasons stated herein, the Court finds that Plaintiff has failed to carry his burden to demonstrate personal jurisdiction over Defendant PMI. Nevertheless, the Court finds that Plaintiff is entitled to jurisdictional discovery.

## II. LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(b)(2), "[a] court must dismiss an action against a defendant over which it has no personal jurisdiction." *Verizon Trademark Servs., LLC v. Producers, Inc.*, 810 F. Supp. 2d 1321, 1323–24 (M.D. Fla. 2011).

A plaintiff who seeks to establish "personal jurisdiction over a nonresident defendant bears the initial burden of alleging in the complaint sufficient facts to make out a prima facie case of jurisdiction." *United Techs. Corp. v. Mazer*, 556 F.3d 1260, 1274 (11th Cir. 2009). If a defendant challenges personal jurisdiction "by submitting affidavit evidence in support of its position, the burden traditionally shifts back to the plaintiff to produce evidence supporting jurisdiction." *Madara v. Hall,* 916 F.2d 1510, 1514 (11th Cir.1990) (internal quotation marks omitted). Nonetheless, the burden "does not shift back to the plaintiff when 'the defendant's affidavits contain only conclusory assertions that the defendant is not subject to jurisdiction.'" *Louis Vuitton Malletier, S.A. v. Mosseri*, 736 F.3d 1339, 1350 (11th Cir. 2013) (quoting *Stubbs v. Wyndham Nassau Resort & Crystal Palace Casino*, 447 F.3d 1357, 1360 (11th Cir. 2006)). As such, the court "is permitted to consider facts outside the complaint in resolving a motion to dismiss for lack of personal jurisdiction." *Prunty v. Arnold & Itkin LLP*, 753 F. App'x 731, 734 (11th Cir. 2018). "The district court must construe all reasonable inferences in the light most favorable to the plaintiff when dealing with conflicting evidence." *Johnson v. Royal Caribbean Cruises Ltd.*, 474 F. Supp. 3d 1260, 1265 (S.D. Fla. 2020).

## III.  DISCUSSION

In its Motion to Dismiss, Defendant PMI argues that the Court should dismiss Complaint against it for lack of personal jurisdiction. Alternatively, PMI contends that the Court should dismiss the claims against it for failure to state a claim because Plaintiff does not allege that PMI had any involvement with the conduct giving rise to Plaintiff's claims. Because "jurisdictional questions generally should be decided before reaching the merits," the Court first considers PMI's motion to dismiss for lack of personal jurisdiction. *Courboin v. Scott*, 596 Fed. Appx. 729, 735 (11th Cir. 2014) (internal citations omitted); *Madara v. Hall*, 916 F.2d 1510, 1514 n.1 (11th Cir. 1990)).

### A. Plaintiff has Failed to Meet his Burden to Demonstrate that Personal Jurisdiction Exists as to Defendant PMI

Both the state long-arm statute and the Due Process Clause of the Fourteenth Amendment must be satisfied for a federal court to have personal jurisdiction over a nonresident defendant. *Posner v. Essex Ins. Co.*, 178 F.3d 1209, 1214 (11th Cir. 1999). First, the Court must determine whether the Florida long-arm statute provides a sufficient basis for personal jurisdiction. *Sculptchair, Inc. v. Century Arts, Ltd.*, 94 F.3d 623, 626 (11th Cir. 1996). After deeming jurisdiction appropriate under Florida law, the Court must then ascertain whether "sufficient minimum contacts exist between the defendant[] and the forum state so as to satisfy 'traditional notions of fair play and substantial justice' under the Due Process Clause of the Fourteenth Amendment." *Id.* (internal quotation and citation omitted).  Here, the parties' arguments focus on the second prong of the analysis, namely, whether the Court's exercise of jurisdiction over PMI comports with the federal Due Process requirements. Because the Due Process Clause "imposes a more restrictive requirement than does Florida's [l]ong–[a]rm [s]tatute," and the Court finds

resolution of the second prong dispositive, the Court does not address Florida's long-arm statute. *Melgarejo v. Pycsa Panama, S.A.*, 537 F. App'x 852, 860 (11th Cir. 2013) (citation omitted).

