UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 0:24-60437-CIV-DIMITROULEAS/HUNT

| | |
|---|---|
| ZACHARY KELLY, individually and on behalf of all others similarly situated, | )<br>)<br>) |
| Plaintiff, | )<br>) |
| vs. | )<br>) |
| SWEDISH MATCH NORTH AMERICA, LLC and PHILIP MORRIS INTERNATIONAL, INC., | )<br>)<br>)<br>) |
| Defendants. | )<br>) |

## DEFENDANTS' MOTION AND MEMORANDUM IN SUPPORT OF MOTION TO ENTER PROTECTIVE ORDER

Defendants Swedish Match North America, LLC ("Swedish Match") and Philip Morris International Inc. ("PMI Inc.") (collectively "Defendants"), by and through undersigned counsel, respectfully move this Court pursuant to Section II(B) of Magistrate Judge Hunt's General Order on Discovery Objections and Procedures to enter Exhibit A (the "Proposed Protective Order") in this action to protect sensitive and confidential information that may be disclosed by the parties during jurisdictional and merits discovery. Judge Hunt's Chambers granted permission to file this Motion by phone on October 1, 2024.

## INTRODUCTION

On August 20, 2024, the Court ordered jurisdictional discovery of PMI Inc. "narrowly tailored to [] personal jurisdiction issues." [DE 59 at 12]. In accordance with the Court's direction that PMI Inc. and Plaintiff "confer and cooperate in good faith in determining the logistics of the [jurisdictional] discovery," [*Id.*], counsel for PMI Inc. shared a draft Proposed Protective Order with Plaintiff on September 6, 2024. [M. Goldberg, 9-6-24 email.] While there was a need for a protective order in the short term due to the narrow window for jurisdictional discovery, the Proposed Protective Order was intended to govern all discovery in this matter. *Id.*

Plaintiff did not respond for nearly three weeks, so PMI Inc. followed up on September 26, 2024. [G. Williams, 9-26-24 email.] When Plaintiff finally responded, he failed to address the

substance of Defendants' proposal, summarily concluding that he was "not in a position to agree to the proposed confidentiality order" and sought to prematurely "get this issue in front of the magistrate judge ASAP."  [J. Gdanski, 9-27-24 email.]  On September 29, 2024, PMI Inc. requested that Plaintiff articulate the basis for his opposition.  [M. Goldberg, 9-29-24 email.] Plaintiff responded, but again failed to identify any specific basis for opposing the Proposed Protective Order.  Instead, Plaintiff vaguely referenced the "Florida Sunshine Law" and "a variety of reasons related to [] transparency" as a purported basis for his legally unsupported position that, because Defendants are "tobacco companies," a protective order is unnecessary in this action because none of Defendants' documents in civil litigation "should be designated confidential."  [J. Gdanski, 9-29-24 email.]

Plaintiff's refusal to consider the Proposed Protective Order, although not clearly articulated, appears to be based on two irrelevant arguments.  First, that the Florida Sunshine in Litigation Act, which has no bearing on discovery in federal proceedings, somehow prevents entry of a protective order in this case.  Second, that conduct dating back to the 1960s by companies *other than the Defendants*,[1] somehow precludes Defendants from undertaking measures to protect confidential information from improper disclosure, even though such measures are routine in civil litigation in this District and nationwide.  *Id.*  Despite PMI Inc.'s request, Plaintiff has refused to provide any case law or other support for his position. [M. Goldberg, 9-29-24 and 9-30-24 emails.]

## THERE IS GOOD CAUSE TO ISSUE THE PROPOSED PROTECTIVE ORDER

All parties to this case are entitled to the protections from improper disclosure of confidential information that are ordinarily afforded in civil litigation.  Plaintiff's position appears to be that *no* information exchanged in this case could possibly warrant protection from public disclosure, whether Defendants' competitive business information or Plaintiff's medical records. Putting aside the dubious merits of Plaintiff's position, the Proposed Protective Order does more than control the handling of the parties' sensitive documents and protected information.  The

---

[1] In 2008, almost 15 years before PMI Inc.'s subsidiary acquired Swedish Match's parent company, PMI Inc. spun-off from the Altria Group, Inc. into a separate company; since 2008, PMI Inc. has had no corporate affiliation with the Altria Group Inc. or Philip Morris USA, Inc.  But even if the historical conduct of other companies were at issue, tobacco companies are frequently granted protective orders in federal district court litigation.  *See, e.g., Donovan, et al. v. Philip Morris USA, Inc.*, Case No. 1:06-cv-12234-DJC, Protective Order, ECF No. 236; *In Re: Engle Progeny Cases*, Case No. 3:09-cv-12000-WGY-HTS, Protective Order, ECF No. 30.

