# Exhibit A

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

|  |  |  |
|---|---|---|
| ZACHARY KELLY, | ) | |
| | ) | |
| | ) | Case No. 24-CV-60437-WJD |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| PHILIP MORRIS INTERNATIONAL INC., | ) | |
| and SWEDISH MATCH NORTH AMERICA | ) | |
| LLC, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## <u>STIPULATED PROTECTIVE ORDER</u>

Subject to the approval of this Court, Plaintiff Zachary Kelly and Defendants Philip Morris International Inc. ("PMI") and Swedish Match North America LLC ("SMNA," and together with PMI, "Defendants") hereby submit this proposed Stipulated Protective Order.

## I.      DEFINITIONS

1.      "Action" means this action styled *Kelly v. Philip Morris International, Inc. and Swedish Match North America, LLC*, case number 24-60437-CIV-WJD, pending in the United States District Court for the Southern District of Florida.

2.      "Communication" means any exchange of information in any form including, without limitation, letters or other documentary forms, electronically conveyed messages, telephone conversations, oral conversations, interviews, and meetings.

3.      "Confidential Material" refers to Material that is not in the public domain and contains employee information, confidential and proprietary business information, Personally Identifiable Information, or any other information that may reasonably be characterized by a Party, Related-Party, or Third-Party as requiring confidential treatment to protect a legitimate

business or other interest.  Confidential Material shall also include any other business data or any other proprietary information which, at the time the information is requested, is maintained in confidence and/or in which the Party, Related-Party, or Third-Party maintains a proprietary interest.  For the avoidance of doubt, Confidential Material will mean and include information contained or disclosed in any Materials, including Documents, portions of Documents, answers to interrogatories, responses to requests for admissions, trial testimony, deposition testimony, and transcripts of trial testimony and depositions, and data, summaries, and compilations derived therefrom that are deemed to be Confidential by any Party, Related-Party, or Third-Party to which they belong and that qualify for protection under Federal Rule of Civil Procedure 26(c).

4.      "Designating Party" means any Party that designates Material as Protected Material in accordance with this Order.

5.      "Highly Confidential – Attorneys' Eyes Only Material" refers to Material which if disclosed to another Party, Related-Party, or Third-Party would create a substantial risk of harm that could not be avoided by less restrictive means.  Highly Confidential – Attorneys' Eyes Only Material includes, but is not limited to, information related to: highly sensitive commercial or competitive information; patent applications, including but not limited to pending but unpublished patent applications; trade secrets; product specifications such as ingredient lists or chemical formulations; manufacturing protocols such as manufacturing procedures, manufacturing equipment, or manufacturing specifications; sensitive research Materials, including but not limited to those related to product research and development, scientific research, or market research; product testing; submissions to any governmental legislative or regulatory body, including but not limited to the Food and Drug Administration; customer identities; customer-confidential information; pricing or sales information and data; technical

information; technical practices; method or other know-how; financial data; agreements or relationships with Third-Parties; market projections or forecasts; strategic business plans; selling or marketing strategies; manufacturing costs; information regarding employees; or any other information which a reasonable person would deem to create a substantial risk of harm if disclosed.  For the avoidance of doubt, Highly Confidential – Attorneys' Eyes Only Material will mean and include information contained or disclosed in any Materials, including Documents, portions of Documents, answers to interrogatories, responses to requests for admissions, trial testimony, deposition testimony, and transcripts of trial testimony and depositions, including data, summaries, and compilations derived therefrom that are deemed to be Highly Confidential – Attorneys' Eyes Only by any Party to which they belong and that qualify for protection under Federal Rule of Civil Procedure 26(c).

6.      "Document" is used in a comprehensive sense to include any matter that is printed, recorded, microfilmed, electronically stored, or reproduced by any process, or written or produced by hand and is intended to be co-extensive with use of the word "document" in Federal Rule of Civil Procedure 34.  Documents also shall include legal briefs, memoranda, and any other paper filed with this Court or served on any Party.

7.      "Material" means any Document, Communication, Thing, data, testimony, electronically stored information, or other information derived therefrom.

8.      "Order" means this Stipulated Protective Order in the Action.

9.      "Party" means named Plaintiff Zachary Kelly or Defendants PMI and SMNA (collectively, the "Parties").

10.     "Personally Identifiable Information" or "PII" includes social security numbers, birth dates, taxpayer-identification numbers, personal cell phone numbers, any information that

is protected under The Health Insurance Portability and Accountability Act of 1996 ("HIPAA"), or any other information that may be used to determine an individual's identity.

