UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

ZACHARY KELLY, individually and on
behalf of all other similarly situated,

    Plaintiff,                                           CASE NO.: 0:24-cv-60437-WPD

v.

SWEDISH MATCH NORTH AMERICA, LLC
and PHILIP MORRIS INTERNATIONAL, INC.,

    Defendants.
_____/

**PLAINTIFF'S CORRECTED MOTION TO COMPEL BETTER RESPONSES FROM DEFENDANT PHLIP MORRIS, INTERNATIONAL, INC. TO PLAINTIFF'S FIRST SET OF DISCOVERY REQUESTS**

Plaintiff, Zachary Kelly, respectfully files this motion to compel Philip Morris International, Inc. ("PMI") to produce better responses to Plaintiff's first set of discovery requests. This motion is brought pursuant to Judge Hunt's discovery order and practices, Doc. 61.

**RELEVANT FACTUAL BACKGROUND**

Plaintiff brought a product liability lawsuit for personal injuries he sustained from using Zyn, an oral nicotine pouch.  He sued Defendants Swedish Match and PMI, the companies he alleged made, marketed, and sold Zyn. (Doc. 1).  PMI moved to dismiss for lack of personal jurisdiction.[1] (Doc. 30). PMI contended, among other things, that it "does no business in Florida," and "has never manufactured, sold, labeled, or marketed Zyn in Florida or elsewhere." *Id.*, at 5. PMI submitted the affidavit of Ms. Kaczorowski, the Director of Finance of U.S. Entities at Philip Morris Global Brands Inc., a PMI subsidiary, to swear to this.

Plaintiff opposed PMI's motion and moved for leave to conduct jurisdictional discovery. (Doc. 45, 46) Plaintiff put forth evidence contradicting Ms. Kaczorowski's assertion. For example, PMI's website shows it is involved in selling and promoting smoke free products,[2] which

---

[1] PMI also joined Swedish Match's motion to dismiss, which argued the claims were preempted or failed to state a cause of action under Rule 12(b)(6).  The Court largely rejected Swedish Match's arguments.  Plaintiffs strict liability and negligence claims med federal pleading requirements.  Plaintiff has until November 4 to amend his complaint.

[2] PMI, *Delivering a smoke-free future*, https://www.pmi.com/our-transformation/delivering-a-smoke-free-future [https://perma.cc/6CCT-E8RP] (emphasis added).

specifically includes Zyn.[3] PMI refers to Zyn as "*Our* leading nicotine pouch."[4] PMI asserts it has "invested over USD 12.5 billion to develop, scientifically substantiate, and *commercialize* smoke-free products.[5]

Accordingly, Plaintiff sought leave to: (1) depose Kaczorowski about her declaration; (2) serve interrogatories and requests for production on PMI concerning personal jurisdiction; and (3) serve interrogatories and requests for production regarding the statements on PMI's website regarding ZYN, its role in the development and commercialization of ZYN, its role in the development materially to "scientifically substantiate ZYN," and the press release issued on June 17, 2024, which announced that *PMI* was suspending the sale of ZYN while responding to a subpoena issued by the Attorney General of the District of Columbia.

The Court denied PMI's motion without prejudice and granted Plaintiff's motion to conduct jurisdictional discovery. (Doc. 59). The Court rejected PMI's contention that "Plaintiff's non-specific request for discovery "concerning personal jurisdiction" amount to nothing more than an improper fishing expedition." *Id.*

On August 30, Plaintiff served its first set of interrogatories (**Exhibit A**) and requests for production on PMI (**Exhibit B**). PMI responded on September 30. PMI did not produce a single document – not even to a request for communications between PMI and Swedish Match regarding the sale, promotion, marketing, and distribution of Zyn in the US, including Florida. Overall, PMI's answers are inadequate, and for the reasons stated herein, the Court should order PMI to produce better responses to Plaintiff's discovery requests.

## ARGUMENT

I. **The Court Should Order PMI to Produce Better Responses to Plaintiff's Discovery Requests.**

   A. **PMI should produce responses regarding all its subsidiaries' involvement in the sale of Zyn.**

---

[3] PMI, *Our* smoke-free products, https://www.pmi.com/our-business/smoke-free-products [https://perma.cc/TW5X-ZN3L] (emphasis added).

