UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION
Case No. 24-60437-CIV-DIMITROULEAS/HUNT

ZACHARY KELLY, individually and on behalf of all others similarly situated,

Plaintiff,

vs.

PHILIP MORRIS INTERNATIONAL, INC., and SWEDISH MATCH NORTH AMERICA, LLC,

Defendant.
_____________________________________/

**ORDER ON DEFENDANT'S MOTION FOR A PROTECTIVE ORDER AND PLAINTIFF'S MOTION TO COMPEL BETTER DISCOVERY RESPONSES**

THIS MATTER is before the Court on Defendant Philip Morris International's ("PMI") Motion for a Protective Order, ECF No. 62, and on Plaintiff Zachary Kelly's Motion to Compel Better Discovery Responses, ECF No. 69. In his order denying without prejudice a motion to dismiss and granting Plaintiff's request to conduct jurisdictional discovery, the Honorable William P. Dimitrouleas, United States District Judge, referred any discovery-related motions in this case to the undersigned United States Magistrate Judge. ECF No. 59. *See* 28 U.S.C. § 636(b); *see also* S.D. Fla. Mag. R. 1. This Court held a hearing on November 18, 2024. Having reviewed the Motions, Responses and Replies, and having considered the representations made by counsel at the hearing, this Court hereby **ORDERS and ADJUDGES** PMI's motion for a protective order is GRANTED, and Plaintiff's motion to compel better discovery responses is GRANTED in part and DENIED in part.

Plaintiff sued both PMI and Swedish Match—a company PMI acquired in 2022—regarding the development, manufacture, marketing, and distribution or sale of ZYN, a flavored "tobacco-free," smokeless, nicotine pouch that delivers a high concentration of nicotine. ECF No. 1, 45. Enticed by the flavors and advertising, Plaintiff began using ZYN in 2019 as a teenager. *Id.* As a result, Plaintiff became addicted to nicotine and suffered unspecified personal injuries. *Id.*

PMI moved to dismiss the action against it for lack of personal jurisdiction. ECF No. 30. The district court denied PMI's motion without prejudice and granted Plaintiff's motion to conduct narrowly tailored discovery related to the personal jurisdiction issues raised by PMI. ECF No. 45, 59. In compliance with that order, PMI has produced the requested representative, Ann Marie Kaczorowski, for a deposition along with a binder of documents, answered interrogatories, and responded to requests for production.

**A. Motion for a Protective Order**

Pursuant to Federal Rule of Civil Procedure 26(C)(1)(G), a court "may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense" by "requiring that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a specified way." The Eleventh Circuit has created a four-factor test to determine whether good cause exists. *See In re Alexander Grant & Co. Litigation*, 820 F.2d 352 (11th Cir.1987). The four factors include "[1] the severity and the likelihood of the perceived harm; [2] the precision with which the order is drawn; [3] the availability of a less onerous alternative; and [4] the duration of the order." *Id.* at 356. Additionally, the Eleventh Circuit has "superimposed a 'balancing of interests' approach to Rule 26(c)." *Id.*

(citing *Farnsworth v. Procter & Gamble Co.*, 758 F.2d 1545, 1547 (11th Cir. 1985)). "The burden of persuasion is on the party moving for a protective order." *See Corcel Corp. v. Ferguson Enterprises, Inc.*, 291 F.R.D. 680, 681 (S.D. Fla. 2013).

PMI's motion for a protective order requests the protection of sensitive and confidential information from improper disclosure during jurisdictional discovery. ECF No. 62 at 1–3. A court must articulate reasons for granting a protective order, and here, "the handling of the parties' sensitive documents and protected information" and the possible loss of "protection over trade secrets" serves as a justification for the confidentiality order. *Id.* at 2, 4; *Alexander*, 820 F.2d at 355–56. The circumstances of the requested discovery also indicate good cause to issue a confidentiality order. There appears to be no less-onerous alternative to prevent the likelihood of the potential harm. PMI's request does not encompass broad categories of documents but rather asks for a framework within which to designate sensitive information, showing the requested order is narrowly tailored in precision and duration. Therefore, PMI's Motion for a Protective Order is GRANTED.

**B. Motion to Compel Better Discovery Responses**

Plaintiff's motion for better discovery responses requested more thorough answers to previously served interrogatories and requests for production. ECF No. 69. Plaintiff's interrogatories and requests assume PMI committed the acts complained of in the complaint, while PMI maintains it has no part in the design, manufacture, marketing, or distribution of ZYN and, therefore, no relevant contacts with the State of Florida. *Id.*; ECF No. 74.