The exercise of personal jurisdiction over a defendant can be either general or specific. *Waite v. All Acquisition Corp.*, 901 F.3d 1307, 1312 (11th Cir. 2018). In this case, Plaintiff only asserts the existence of specific personal jurisdiction over Defendant PMI; therefore, the Court need not conduct a general personal jurisdiction analysis.

To determine whether the exercise of specific jurisdiction satisfies due process, the Eleventh Circuit applies a three-pronged test: "(1) whether the plaintiff's claims arise out of or relate to at least one of the defendant's contacts with the forum; (2) whether the nonresident defendant purposefully availed himself of the privilege of conducting activities within the forum state, thus invoking the benefit of the forum state's laws; and (3) whether the exercise of personal jurisdiction comports with traditional notions of fair play and substantial justice." *Louis Vuitton Malletier, S.A. v. Mosseri*, 736 F.3d 1339, 1355 (11th Cir. 2013) (internal citations and quotation marks omitted). Under the first prong of the due process analysis, a tort "arise[s] out of or relate[s] to" the defendant's activity in a state only if the activity is a "but-for" cause of the tort. *Oldfield v. Pueblo De Bahia Lora, S.A.*, 558 F.3d 1210, 1222-23 (11th Cir. 2009) (internal quotation marks omitted). Under the second prong of the due process analysis, to ensure that the exercise of personal jurisdiction over a defendant does not offend due process, there must be certain minimum contacts with the forum state, such that a non-resident defendant would reasonably anticipate being haled into court there. *Sun Tr. Bank v. Sun Int'l Hotels, Ltd.*, 184 F. Supp. 2d 1246, 1272 (S.D. Fla. 2001) (citing *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 474–77 (1985); *Sun Tr. Bank v. Sun Int'l Hotels, Ltd.*, 184 F. Supp. 2d 1246, 1272 (S.D. Fla. 2001)).

Here, based on the allegations in the Complaint, and construing all disputed jurisdictional facts in favor of Plaintiff, Plaintiff has not established that PMI purposefully availed itself of Florida's laws or that his claims arise out of or relate to PMI's contacts in Florida such that the exercise of jurisdiction would be proper. In the Complaint, Plaintiff alleges that PMI defectively designed ZYN, failed to warn its users of the dangers of using ZYN, failed to use reasonable care in testing, designing, advertising, and marketing ZYN, and fraudulently and deceptively marketed and advertised ZYN. *See* [DE 1]. But the general allegation upon which Plaintiff relies to establish specific jurisdiction—that "Defendants design, manufacture, market, advertise, promote, distribute and sell ZYN in the United States"—does not address PMI's contacts with Florida. *See id.* at ¶ 10. In fact, the Complaint fails provide any non-conclusory allegations that any activity by PMI (or any Defendant) occurred in Florida.

In addition, Plaintiff's allegations fail to show that his claims arise out of or relate to PMI's contacts with Florida. All of Plaintiff's causes of action are alleged to have arisen from his use of ZYN. But Plaintiff alleges that PMI "bought ZYN" in 2022, three years after Plaintiff allegedly began using ZYN.[1] *See id.* at ¶¶ 6–7, 34. Plaintiff does not provide specific allegations showing that any action PMI took in Florida after it "bought ZYN" in 2022 contributed to his tort claims.[2] *See, e.g.*, *Waite*, 901 F.3d at 1315. And the mere fact that PMI acquired Swedish Match is insufficient for the Court to exercise specific jurisdiction over PMI. *See Consol. Dev. Corp. v.*

---

[1] To the extent that Plaintiff is suggesting that personal jurisdiction over PMI exists because other putative class members might have been injured by PMI's contacts in Florida after 2022, the Court is unpersuaded. *See Carter v. Ford Motor Co.*, No. 19-62646-CIV, 2021 WL 1165248, at *13 (S.D. Fla. Mar. 26, 2021) ("[C]alling a case a class action doesn't magically absolve the *named* plaintiffs of their obligations to establish personal and subject-matter jurisdiction over the defendants.").