Proposed Protective Order also is intended to govern the parties' handling of privileged materials, including privilege logs and claw back procedures for inadvertently produced privileged materials. Defendants' proposal is not novel. It is the norm in commercial litigation including in this District. Indeed, Defendants based the Proposed Protective Order on orders previously entered in this District. *See In Re: Mednax Services, Inc., Customer Data Security Breach Litigation,* Case No. 0:21-md-02994-RAR*,* Protective Order, ECF No. 55; *Healthcare Resources Management Group, LLC, v. Econatura All Healthy World, LLC, et al.*, Case No. 9:20-cv-81501-WM, Protective Order and Order Granting Protective Order, ECF Nos. 73-74.

Defendants' motion seeks nothing new or unusual. Decades ago, the Eleventh Circuit explained "that in complicated cases where document-by-document review of discovery materials would be unfeasible, an 'umbrella' protective order, similar to the one [proposed here], should be used to protect documents designated in good faith by the producing party as confidential." *In re Alexander Grant & Co. Litig.*, 820 F.2d 352, 356 (11th Cir. 1987). Such orders "encourage and simplify the exchanging of large numbers of documents, volumes of records and extensive files without concern of improper disclosure." *Id.* Accordingly, "[h]istory has confirmed the tremendous saving of time effected by [such orders]" which "allow the litigation to proceed expeditiously without compromising the rights of anyone." *Id.* at 357. Thus, the Proposed Protective Order will help Plaintiff get information sooner than he would without it.

And the Rules support the relief Defendants seek. The Eleventh Circuit uses a four-factor test to determine whether good cause exists to issue a protective order under Fed. R. Civ. P. 26(c), which includes: (1) the severity and the likelihood of the perceived harm; (2) the precision with which the order is drawn; (3) the availability of a less onerous alternative; and (4) the duration of the order. *In re Alexander Grant & Co.*, 820 F.2d at 356. It has also "superimposed a balancing of interests approach to Rule 26(c)." *Id.*

Here, even though this issue arose at the pleadings stage, there is a high likelihood of imminent harm to Defendants if the Proposed Protective Order is not entered promptly. On October 16, 2024, PMI Inc. is presenting for deposition Ann Marie Kaczorowski, Director of Finance of U.S. Entities at Philip Morris Global Brands Inc., a subsidiary of Philip Morris International Inc. Ms. Kaczorowski will be prepared to testify personally and as a corporate representative. Depending on the questions posed by Plaintiff, Ms. Kaczorowski could potentially testify to sensitive commercial information, leading to a need to designate portions of the

3

deposition transcript as protected material under the terms of the Proposed Protective Order.[2] Defendants also anticipate that, in merits discovery, Plaintiff's document requests may well seek the production of the same types of highly sensitive commercial documents and trade secret information that have provided the basis for courts in this district to issue protective orders in the past, such as draft patent applications, previously undisclosed scientific research, and documents and information about the chemical composition and/or manufacturing process of products that are the subject of the litigation. *See e.g.*, *Corcel Corp. v. Ferguson Enters., Inc.*, 291 F.R.D. 680, 681 (S.D. Fla. 2013) (determining that good cause existed to issue a protective order where a party demonstrated it would likely suffer economic harm if documents involving trade secrets or commercial information went public). The risk of disclosing such information is not abstract. Without a written protective order in this matter, Defendants could permanently lose protection over trade secrets because when a party discloses such information, "the absence of a written non-disclosure agreement is relevant to assessing whether [the party] took reasonably available steps to preserve" the trade secrets. *Warehouse Solutions, Inc. v. Integrated Logistics, LLC*, 610 F. App'x 881, 885 (11th Cir. 2015). Defendants' document requests may similarly seek the production of Plaintiff's sensitive personal information.

The terms of the Proposed Protective Order are precisely drawn. In *In re Alexander Grant & Co.*, the Eleventh Circuit concluded that a similarly structured protective order was issued with good cause because "[t]he parties enjoy[] liberal access to all of the discovery materials and [are] prohibited from disseminating to non-litigants only those items designated by another party as confidential. The order ha[s] no effect on the dissemination of information gathered by a party through sources other than [] discovery." *Id.* As does the Proposed Protective Order, which simply creates a framework by which the parties can, in good faith, designate sensitive documents that are not to be disclosed or used outside of this litigation. The Proposed Protective Order grants the other party the right to challenge any such designation, so Plaintiff remains free to challenge Defendants' designations. Furthermore, the Proposed Protective Order exempts from its scope

---

[2] Paragraph 26 of the Proposed Protective Order contains this necessary protection. If the Court has not ruled on the present motion before Ms. Kaczorowski's October 16, 2024 deposition, PMI Inc. reserves the right to preemptively so designate the transcripts and, consistent with Paragraph 36 of the Proposed Protective Order, expects Plaintiff's adherence with the terms of the Proposed Protective Order while this motion is pending.

information that is "within the public knowledge and became public knowledge other than as a result of disclosure by a Receiving Party subject to this Order, [and information] which has come into the possession of the Receiving Party other than as a result of disclosure of the Material as Protected Material in this Action." Exhibit A at 8. Although the Proposed Protective Order's terms extend beyond termination of the Action, "no less onerous alternative exist[s]," to protect confidential information from public disclosure. *In re Alexander Grant & Co.*, 820 F.2d at 356.