11.     "Protected Material" means any Material that in connection with the discovery proceedings in this Action is designated as Confidential Material or Highly Confidential – Attorneys' Eyes Only Material.

12.     "Receiving Party" means any Party that receives Material designated as Protected Material under this Order.

13.     "Related-Party" means any natural person, partnership, corporation, association, or other legal entity not named as a Party to this Action, but which is organizationally associated with Defendants, including parent entities of either Defendant, subsidiaries of either Defendant, entities owned by the same parent entity as either Defendant, entities which hold an ownership interest in either Defendant, or entities in which either Defendant holds and ownership interest.

14.     "Thing" means any tangible thing and is intended to be co-extensive with the phrase "tangible thing" contained in Federal Rule of Civil Procedure 34.

15.     "Third-Party" means any natural person, partnership, corporation, association, or other legal entity which is neither a Party to this Action nor a Related-Party.

16.     "Qualified Person" shall mean any one of the following:

     i      Counsel in this Action for the Parties, including their outside counsel of record in this Action and in-house legal counsel, and counsels' legal assistants and support staff members;

     ii     Counsel for a Related-Party, including their outside counsel and in-house legal counsel, and counsels' legal assistants and support staff members;

     iii    The Court and any Court staff who are assisting the Court in this Action;

iv      Persons from whom deposition testimony is taken or is scheduled to be taken in the Action, provided that the Person is the author or a recipient of the Protected Material.  Except in the case of depositions pursuant to Fed. R. Civ. P. 30(b)(6), if the Person is not the author or a recipient of the Protected Material, then the Protected Material may only be disclosed after prior written approval by the Designating Party or its counsel of record, subject to the terms set forth in this Order;

v      Independent experts and/or consultants who are non-employees of the Parties, including but not limited to expert witnesses, professional jury or trial consultants, mock jurors, and professional vendors retained or consulted by each Party solely for the purpose of assisting in this Action, as well as their assistants, so long as they have signed the "Acknowledgement and Agreement to be Bound," attached hereto as Exhibit A;

vi      Court reporters, stenographic reporters, videographers, or their assistants, so long as they have signed the "Acknowledgement and Agreement to be Bound," attached hereto as Exhibit A; and

vii      Any other person agreed to by all of the Parties or expressly allowed by the Court, who have signed the "Acknowledgement and Agreement to be Bound," attached hereto as Exhibit A.

## II.    SCOPE

17.    This Order applies to all Protected Material produced in relation to this Action, as well as to the handling of privileged materials.  This Order does not affect, amend or modify any existing confidentiality agreements, non-disclosure agreements, protective orders, or other

similar agreements (including agreements with governmental agencies) applicable to any Designating Party and/or Receiving Party.  Nothing in this Order shall constitute a waiver of any rights under such agreements or orders.  Where this Order is in conflict with any such agreements or orders, the provision giving greater confidentiality protection shall apply.

18.     The protections conferred by this Order cover not only Material that is designated as Protected Material, but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their counsel that might reveal Protected Material.

## III.     IDENTIFICATION AND MARKING OF PROTECTED MATERIAL

19.     Material shall be designated as Confidential Material or as Highly Confidential – Attorneys' Eyes Only Material, as applicable, by stamping or otherwise clearly designating copies of the Material with the legend Confidential or Highly Confidential – Attorneys' Eyes Only, as applicable.  The Designating Party must affix, at a minimum, the legend Confidential or Highly Confidential – Attorneys' Eyes Only, as applicable, to the bottom left corner of each page that contains Protected Material.

20.     To expedite production of potentially voluminous Materials, a Designating Party may, but is not required to, produce Materials without a detailed, confidentiality review.  In so doing, the Designating Party may designate those collections of Documents that by their nature contain Confidential Material or Highly Confidential – Attorneys' Eyes Only Material with the appropriate designation notwithstanding that some of the Documents within the collection may not qualify for such designation.  Notwithstanding the foregoing, a Receiving Party may at any time challenge the designation of one or more particular Documents, or categories of Documents, bulk designated pursuant to this Paragraph on the grounds that it does not or they do not qualify for such protection.  If the Designating Party agrees, it must notify all Receiving

Parties that it is withdrawing or changing the designation within ten (10) business days.  If the Designating Party does not agree, the Parties shall resolve the dispute in accordance with the process set forth in Section V below.