[4] PMI, *Oral smokeless products*, https://www.pmi.com/our-business/smoke-free-products/oral-smokeless-products [https://perma.cc/FF5E-TG5N] (emphasis added).

[5] PMI, *Our science and innovation*, https://www.pmi.com/our-science [https://perma.cc/HH3R-FPF2] (emphasis added)

Plaintiff's interrogatories and requests for production sought information on PMI's involvement in the marketing, promotion, and sale of Zyn. They sought information on PMI's subsidiaries that may be involved in those activities as well. The parties' fundamental disagreement is whether PMI should reveal information about its subsidiaries' involvement in the sale of Zyn. PMI says no. Its objection should be overruled.

Plaintiff requested leave of Court to conduct discovery "concerning personal jurisdiction." The Court granted the motion. This request is appropriately broad given PMI's categorical denial that it is not commercializing Zyn. PMI's public statements are to the contrary. In rebuttal, regarding its public statements that state or suggest PMI is commercializing Zyn, PMI says that when it talks about "our products" it is talking about "aspirations of PMI's subsidiaries and affiliates" – not PMI itself. *See* Doc. 47 at 4. But, PMI's 10-K filed with the SEC, and its website state that "'PMI," "we," "us" and "our" refers to Philip Morris International Inc. *and* its subsidiaries'" (emphasis added). Meaning, PMI is included with its subsidiaries – it is a part of and not apart from. Personal jurisdiction exists where a parent holding company like PMI exercises control over its subsidiaries. Personal jurisdiction also exists over PMI's subsidiaries that are involved in the sale of Zyn. This information is relevant and withing the Court's order permitting discovery on personal jurisdiction.

Accordingly, the Court should overrule each response to a request for production or interrogatory incomplete because PMI objected to providing information regarding its subsidiaries. For example, **Interrogatory 2** asks PMI to describe the nature and extent of the business relationship between PMI, Philip Morris Global Brands, PMI Global Services and Swedish Match entities as they relate to the sale of Zyn. This interrogatory is directly tied to discovery "concerning personal jurisdiction." The same goes many other requests as well. **Interrogatory 3** requests PMI to identify each subsidiary that has provided services to Swedish Match. PMI responds that PMI "does not provide services directly to Swedish Match." Yet this does not state whether PMI indirectly provides services, which would demonstrate its control over or involvement with Swedish Match. **Interrogatory 15** asks whether PMI or its subsidiaries assist Swedish Match in manufacturing, marketing, advertising, selling, or distributing Zyn. **Interrogatory 21** asks about PMI subsidiaries that does scientific research on ZYN. **Interrogatory 22** provides: "PMI's 10K for the fiscal year that ended December 31, 2023, states that PMI has "invested $12.5 billion to develop, scientifically substantiate and commercialize

3

innovative smoke-free products….」 How much was spent on developing, scientifically substantiating, and commercializing Zyn? Also, separately state how much money was spent on developing Zyn, scientifically substantiating Zyn, and commercializing Zyn." PMI's response states that this statement refers to PMI "family of companies' operations." That is the point. PMI should not be able to withhold relevant information by playing word games. Because PMI includes the parent *and* its subsidiaries, this all the information requested is relevant for personal jurisdiction purposes.

### B. PMI should better other deficient responses.

PMI should provide better responses to the following requests. **Request 2** asks for all organizational charts depicting the business structures of PMI and its subsidiaries. PMI's reference to Interrogatory 1 is insufficient. PMI's representative averred that PMI is merely a holding company that sells no products and is not involved in the sale of any products. This request is relevant to discovering facts "concerning personal jurisdiction."