The United States Supreme Court has held that personal jurisdiction can be based on an intentional act that was "expressly aimed" at the forum state and which the

defendant knew would cause harm in the forum state. In other words, personal jurisdiction over defendants may be based on the "effects" of their conduct. *Vision Media TV Group, LLC v. Forte*, 724 F. Supp. 2d 1260, 1265 (S.D. Fla. 2010) (citing *Calder v. Jones*, 465 U.S. 783, 789 (1984)). Personal jurisdiction can be found in the connection between a company and its subsidiaries if the parent company exercises sufficient control over the actions of the subsidiaries. But PMI contends it does not exercise the kind of control over Swedish Match that could give rise to personal jurisdiction. In some cases, conducting e-commerce with Florida residents would constitute purposeful availment sufficient to show personal jurisdiction. *See Zippo Mfg. Co. v. Zippo Dot Com, Inc.*, 952 F. Supp. 1119, 1125–26 (W.D. Pa. 1997); *Thousand Oaks Barrel Co., LLC v. Deep S. Barrels LLC*, 241 F. Supp. 3d 708, 716–17 (E.D. Va. 2017) (finding personal jurisdiction exists where the defendant has a national interactive e-commerce website that generates a small amount of e-commerce sales in the forum state).

Plaintiff points to PMI's website, which lists ZYN as a smoke-free product, as proof that PMI claims ZYN as its own product and is hiding its connection with subsidiaries, including with Swedish Match, by avoiding the interrogatories and requests for production Plaintiff has already posed. However, PMI's website does not sell any products, and as Judge Dimitrouleas pointed out in his order, such a statement as found on PMI's website does not "demonstrate any contacts with Florida." ECF No. 59; *Vision Media*, 724 F. Supp. 2d at 1266 (finding no "constitutionally sufficient contacts with the state of Florida" where there was "no record evidence showing that the website at issue targeted Florida or that Defendants acted to aim their conduct at a Florida audience").

Plaintiff's Interrogatory 8 asked about PMI's involvement in e-commerce sales of ZYN throughout both the United States and the State of Florida, and Plaintiff now feels PMI's denial of e-commerce involvement in Florida is deficient. This answer is sufficient, however, to provide discovery for the narrowly tailored purposes of determining personal jurisdiction in the State of Florida as outlined by Judge Dimitrouleas. Plaintiff cannot rely on broad questions regarding marketing and sales to reach for personal jurisdiction through an e-commerce connection that may not and does not appear to exist. Overall, PMI's answers to Plaintiff's discovery requests appear to be adequate.

Plaintiff also complains PMI improperly limited its answers to some of Plaintiff's interrogatories where PMI's answer inserted the word "directly" regarding certain connections with Swedish Match, such as statements that PMI does not "directly" provide services, hold contracts or agreements with Swedish Match, or transfer funds from Swedish Match to PMI. *See, e.g.*, ECF No. 69, Interrogs. 2–3, 11 at 7–8, 14. Plaintiff believes the implication of adding "directly" indicates PMI is hiding how it indirectly influences and controls Swedish Match. ECF No. 69. The undersigned notes that some of Plaintiff's interrogatories specifically ask for information regarding assistance PMI "directly or indirectly" provides. It may, therefore, have been reasonable for PMI to include the "directly" modifier in some of its answers to interrogatories that did not specifically indicate "directly or indirectly." However, at the hearing on the matter, PMI volunteered to take out "directly" from its answers and clarify any limitation that word may have had on its answers.

If PMI included the modifier "directly" to protect information—such as indirect influence or control—that would rise to the level of exercise of control for the purposes of

establishing jurisdiction, PMI has a duty to disclose that information. Still, as Judge Dimitrouleas' order calls for narrowly tailored jurisdictional discovery based on issues raised in the complaint, which concerns only PMI and Swedish Match, PMI does not have to disclose how it conducts business with every subsidiary or disclose what every subsidiary does. PMI should adjust its answers in accordance with its offer to clarify and with the guidance above. Therefore, Plaintiff's Motion to Compel Better Discovery Responses is GRANTED in part and DENIED in part as outlined above.

**DONE AND ORDERED** at Fort Lauderdale, Florida, this 26th day of November 2024.



PATRICK M. HUNT
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
The Honorable William P. Dimitrouleas
Counsel of record