[2] To be clear, Plaintiff alleges that he resides in Florida, suggesting that he suffered injury in Florida. *See* [DE 1] at ¶ 7. However, "the minimum contacts requirement necessitates a relationship that 'arise[s] out of contacts that the defendant himself creates with the forum State,' not merely 'where the plaintiff experienced a particular injury or effect.'" *See Waite v. AII Acquisition Corp.*, 194 F. Supp. 3d 1298, 1321 (S.D. Fla. 2016)

*Sherritt, Inc.*, 216 F.3d 1286, 1293 (11th Cir. 2000) (noting a parent corporation "is not subject to the jurisdiction of a forum state merely because a subsidiary is doing business there"). Accordingly, because Plaintiff's allegations are insufficient to make a *prima facie* showing, the Court need not conduct the remainder of the analysis. *See Diulus v. Am. Express Travel Related Servs. Co., Inc.*, 823 F. App'x 843, 849 (11th Cir. 2020) ("If the plaintiff doesn't meet his burden, the district court doesn't go to the second and third steps of the burden-shifting process, and the motion should be granted.").

Even if Plaintiff made a *prima facie* showing, PMI has provided a declaration objecting to personal jurisdiction, and Plaintiff has not sufficiently rebutted the declaration. In Kaczorowski's Declaration, PMI provided evidence showing that PMI (1) does no business in Florida; (2) does not have employees or offices in Florida; (3) is not incorporated or headquartered in Florida; (4) has never manufactured, sold, labeled, or marketed ZYN in Florida or elsewhere; and (5) was not affiliated with Swedish Match until 2022.  Kaczorowski Decl. at ¶¶ 5–9, 11–12. In response, Plaintiff cites to vague statements from PMI's website and a June 17, 2024 press release, none of which effectively rebut Kaczorowski's Declaration or support personal jurisdiction over PMI in Florida. For example, Plaintiff points to statements on PMI's website that identifies "smoke-free products" along with a picture of ZYN. Plaintiff also points to a June 17, 2024 press release that states Swedish Match is "is taking steps to immediately suspend online sales on ZYN.com" while PMI investigates in response to a subpoena issued by the Attorney General of the District of Columbia. None of these statements—or any of Plaintiff's cited statements—sufficiently contradict Kaczorowski's Declaration. More importantly, none of these statements demonstrate any contacts with Florida, let alone contacts sufficient to satisfy the Due Process Clause. *See, e.g., Vision Media TV Grp., LLC v. Forte*, 724 F. Supp. 2d 1260, 1266 (S.D. Fla. 2010) (finding no

"constitutionally sufficient contacts with the state of Florida" where there was "no record evidence showing that the website at issue targeted Florida or that Defendants acted to aim their conduct at a Florida audience"). Accordingly, even if Plaintiff had made a *prima facie* showing, the personal jurisdiction analysis would not resolve in Plaintiff's favor.[3]

### B. Plaintiff is Entitled to Jurisdictional Discovery

Recognizing that more evidence is needed to establish personal jurisdiction, Plaintiff requests that the Court permit him to conduct jurisdictional discovery. *See* [DE 45]. Specifically, Plaintiff seeks leave to: (1) depose Kaczorowski about her declaration; (2) serve interrogatories and requests for production on PMI concerning personal jurisdiction; and (3) serve interrogatories and requests for production regarding the statements on PMI's website regarding ZYN, its role in the development and commercialization of ZYN, its role in the development materially to "scientifically substantiate ZYN," and the press release issued on June 17, 2024. *See id.* Defendant PMI opposes jurisdictional discovery, arguing that none of Plaintiff's requested discovery describes what facts Plaintiff thinks he can find, let alone how such facts would support personal jurisdiction over PMI in Florida. *See* [DE 48]. Instead, PMI argues, Plaintiff's discovery requests have nothing to do with Florida and seek information that is immaterial or irrelevant to the personal jurisdiction analysis. PMI further argues that Plaintiff's non-specific request for discovery "concerning personal jurisdiction" amounts to nothing more than an improper fishing expedition.