Finally, the balance of interests supports entering the Proposed Protective Order. Defendants would suffer competitive harm if forced to undertake discovery without a protective order. And Plaintiff should want such an order in place to facilitate the efficient flow of information and to protect his own sensitive personal information. Without an umbrella protective order, the parties will have to seek judicial relief frequently to secure needed protection before disclosing confidential business information and sensitive personal information, in depositions, document discovery, and written discovery responses. Plaintiff, conversely, has offered no concrete interest in unfettered public access to confidential business information or his own health records. To date, Plaintiff's only statement that hints at a legal argument is a vague reference to "Florida Sunshine Law" and "a variety of reasons related to [] transparency." [J. Gdanski, 9-29-24 email.] Counsel's reliance on the "Sunshine Law" is misplaced because that state statute does not limit the Court's authority to enter a protective order pursuant to Fed. R. Civ. P. 26(c). *Ronque v. Ford Motor Co.*, 1992 WL 415427, at *1 (M.D. Fla. 1992) (holding that "this statute does not apply here" and noting that "[t]o the extent the statute attempts to limit this Court's authority to enter protective orders pursuant to Fed. R. Civ. P. 26(c), the state statute is ineffective.") And the law is clear that when "[p]laintiff has failed to specify how the issuance of a protective order allowing documents to be marked confidential will harm [him]," the issuance of a protective order is appropriate. *Gunson v. BMO Harris Bank, N.A.*, 300 F.R.D. 581, 583 (S.D. Fla. 2014).

## CONCLUSION

There is good cause to enter an umbrella protective order, because it serves the interests of judicial efficiency, protects the rights of all parties, and does not harm any party. Accordingly, Defendants respectfully request that the Court expeditiously grant the motion upon written briefing and without a hearing and enter the Proposed Protective Order attached hereto as Exhibit A.

## **CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.1(a)(3)**

Pursuant to S.D. Fla. L.R. 7.1(a)(3), as explained in the text of this motion and the exhibits attached hereto, Counsel for Defendant attempted on several occasions to confer and reach an agreement with Counsel for Plaintiff regarding the requested relief, but was unable to reach an agreement. After Counsel for Plaintiff advised undersigned counsel to file a motion seeking this relief, Mr. Goldberg secured permission from Judge Hunt's chambers to file this motion on October 1, 2024.

Dated: October 4, 2024                               Respectfully submitted,

By: /s/ *John L. Schwab*                             By: /s/ *Martin B. Goldberg*

| | |
|---|---|
| **MICHAEL R. DOYEN** (*admitted pro hac vice*)<br>**DANIEL B. LEVIN** (*admitted pro hac vice*)<br>**BETHANY W. KRISTOVICH** (*admitted pro hac vice*)<br>**JOHN L. SCHWAB** (*admitted pro hac vice*)<br>Primary Email: *daniel.levin@mto.com*<br>MUNGER, TOLLES & OLSON LLP<br>350 South Grand Ave., 50th Floor<br>Los Angeles, CA 90071<br>Tel: (213) 683-9100<br>Fax: (213) 687-3702<br><br>**GARY A. ORSECK**<br>Florida Bar No. 846015<br>Primary Email: *gorseck@kramerlevin.com*<br>KRAMER LEVIN NAFTALIS & FRANKEL LLP<br>2000 K Street N.W., 4th Floor<br>Washington, DC 20006<br>Tel: (202) 775-4500<br>Fax: (202)775-4510<br><br>*Attorneys for Defendant Swedish Match North America LLC* | **MARTIN B. GOLDBERG**<br>Florida Bar No. 827029<br>Primary: mgoldberg@lashgoldberg.com<br>Secondary: rdiaz@lashgoldberg.com<br>**LYNNETTE CORTES MHATRE**<br>Florida Bar No. 1052015<br>Primary: *lmhatre@lashgoldberg.com*<br>Secondary: *obencomo@lashgoldberg.com*<br><br>**LASHGOLDBERG**<br>Lash Goldberg Fineberg LLP<br>Miami Tower, Suite 1200<br>100 S.E. 2nd Street<br>Miami, FL 33131<br>Tel: (305) 347-4040<br><br>**LATHAM & WATKINS LLP**<br>Christine G. Rolph (admitted *pro hac vice*)<br>*Christine.Rolph@lw.com*<br>Chase A. Chesser (admitted *pro hac vice*)<br>*Chase.Chesser@lw.com*<br>555 Eleventh Street, NW, Suite 1000<br>Washington, D.C. 20004-1304<br>(202) 637-2200<br><br>U. Gwyn Williams (admitted *pro hac vice*)<br>*Gwyn.Williams@lw.com*<br>200 Clarendon Street 26th Floor<br>Boston, MA 02116<br>(617) 880-4500<br><br>*Attorneys for Defendant Philip Morris International Inc.* |