21.     Documents should be exchanged using a Secured File Transfer Protocol.  A corresponding cover letter shall define the confidential treatment of the Documents.  In the case of Documents to be exchanged on physical media, such as on a USB drive or other similar type of devices, it is sufficient to label the device with the legend Confidential or Highly Confidential – Attorneys' Eyes Only, such that all electronic versions of the Documents will be treated as containing Protected Material.

22.     For information produced in some form other than documentary and for any other tangible items, the Designating Party must affix in a prominent place on the exterior of the container or containers in which the information is stored the legend "Confidential" or "Highly Confidential – Attorneys' Eyes Only."  If only a portion or portions of the information warrants protection, the Designating Party, to the extent practicable, will identify the protected portion(s) and specify the level of protection being asserted.

23.     Protected Material that cannot be physically labelled as such shall be so designated by the Producing Party by serving a written notice on the Receiving Party and the Court if introduced as an exhibit at any court proceeding.

24.     Any designation of Protected Material shall be made at the time the Material is produced.  The inadvertent or unintentional disclosure of Protected Material during the course of this Action, without designating it as Protected Material at the time of disclosure, shall not be deemed a waiver, in this case or in any other proceeding, in whole or in part of a claim that the disclosed Material constitutes Protected Material, either as to the specific Material disclosed or

as to any other information relating thereto.  In the event of an inadvertent or unintentional

disclosure, counsel shall immediately take appropriate action to cure the violation and retrieve

any Protected Material from any person not entitled to receive the material under the terms of

this Order.  The restrictions and obligations relating to Protected Material shall not apply to any

information which is not so marked, except as set forth above.  Nor shall the restrictions and

obligations relating to Protected Material apply to any information which the Parties agree, or the

Court rules, (a) is within the public knowledge and became public knowledge other than as a

result of disclosure by a Receiving Party subject to this Order, or (b) which has come into the

possession of the Receiving Party other than as a result of disclosure of the Material as Protected

Material in this Action.  To protect the privacy, confidentiality, and safety of the Parties'

employees, customers, and contractors, the names and PII of the Parties' employees, customers,

or contractors is expressly exempt from the foregoing.  The Parties may designate such

information as Protected Material regardless of whether any name or PII may have been placed

in the public domain by others.  For the avoidance of doubt, the Parties shall retain the right to

redact the PII of the Parties' employees, customers, and contractors from Materials before

production.  Materials redacted on this basis shall bear the caption "Redacted – PII" and shall not

be included on the Parties' privilege logs.

   25. A claim that Material constitutes Protected Material must be made in good faith.

   26. Testimony taken at a deposition or a court proceeding may be designated as

Confidential Material or Highly Confidential – Attorneys' Eyes Only Material by making a

statement to that effect on the record at the deposition or other proceeding.  Arrangements shall

be made with the court reporter taking and transcribing such proceeding to separately bind such

portions of the transcript containing information designated as Protected Material, and to label

such portions appropriately.  Where substantially all of a transcript contains Protected Material, the entire transcript may be marked as Confidential Material or Highly Confidential – Attorneys' Eyes Only Material by placing an indication of the same on the cover of the Document.

27.     If a Party initially makes Material available for inspection rather than producing such Material directly to the requesting Party, no marking need be made in advance of the inspection.  For the purposes of the inspection, all Material shall be treated as containing Highly Confidential – Attorneys' Eyes Only Material.  After the Receiving Party has selected specified Documents for copying or Things for further inspection, the Designating Party shall appropriately mark the selected Documents or the selected Things as Confidential or Highly Confidential – Attorneys' Eyes Only before they are copied or further inspected.

## IV.     LIMITATIONS ON DISCLOSURE OF PROTECTED MATERIAL

28.     Material designated as Protected Material under this Order, the information contained therein, and any summaries, copies, abstracts, or other Material derived in whole or in part from Protected Material shall be used only for purposes of the prosecution, defense, or settlement of this Action, and for no other purpose, unless otherwise agreed to by the Designating Party or otherwise ordered by court order.  The Parties shall not disclose any Protected Material obtained in the course of this Action, or information derived therefrom, to anyone other than in accordance with the provisions set forth in this Order.

29.     Confidential Material produced pursuant to this Order may be disclosed or made available only to the Court, to the Designating Party itself, to a Receiving Party, and to Qualified Persons.