**Request 5** asks for all communications between PMI, its subsidiaries, and Swedish Match regarding Zyn. PMI's reference to Interrogatories 4, 9, and 15 are not responsive. What's more, PMI's objection violates Section I(C) of Judge Hunt's Discovery Order. PMI objected to producing communications between PMI and its subsidiaries including Swedish Match regarding the sale of Zyn largely because PMI claimed it is unduly broad in scope in time and PMI maintains that fewer than "all communications" may be sufficient to answer Plaintiff's Request. The Discovery Order requires PMI to at least provide responsive discovery that PMI would consider appropriate. The Order gives the example that if a request asks for 10 years of information and the responding party believes 5 years is appropriate, the responding party must produce responsive information for the 5-year period, and then the parties can argue over the appropriateness of the whole request. Here, PMI implicitly concedes there are responsive documents. Its failure to produce a single responsive document is improper.

**Request 7** asks for all intercompany transfer from PMI regarding Zyn. This is directly relevant to demonstrating PMI's control over its subsidiaries regarding ZYN, which is tied to discovering facts "concerning personal jurisdiction."

**Request 9** asks for all financial agreements between PMI and Swedish Match. PMI's response is not complete. PMI states there are no financial agreements related to the sale of Zyn in Florida. PMI improperly narrows this request. If there are financial agreements related to the

4

sale of Zyn, that would further evidence PMI's control over Swedish Match. This is necessary to discovering facts "concerning personal jurisdiction."

**Interrogatory 7** asks whether PMI is involved in directing sales and distribution of Zyn. PMI's response states that it never directed the sales and distribution of Zyn. This fails to respond to whether PMI is 'involved' in directing sales and distribution. The question is broader than PMI's response. PMI should provide a more complete answer. For the reasons above, it should respond regarding its subsidiaries as well.

**Interrogatory 8** asks whether PMI is involved in e-commerce for Zyn in the United States, including Florida. PMI limits its response to Florida. This is improper. The interrogatory asks about the US as a whole. If PMI is involved in e-commerce in the US, and those products are distributed in Florida, PMI would be subject to personal jurisdiction. PMI should respond completely. The same argument applies to **Interrogatory 10, 12,** and **13**.

**Interrogatory 18** asks PMI to describe changes made in Swedish Match's policies or procedures or practices regarding ZYN since PMI acquired Swedish Match. PMI's response is not adequate. PMI states that it did not direct changes. But the request simply asked PMI to describe any changes. If there were changes that PMI is aware of, it should respond accordingly.

**Interrogatory 19** asks PMI to describe its involvement in any US facility that makes, manufactures, or stores Zyn. PMI's response is improperly limited to Florida. If PMI is involved in other US facilities which distribute Zyn, PMI would be on the chain of distribution and subject to personal jurisdiction. PMI should provide a better response.

**Interrogatory 23** asks "PMI represents that 38% of PMI's total net revenues came from PMI's smoke-free business. State the percentage of net revenue that came from ZYN products." PMI's reference to the 10-K is not adequate. It should provide a complete response.

## CONCLUSION

For the foregoing reasons, the Court should grant Plaintiff's motion to compel and the relief requested herein.

Dated: October 21, 2024                                   Respectfully submitted,

                                                          */s/ Jeffrey L. Haberman*
                                                          Jeffrey L. Haberman
                                                          Sarah J. Foster
                                                          **SCHLESINGER LAW OFFICES, P.A.**

                                                              1212 SE Third Avenue,
Fort Lauderdale, FL 33316
Telephone: (954) 467-8800
Facsimile: (954) 320-9509
sarah@schlesingerlaw.com
jhaberman@schlesingerlaw.com

*Attorneys for Plaintiffs*

### Certification Pursuant to S.D. Fla. L.R. 7.1(a)(3)

Pursuant to L.R. 7.1(a)(3), counsel for Plaintiff hereby certifies that on October 2 and 9, 2024, Plaintiff's counsel met and conferred with counsel for PMI about the relief requested in this motion. PMI opposes the requested relief. Counsel for Plaintiff obtained requisite leave prior to filing this motion.

*/s/ Jeffrey L. Haberman*
Jeffrey L. Haberman

### CERTIFICATE OF SERVICE

I hereby certify that on October 21, 2024, I served a copy of the foregoing on the Clerk of Court by CM/ECF, which will provide automatic notification to all parties and counsel of record.

By: */s/ Jeffrey L. Haberman*
Jeffrey L. Haberman