Upon careful consideration of the parties' arguments, the relevant authority, and the record, the Court will grant Plaintiff's request for jurisdictional discovery. "[F]ederal courts have the power to order, at their discretion, the discovery of facts necessary to ascertain their competency

---

[3] Because the Court finds that Plaintiff has not carried his burden on personal jurisdiction, the Court does not address PMI's alternative argument that the Court should dismiss the claims against it for failure to state a claim. Defendant PMI may renew these arguments in any renewed motion to dismiss, if appropriate.

to entertain the merits." *See Eaton v. Dorchester Dev., Inc.*, 692 F.2d 727, 729 (11th Cir. 1982). Further, the Eleventh Circuit has "held that such jurisdictional discovery is not entirely discretionary." *See id*. Indeed, "Eleventh Circuit precedent indicates that jurisdictional discovery is highly favored before resolving Federal Rule of Civil Procedure 12(b)(2) motions to dismiss for want of personal jurisdiction." *Steinberg v. Barclay's Nominees (Branches) Ltd.*, No. 04-60897-CIV, 2007 WL 4287662, at *2 (S.D. Fla. Dec. 5, 2007) (collecting cases); *MajdPour v. Georgiana Cmty. Hosp., Inc.,* 724 F.2d 901, 903 (11th Cir.1984) ("Although the plaintiff bears the burden of proving the court's jurisdiction, the plaintiff should be given the opportunity to discover facts that would support his allegations of jurisdiction.").

The Court agrees with PMI insofar as some of the jurisdictional discovery Plaintiff seeks relates to evidence that appears to be immaterial or irrelevant to PMI's contacts with Florida. The Court, however, is not persuaded that Plaintiff should not be permitted to conduct ***any*** jurisdictional discovery related to the personal jurisdiction issues raised by PMI's motion to dismiss. Further, PMI's motion to dismiss presents a substantive personal jurisdiction challenge based on facts specific to PMI, including PMI's relationship with Swedish Match; accordingly, it is reasonable to expect Plaintiff may need to conduct some jurisdictional discovery to respond to such facts.

Accordingly, the Court will deny without prejudice Defendant PMI's motion to dismiss for lack of personal jurisdiction and grant Plaintiff's request to conduct jurisdictional discovery. The Court will limit such discovery to the issues raised in Defendant PMI's Motion to Dismiss [DE 30], its supporting evidence, and the jurisdictional allegations in Plaintiff's Complaint [DE 1]. This grant of jurisdictional discovery remains subject to the court revisiting this decision if it appears that the parties are not engaging in jurisdictional discovery in good faith.

11

## IV.     CONCLUSION

Accordingly, it is hereby **ORDERED AND ADJUDGED** as follows:

1. Defendant PMI's Motion to Dismiss Plaintiff's Complaint [DE 30] is **DENIED without prejudice with leave to refile** following jurisdictional discovery.

2. Plaintiff's Amended Motion for Leave to Conduct Jurisdictional Discovery [DE 45] is **GRANTED** as follows:

    a. Plaintiff shall have sixty (60) days from the date of this Order in which to conduct discovery narrowly tailored to the personal jurisdiction issues implicated by Defendant PMI's Motion to Dismiss, its supporting evidence, and the jurisdictional allegations in Plaintiff's Complaint.  The Parties are directed to confer and cooperate in good faith in determining the logistics of the discovery.

    b. The deadline to conduct such jurisdictional discovery is **October 21, 2024**.

    c. In accordance with 28 U.S.C. § 636 and the Magistrate Rules of the Local Rules of the Southern District of Florida, any discovery-related motions are **REFERRED** to United States Magistrate Judge Patrick M. Hunt for appropriate disposition.

    d. After the sixty (60) day discovery period, on or before **November 18, 2024**, Defendant PMI may refile a Motion to Dismiss for Lack of Personal Jurisdiction, if appropriate.[4]

---

[4] This deadline accounts for the amended pleading deadline set forth in the Court's order on Defendant Swedish Match's motion to dismiss.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 19th day of August 2024.

*[signature]*
WILLIAM P. DIMITROULEAS
United States District Judge

Copies provided to:
Counsel of record