30.     Highly Confidential – Attorneys' Eyes Only Material produced pursuant to this Order may be disclosed or made available only to the Court, to the Designating Party itself, and

to Qualified Persons.  Highly Confidential – Attorneys' Eyes Only Material <u>shall not be</u> <u>disclosed to a Receiving Party</u>, unless otherwise agreed to by the Parties or ordered by the Court.

31.     Before a Receiving Party may disclose a Designating Party's Protected Material to any Qualified Person other than counsel for a Party or Related-Party, the Court or court staff, or Persons from whom deposition testimony is taken or is scheduled to be taken in the Action, the Receiving Party making the disclosure shall require the Qualified Person to sign a copy of the "Acknowledgement and Agreement to be Bound," attached hereto as Exhibit A.

32.     Any Qualified Person may only discuss Protected Material with any other person if that other person is also a Qualified Person as to that Protected Material, or such other person has already had access to such Protected Material, independent of any disclosure of the Protected Material within this Action.  Likewise, this Order shall not prohibit any person from reviewing particular Protected Material to the extent that said person had a right to review such Protected Material independent of any disclosure of it as Protected Material within this Action.

33.     A Document that contains or reveals Protected Material may be shown to any person indicated in such Document to be its originator or author or the recipient of a copy.

34.     Court reporters, stenographic reporters, videographers, or their assistants who are engaged for depositions or trial in this Action, to whom Protected Material is disclosed, shall preserve all such Protected Material in accordance with this Order.

## V.     CHALLENGING A DESIGNATION

35.     A Party shall not be obligated to challenge the propriety of a Confidential or Highly Confidential – Attorneys' Eyes Only designation at the time made, and a failure to do so shall not preclude a subsequent challenge thereto.  In the event that a Party disagrees at any time with a designation made by another Party, the Parties shall make a good-faith attempt to resolve the dispute on an informal basis.  If the Parties are unable to resolve the dispute, the objecting

Party may seek appropriate relief from the Court, and the Designating Party shall have the burden of proving that the Confidential or Highly Confidential – Attorneys' Eyes Only designation is proper.  However, if an objecting Party argues that the Protected Material (a) became publicly known other than through a violation of this Order, (b) was acquired from a Third-Party having the right to disclose such information, or (c) was lawfully possessed by the objecting Party prior to the entry of this Order, then the objecting Party shall bear the burden of proof as to those issues.

36.     If a Party disputes or challenges the designation of any Material as Protected Material, such Material shall nonetheless be treated as Protected Material in accordance with the provisions of this Order until such designation has been removed by order of the Court or by written consent of the Designating Party.  No Party hereto, merely by virtue of the entry of this Order, waives any right it may otherwise have to object on any ground to the admission into evidence of any Protected Material at the trial of this Action.

37.     Neither this Order nor any action taken by any Party or Related-Party pursuant to this Order shall be deemed to have the effect of an admission or waiver of objection by such Party or Related-Party, as to any fact or procedural matter.  Nor shall this Order alter any existing obligation of any Party or Related-Party.  Further, nothing in this Order shall foreclose any Party or Related-Party from opposing production of any information for any other reason, such as privilege, lack of relevance, or any ground other than the assertion that such information is Protected Material.

## VI.     HANDLING AND USE OF PROTECTED MATERIAL

38.     Depositions in this Action will be open to only counsel in this Action for the Parties, including their outside counsel of record in this Action and in-house legal counsel, employees of the Parties, witnesses, and Court reporters, stenographic reporters, videographers,

and their assistants.  Only persons authorized to receive Protected Material may attend the portions of the depositions pertaining to such Material, unless the Parties expressly agree to waive this stipulation.  Any Party may request that non-Qualified Persons leave the room for questions or responses potentially referencing Protected Material.

39.     Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.  No Party or their representative, agent, or independent contractor may contact any person whose identity or contact information is ascertained from any Protected Material, including through telephone, text messaging, social media, and/or Internet message boards.

40.     In addition to the other requirements of this Order, any person with custody of Protected Material must take reasonable precautions to prevent the loss, misuse, unauthorized access, unauthorized disclosure, or alteration of the Protected Material, including but not limited to implementing secure storage and access controls, encryption and multi-factor authentication, and regular audits to ensure continued protection of the Protected Material, and maintaining any hard copies of Protected Material in a secure, restricted environment where other persons cannot access the Protected Material.

41.     Any person with custody of Protected Material shall maintain Protected Material in a manner that limits access to only those persons entitled to access under this Order.  Protected Material shall not be inputted into any location that lacks adequate confidentiality and security protections, including any generative artificial intelligence solution that may, for example, share inputted information with Third-Parties or utilize the information to train or improve its models, algorithms, or systems for Third-Parties.

42.     All Material filed with the Court by either Party to this Action which has previously been designated by the disclosing Party as being Protected Material, and all items which reveal the content of such Protected Material, shall be filed in accordance with the procedure for filing under seal set forth in Local Rule 5.4(b)(1) of the United States District Court for the Southern District of Florida.

43.     In the event any Protected Material is used in any Court proceeding in this Action, it shall not lose its status as Protected Material through such use, and the Party using such Material shall take all steps reasonably available to protect its confidentiality during such use. Notwithstanding the foregoing, however, no designation as Protected Material shall be grounds for blocking the admissibility of otherwise relevant and non-objectionable evidence.

44.     This Order shall be without prejudice to the right of the Parties and Related-Parties (i) to bring before the Court at any time the question of whether any particular Material qualifies as Protected Material or whether its use should be restricted; or (ii) to present a motion to the Court under Fed. R. Civ. P. 26(c) for a separate protective order as to any particular Material, including restrictions differing from those as specified herein.  This Order shall not be deemed to prejudice the Parties or any Related-Party in any way in any future application for modification of this Order.

45.     This Order is entered solely for the purpose of facilitating the exchange of Material between the Parties to this Action without involving the Court unnecessarily in the process.  Nothing in this Order, nor the production of any Material under the terms of this Order, nor any proceedings pursuant to this Order, shall be deemed to have the effect of an admission or waiver by any Party, of altering the confidentiality or non-confidentiality of any Material, or altering any existing obligation of any Party or the absence thereof as to any Material.

46.     This Order shall not restrict the right of any Designating Party to publish, disseminate or otherwise release any Document that it has produced or designated.

## VII.    DISPOSAL, RETURN, OR DESTRUCTION OF PROTECTED MATERIAL

47.     This Order shall survive the unappealed or unappealable final judgment or settlement of this Action ("Termination"), to the extent that the information contained in Protected Material is not or does not otherwise become known to the public, and the Court shall retain jurisdiction to resolve any dispute concerning the use of information disclosed hereunder. Within sixty (60) days after the Termination of this Action, counsel for the Receiving Party shall make reasonable efforts to assemble and return to the Designating Party all Protected Material received from a Designating Party and all copies or duplicate versions of the same, or certify the destruction thereof.  The Receiving Party's reasonable efforts shall not require the return or destruction of Protected Material from (i) disaster recovery or business continuity backups, (ii) data stored in back-end databases critical to application operability and system-generated temporary folders, (iii) archived data with limited end-user accessibility, or (iv) Material that is subject to legal hold obligations or commingled with other such Material.  Backup storage media need not be restored for purposes of returning or certifying destruction of Protected Material, but such retained information shall continue to be treated in accordance with the Order and destroyed in due course.  For the avoidance of doubt, the Parties and their counsel shall be entitled to retain attorney work product which incorporates or is derived from Protected Materials after the Termination of this Action so long as the work product is maintained in accordance with the obligations set forth in the Order.

48.     Any portion of the official record that contains Protected Material shall be exempt from the provisions of the paragraph above, but such portion of the official record shall remain

under seal.  Sealed Protected Material filed with the Court shall remain under seal unless and until it is unsealed by an order of the Court.

49.     Counsel of record for each Party who employed a stenographic reporter to transcribe any deposition during which Protected Material was discussed shall arrange for the destruction of such reporter's notes and any copies of Documents or transcripts retained by the reporter, not later than ninety (90) days after the Termination of this Action.

## VIII.   PROTECTED MATERIAL SUBPOENAED OR ORDERED TO BE PRODUCED IN OTHER LITIGATION

50.     If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any Material designated in this Action as Protected Material, that Party must:

i       promptly notify in writing the Designating Party.  Such notification will include a copy of the subpoena or court order;

ii      promptly notify in writing the entity who caused the subpoena or order to issue in the other litigation that some or all of the Material covered by the subpoena or order is subject to this Order.  Such notification will include a copy of this Order; and

iii     cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

51.     If the Designating Party seeks a protective order within thirty (30) business days of receiving written notice, the Party served with the subpoena or court order will not produce any Material designated in this Action as Protected Material before a determination by the court from which the subpoena or order issued, unless the Party served with the subpoena or court order has obtained the Designating Party's permission.  The Designating Party will bear the

burden and expense of seeking protection in that court of its Material.  If the Designating Party does not move for a protective order within thirty (30) business days of receiving written notice, the Party served with the subpoena or court order may produce the requested Material.  Nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this Action to disobey a lawful directive from another court.

## IX.    GENERAL PROVISIONS

52.    This Order shall be without prejudice to the right of any Party to seek from the Court (upon reasonable notice to each other Party) greater or additional protection for any Protected Material than is provided in this Order.

53.    By stipulating to the entry of this Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Order.  Similarly, no Party waives any right to object on any ground to use in evidence of any of the Material covered by this Order.

54.    The terms and conditions of this Order shall govern the handling of Documents, depositions, pleadings, exhibits, and all other information exchanged by the Parties in this Action or provided by or obtained from Related-Parties or Third-Parties in this Action.  This Order shall apply regardless of whether such information was produced prior to or after entry of this Order.

55.    Entering into, agreeing, and/or complying with the terms of this Order shall not: (a) operate as an admission by any Party that any particular Documents, Material, or information contain(s) or reflect(s) currently valuable trade secrets or proprietary or commercial information; or (b) prejudice in any way the right of a Party at any time: (i) to seek a determination by the Court of whether any particular Material or information should be subject to the terms of this Order; (ii) to seek relief on appropriate notice from any provision(s) of this Order, either generally or as to any particular Material or information; (iii) to object to any discovery request,

16

including the right to assert that no discovery should be had of certain Documents or information; or (iv) to seek Documents or other information from any source.

56.     Nothing in this Order shall require a Party to violate any applicable public records access, disclosure, or retention laws.

57.     The Court shall have, and shall retain, jurisdiction over the Parties and any Qualified Persons who received Protected Material over the course of this Action for purposes of enforcing the provisions of this Order after this Action is terminated. The Court may make such deletions from or amendments, modifications, and additions to the Order as it may deem appropriate.  The Parties hereto reserve all rights to apply to the Court at any time, before or after Termination of this Action, for an order modifying this Order or seeking further protection against disclosure or use of discovery Material.

58.     In the event that a new Party is added or substituted, this Order will be binding on and inure to the benefit of the new Party, subject to the right of the new Party to seek relief from or modification of this Order.

59.     This Order represents the complete and entire stipulation between the Parties with respect to the disclosure of Protected Material and may be amended only by further order of the Court.

60.     All notices under this Order shall be served on counsel of record for the Parties. All notices shall be served by (a) email with a confirming copy by first class mail, (b) courier, or (c) overnight delivery.  For purposes of this Order, said notice shall be effective the next business day after said notice was emailed.

61.     Any willful violation of this Order may be punished by civil or criminal contempt proceedings, financial or evidentiary sanctions, reference to disciplinary authorities, or other appropriate action at the discretion of the Court.

## X.     PRIVILEGED MATERIAL

62.     Within sixty (60) days after substantial completion of the production of Documents, the Producing Party shall provide a privilege log, in native Excel format, for Documents that have been withheld from production on the basis of a claim of attorney-client privilege, work product doctrine, and/or other privilege.  The Parties agree that Documents redacted for privilege and/or the work product doctrine need not be included on the privilege log.

63.     The Parties agree that in lieu of a full privilege log,  the Parties will provide a metadata export only of Documents withheld for privilege and/or the work product doctrine.  The metadata export shall include the following fields, which shall be populated to the extent the metadata is reasonably available:

      i.     A unique privilege log identifier associated with each privilege log record, or the Bates number of a Document withheld but for which a placeholder TIFF was produced;

      ii.     Custodian;

      iii.     AllCustodian (if applicable);

      iv.     FileName;

      v.     EmailSubject;

      vi.     From;

      vii.     To;

      viii.     CC;

      ix.     BCC;

x.    DateSent (for email, if available);

xi.    DateLastModified (for non-email) or DateCreated (for non-email where DateLastModified is unavailable); and

xii.    the nature of the privilege asserted (Attorney Client Privilege, "ACP," and/or Work Product, "WP").

64.    Further, "Parents" and "Children" within a Document "Family" are to be sequentially logged to the extent that multiple Documents within a family are withheld.  For the avoidance of doubt, non-privileged family members of privileged Documents that were produced do not need to be logged.

65.    If after reviewing the metadata export log, a party determines that additional information is needed on a Document or a set of Documents in order to evaluate the privilege claim, the parties may meet and confer in good faith to determine the type and scope of additional information that will be provided and, if necessary, either party may seek a judicial order for specific additional information relating to any privilege claim.

## XI.    FEDERAL RULE OF EVIDENCE 502(D)

66.    The production of privileged or work-product Material, whether inadvertent or otherwise, is not a waiver of the privilege or protection from discovery in this case or in any other federal or state proceeding.  This Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d).

67.    The Producing Party must notify the Receiving Party promptly, in writing, upon discovery that privileged or work-product Material has been inadvertently produced.  The Receiving Party must also notify the Producing Party promptly, in writing, if the Receiving Party discovers Material that it believes may contain privileged or work-product Material that may have been inadvertently produced.

68.     Upon receiving written notice from the Producing Party that privileged or work-product Material has been inadvertently produced, the Receiving Party must promptly ensure that all such Material, and all reasonably accessible copies thereof, shall be returned to the Producing Party or destroyed, and the Receiving Party shall not use such Material for any purpose until further order of the Court.  The Receiving Party must take all reasonable steps to retrieve the privileged or work-product Material if the Receiving Party disclosed it to any other person or entity before receiving notice from the Producing Party.  Upon the request of the Producing Party, the Receiving Party shall provide a certification to the Producing Party that it has returned or destroyed the privileged or work-product Material as required by this Order, has undertaken the foregoing efforts, and that it will cease further review, dissemination, and use of the privileged or work-product Material.

69.     If the Receiving Party contests that the information is privileged or work-product Material, the Receiving Party shall give the Producing Party written notice of the reason for its position within five (5) business days from the initial notice by the Producing Party, and shall be entitled to retain, but not review, one copy of the disputed Material for use in resolving the dispute.  Following the receipt of such written notice, the Producing Party and the Receiving Party shall meet and confer in a good faith effort to resolve any disagreement regarding the Producing Party's designation of the Material as privileged or work-product.  If the Parties cannot resolve their dispute, then the Receiving Party shall, within fifteen (15) business days from the initial notice by the Producing Party, file a motion before the Court pursuant to Local Rule 26.1(g) of the United States District Court for the Southern District of Florida.

70.     The purportedly privileged or work-product Material shall not be used or disclosed in connection with such a motion.  If no such motion is filed within the 15 business day

period, or the motion is denied by the Court, any remaining copy of the disputed Material shall be returned to the Producing Party or destroyed.  Any analyses, memoranda or notes which were previously generated based upon such inadvertently-produced privileged or work-product Material must be destroyed.

71.     Nothing contained herein is intended to or shall serve to limit a party's right to conduct a review of Material for relevance, responsiveness and/or segregation of privileged and/or protected information before production.

**IT IS SO ORDERED** in Chambers at West Palm Beach, Florida this _____ day of

_____, 2024.

_____
WILLIAM P. DIMITROULEAS
UNITED STATES DISTRICT JUDGE

## <u>EXHIBIT A</u>

### ACKNOWLEDGEMENT AND AGREEMENT TO BE BOUND

I, _____, have reviewed the Stipulated Protective Order entered in *KELLY v. PHILIP MORRIS INTERNATIONAL INC. and SWEDISH MATCH NORTH AMERICA LLC*, and any amendments thereto ("Order"), and hereby acknowledge that:

1.     I understand the terms of the Order and agree to comply with and to be bound by such terms;

2.     I understand that if I do not comply with the terms of this Order, I may be subject to civil or criminal contempt proceedings, financial or evidentiary sanctions, reference to disciplinary authorities, or other appropriate action at the discretion of the Court;

3.     If I receive Documents, Communications, Things, data, testimony, or other information produced or derived therefrom (collectively referred to as "Material") designated Confidential or Highly Confidential – Attorneys' Eyes Only, I understand that such Material is provided to me pursuant to the terms and restrictions of the Order;

4.     I agree to hold in confidence and not further disclose or use for any purpose, other than as may be permitted by the Order, any Material disclosed to me pursuant to the terms of the Order; and

5.     I hereby consent to the personal jurisdiction of this Court for purposes of the enforcement of the Order.

My address is: _____

My present employer is: _____

My title is: _____

Dated: _____     Signed: _____