# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

Case No. 0:24-cv-60437-WPD

ZACHARY KELLY, individually, and on
behalf of all others similarly situated,

        Plaintiff,

  vs.

PHILIP MORRIS INTERNATIONAL INC.,
SWEDISH MATCH NORTH AMERICA LLC,
SWEDISH MATCH USA, INC.,
PHILIP MORRIS GLOBAL BRANDS, INC., and
PMI GLOBAL SERVICES, INC.,

        Defendants.

---

**DEFENDANTS SWEDISH MATCH NORTH AMERICA LLC'S AND SWEDISH MATCH USA, INC.'S MOTION TO DISMISS AND MEMORANDUM OF LAW IN SUPPORT**

## **TABLE OF CONTENTS**

**Page**

I. INTRODUCTION ........................................................................................................................1
II. BACKGROUND .........................................................................................................................3
III. ARGUMENT ..............................................................................................................................4
    A. Plaintiff Fails to Plead Fraud with Particularity .......................................................4
        1. Plaintiff Fails to Allege the Who, What, When, Where, and How of Fraud ................................................................................................................5
        2. Plaintiff Does Not Plead Reliance on "Tobacco-Free," Nor Could He Plausibly Plead a Causal Nexus Between that Alleged Misrepresentation and His Injury.................................................................8
    B. The Court Should Dismiss the Claims Against Swedish Match USA, Inc., Because Plaintiff Fails to Allege Any Wrongdoing by Swedish Match USA, Inc. ..............................................................................................................................10
IV. CONCLUSION.........................................................................................................................12
V. REQUEST FOR HEARING.....................................................................................................12

# **TABLE OF AUTHORITIES**

**Page(s)**

**FEDERAL CASES**

*Aguilo v. Cognizant Tech. Sols. U.S. Corp.*,
   2022 WL 2106077 (M.D. Fla. June 10, 2022) ........................................................................... 7

*Baker v. Warner/Chappell Music, Inc.*,
   2016 WL 11783326 (S.D. Fla. Sept. 28, 2016) ....................................................................... 10

*Barmapov v. Amuial*,
   2019 WL 11639545 (S.D. Fla. May 24, 2019) ....................................................................... 10

*Cellco P'ship v. Plaza Resorts, Inc.*,
   2013 WL 5436553 (S.D. Fla. Sept. 27, 2013) ......................................................................... 12

*Clark Realty Builders, LLC v. Falls at Marina Bay, L.P.*,
   2007 WL 9751799 (S.D. Fla. July 16, 2007) ............................................................................ 9

*Colgate v. JUUL Labs, Inc.*,
   345 F. Supp. 3d 1178 (N.D. Cal. 2018) .................................................................................... 6

*Euro Marine Grp., Ltd. v. Legacy Superyachts*,
   2024 WL 3762072 (S.D. Fla. Feb. 26, 2024) .......................................................................... 10

*Fischer v. Fed. Nat'l Mortg. Ass'n*,
   302 F. Supp. 3d 1327 (S.D. Fla. 2018) ................................................................................... 12

*In re Galectin Therapeutics, Inc. Secs. Litig.*,
   843 F.3d 1257 (11th Cir. 2016) ....................................................................................... 5, 6, 7

*Grills v. Philip Morris USA, Inc.*,
   645 F. Supp. 2d 1107 (M.D. Fla. 2009) .................................................................................... 6

*Joseph v. Bernstein*,
   612 F. App'x 551 (11th Cir. 2015) ......................................................................................... 11

*Koski v. Carrier Corp.*,
   347 F. Supp. 3d 1185 (S.D. Fla. 2017) ..................................................................................... 4

*Lane v. Cap. Acquisitions & Mgmt. Co.*,
   2006 WL 4590705 (S.D. Fla. Apr. 14, 2006) ......................................................................... 12

*Miranda v. Ocwen Loan Servicing, LLC*,
   148 F. Supp. 3d 1349 (S.D. Fla. 2015) ................................................................................... 11

*Omnipol, A.S. v. Multinational Def. Servs., LLC*,
  32 F.4th 1298 (11th Cir. 2022) ............................................................................................ 4, 5

*Pierson v. Orlando Reg'l. Healthcare Sys., Inc.*,
  619 F. Supp. 2d 1260 (M.D. Fla. 2009), aff'd, 451 F. App'x 862 (11th Cir.
  2012) ........................................................................................................................................ 11

*Sprint Sols., Inc. v. Fils-Amie*,
  44 F. Supp. 3d 1224 (S.D. Fla. 2014) .................................................................................. 11

*State Farm Mut. Auto. Ins. Co. v. Performance Orthopaedics & Neurosurgery, LLC*,
  278 F. Supp. 3d 1307 (S.D. Fla. 2017) ................................................................................. 4

*Thurn v. Kimberly-Clark Corp.*,
  2023 WL 4455630 (M.D. Fla. July 11, 2023) .................................................................. 7, 8

*Tran v. City of Holmes Beach*,
  817 F. App'x 911 (11th Cir. 2020) ...................................................................................... 10

*Volinsky v. Lenovo (U.S.) Inc.*,
  2024 WL 1299315 (M.D. Fla. Mar. 27, 2024) .................................................................... 6

*Wilding v. DNC Svcs. Corp.*,
  941 F.3d 1116 (11th Cir. 2019) .............................................................................................. 8

**STATE CASES**

*Prentice v. R.J. Reynolds Tobacco Co.*,
  338 So. 3d 831 (Fla. 2022) .................................................................................................. 7, 9

*Simon v. Celebration Co.*,
  883 So. 2d 826 (Fla. 5th DCA 2004) ..................................................................................... 9

*Tampa Union Terminal Co. v. Richards*,
  146 So. 591 (Fla. 1933) ........................................................................................................... 9

*Wyeth, Inc. v. Gottlieb*,
  930 So. 2d 635 (Fla. 3d DCA 2006) ...................................................................................... 1

**CASES - OTHER**

*Lendinara v. Philip Morris International, Inc.*,
  No. 0:24-cv-61371 ................................................................................................................... 2

*Palmer v. Philip Morris International, Inc.*,
  No. 0:24-cv-60522 ................................................................................................................... 2

**FEDERAL RULES**

Fed. R. Civ. Proc. 12(b)(6) ................................................................................................1, 10

Rule 8 ................................................................................................................................10, 11, 12

Rule 9(b) ............................................................................................................................ 1, passim

**TREATISES**

Restatement (Third) of Torts: Liability for Economic Harm § 11 (Am. L. Inst. 2020) ......................................................................................................................................9

Pursuant to Federal Rule of Civil Procedure 12(b)(6), Defendants Swedish Match North America LLC ("SMNA") and Swedish Match USA, Inc. ("SM USA") respectfully move to dismiss Count IV (Fraudulent Concealment) of the Amended Class Action Complaint ("Amended Complaint") filed by Plaintiff Zachary Kelly (Dkt. No. 87). Separately, SM USA respectfully moves to dismiss all claims against it in the Amended Complaint.

## I.   INTRODUCTION

This Court previously dismissed Plaintiff's fraud claim as insufficiently pleaded under Rule 9(b). The Court granted leave to amend, but Plaintiff's Amended Complaint makes only cursory changes to his fraud allegations. Because those allegations fall far short of curing the deficiencies in Plaintiff's fraud claim, it should be dismissed with prejudice.[1]

In its dismissal ruling, the Court found that Plaintiff's "general references" to marketing that promoted ZYN as "tobacco free," allegations that he began using ZYN around 2019, and allegations that he "was influenced by ZYN's marketing and advertising" were "overly broad, vague, and too indeterminate for purposes of Rule 9(b)." Order on Mot. to Dismiss at 13–14, Dkt. No. 58. The Court made clear that, to satisfy Rule 9(b), Plaintiff would need to "specifically

---

[1] Each of Plaintiff's claims fails to remove language requesting medical monitoring that appeared in his original complaint, despite removing medical monitoring from his prayer for relief. Am. Compl. ¶¶ 95, 109, 126, 140 (repeating allegations verbatim from paragraphs 69, 83, 100, and 113 of the original complaint). This Court has already dismissed Plaintiff's request for medical monitoring because Plaintiff did "not allege all the required elements of a medical monitoring claim." Order on Mot. to Dismiss at 15; *see also Wyeth, Inc. v. Gottlieb*, 930 So. 2d 635, 640 (Fla. 3d DCA 2006). The Amended Complaint does not add any new allegations related to medical monitoring, for example, "that monitoring procedures exist for these disorders, that screening for these disorders is different from that normally recommended in the absence of the exposure, or that a monitoring procedure is reasonably necessary according to contemporary scientific principles." Order on Mot. to Dismiss at 15. To the extent that Plaintiff is still pursuing his request for medical monitoring, that request should be dismissed.

1

identify what advertisements Plaintiff viewed (or the specific contents thereof), when he viewed them, [and] how they were misleading." *Id.* at 13.

Plaintiff's Amended Complaint fails to correct those deficiencies. Plaintiff added only a handful of words to his fraud allegations. Rather than follow the Court's instructions to identify what advertisements he saw and when he saw them, Plaintiff added one new sentence: that he "has seen Zyn advertising on FaceBook and other forms of social media, of the type contained in this complaint, which suggests, falsely, that Zyn is not a tobacco product [or that Zyn is tobacco-free], and that Zyn is not harmful to one's health." Am. Compl. ¶¶ 8, 136, Dkt. No. 87. In fact, Mr. Kelly and two other plaintiffs, Mr. Palmer and Mr. Lendinara,[2] added that same generic sentence to their nearly identical complaints.

None of those three plaintiffs identifies any particular advertisement he allegedly saw, when he saw it, where he saw it (other than vague references to Facebook or other social media), or how he was purportedly misled by any particular misrepresentation or omission. The closest Plaintiff gets to particularized pleading is his allegation that he saw the statement "tobacco-free" in ZYN advertising. But he does not allege with particularity when or where he saw that alleged misrepresentation, or, more importantly, how it made any difference to his decision to use ZYN. Nor could Plaintiff plausibly allege the statement caused his alleged addiction injury, given that the product label clearly warns that ZYN contains addictive nicotine. Just like his last complaint, Plaintiff's fraud claim fails to meet the requirements of Rule 9(b).

---

[2] Mr. Palmer's case before this Court is *Palmer v. Philip Morris International, Inc.*, No. 0:24-cv-60522. Mr. Lendinara's, also before this Court, is *Lendinara v. Philip Morris International, Inc.*, No. 0:24-cv-61371. SMNA and SM USA have filed substantively the same motion to dismiss in all three cases.

2

Separately, all claims against newly-added defendant SM USA should be dismissed because Plaintiff fails to plead any facts to show that SM USA engaged in any conduct independent of SMNA. The Amended Complaint includes one new sentence alleging that SM USA is the sole member of SMNA (essentially, the owner), and a second new sentence alleging the citizenship of SM USA. Am. Compl. ¶¶ 9, 10. The Amended Complaint then defines SMNA and SM USA collectively as "Swedish Match," *id.* ¶ 10, and goes on to repeat exactly the same allegations about this collective Swedish Match entity as it originally made about SMNA alone. Because the Amended Complaint makes no non-conclusory allegations against SM USA and fails to put SM USA on notice of the claims against it, SM USA should be dismissed.

## II.  BACKGROUND

Plaintiff's fraudulent concealment claim is based on essentially the same allegations as his previously dismissed fraud claim. Plaintiff's original complaint alleged that (1) Defendants engaged in deceptive marketing techniques, particularly targeted toward minors, that were intended to portray ZYN as "cool and safe alternatives to combustible cigarettes and e-cigarettes" and that misrepresented or omitted key facts concerning ZYN's "nicotine content, addictiveness, flavoring content and safety," including various alleged health effects; and (2) Plaintiff began using ZYN around 2019 and "was influenced by ZYN's marketing and advertising," with general references to marketing and advertising that promote ZYN as "tobacco free," safe and not harmful, and which concealed the risks associated with ZYN. Order on Mot. to Dismiss at 12–14.

This Court ruled that "Plaintiff's fraud claim does not satisfy Rule 9(b) because Plaintiff fails to specifically identify what advertisements Plaintiff viewed (or the specific contents thereof), when he viewed them, or how they were misleading." Order on Mot. to Dismiss at 13. The Court also recognized that "because Plaintiff's claims of omission/concealment rely on the same vague references to ZYN's marketing and advertising, the alleged omissions/concealments do not satisfy

3

Rule 9(b) either." *Id.* at 14. With clear instructions for what Plaintiff must plead to satisfy Rule 9(b), the Court dismissed Plaintiff's fraud claim with leave to amend. *Id.* at 16.

The Amended Complaint adds several new entities as defendants, including Swedish Match USA, Inc. However, the Amended Complaint makes only minimal changes to the fraud allegations. *See* Ex. 1, Amended Complaint Redline.

### III.   ARGUMENT

#### A.   Plaintiff Fails to Plead Fraud with Particularity

Plaintiff's fraudulent concealment claim should be dismissed because it still fails to plead fraud with the particularity required by Rule 9(b).

As the Court already recognized in this case, to plead a fraud claim, Plaintiff must allege facts sufficient to establish "(1) a false statement concerning a material fact; (2) the representor's knowledge that the representation is false; (3) an intention that the representation induce another to act on it; and (4) consequent injury by the party acting in reliance on the representation." Order on Mot. to Dismiss at 13 (quoting *State Farm Mut. Auto. Ins. Co. v. Performance Orthopaedics & Neurosurgery, LLC*, 278 F. Supp. 3d 1307, 1317 (S.D. Fla. 2017)). Similarly, to state a fraudulent concealment claim, Plaintiff must allege that "(1) the defendant concealed or failed to disclose a material fact; (2) the defendant knew or should have known that the material fact should be disclosed; (3) the defendant knew its concealment of the fact would induce the plaintiff to act; (4) the defendant had a duty to disclose the material fact; and (5) the plaintiff relied on the misrepresentation to his or her detriment." *Koski v. Carrier Corp.*, 347 F. Supp. 3d 1185, 1196 (S.D. Fla. 2017).

A claim for fraud or fraudulent concealment must meet the heightened pleading standard of Rule 9(b). *Koski*, 347 F. Supp. 3d at 1196. Rule 9(b) requires a plaintiff to identify specifically "the who, what, when, where, and how of the fraud alleged." *Omnipol, A.S. v. Multinational Def.*

4

*Servs., LLC*, 32 F.4th 1298, 1307 (11th Cir. 2022). Plaintiff is "require[d] . . . to set forth: (1) precisely what statements or omissions were made in which documents or oral representations; (2) the time and place of each such statement and the person responsible for making (or, in the case of omissions, not making) them; (3) the content of such statements and the manner in which they misled the plaintiff, and; (4) what the defendant obtained as a consequence of the fraud." *In re Galectin Therapeutics, Inc. Secs. Litig.*, 843 F.3d 1257, 1269 (11th Cir. 2016).

### 1. Plaintiff Fails to Allege the Who, What, When, Where, and How of Fraud

Plaintiff's previous complaint failed to identify "the who, what, when, where, and how of the fraud alleged," *Omnipol*, 32 F.4th at 1307, and his Amended Complaint does no better. Plaintiff's new complaint adds just one sentence about the "the who, what, when, where, and how" of his fraud claim: "Plaintiff has seen Zyn advertising on FaceBook and other forms of social media, of the type contained in this complaint, which suggests, falsely, that Zyn is not a tobacco product [or that Zyn is tobacco-free], and that Zyn is not harmful to one's health." Am. Compl. ¶¶ 8, 136. That allegation is a far cry from "specifically identify[ing] what advertisements Plaintiff viewed (or the specific contents thereof), when he viewed them, or how they were misleading." Order on Mot. to Dismiss at 13. In fact, all three plaintiffs in these three related cases add this same generic sentence—a good indication that Plaintiff has not pleaded with the required specificity.

*First*, the Amended Complaint fails to allege with particularity the "what." Plaintiff never identifies any specific ads that he allegedly viewed, much less the specific statements upon which he relied. Plaintiff instead repeats the vague allegations that he "was influenced by Zyn's marketing and advertising, which drove his purchases of Zyn," Am. Compl. ¶ 8, which the Court already found were insufficient. Order on Mot. to Dismiss at 13–14. Indeed, Plaintiff's one

5

additional allegation says only that he saw "Zyn advertising . . . of the type contained in this complaint," Am. Compl. ¶ 8, essentially conceding that he cannot allege having seen any particular advertisements. See also *id.* ¶ 136 (similar). And although Plaintiff again alleges generally that Defendants misrepresented facts concerning ZYN's "nicotine content, addictiveness, flavoring content and safety," *id.* ¶ 129, and concealed that ZYN can cause certain health effects, *id.* ¶¶ 8, 132, that is not enough to meet Plaintiff's burden to explain "precisely what statements were made in what documents or oral representations or what omissions were made" and "how this statement 'misled' him" or "what effect at all, if any, this omission had upon him in his decision to begin [using] Defendants' products." *See Grills v. Philip Morris USA, Inc.*, 645 F. Supp. 2d 1107, 1124 (M.D. Fla. 2009) (internal quotation marks omitted). Such vague allegations make it impossible for Defendants (or the Court) to "determine precisely what statements were allegedly false, misleading, or unfair." *Colgate v. JUUL Labs, Inc.*, 345 F. Supp. 3d 1178, 1191 (N.D. Cal. 2018); *see also* Order on Mot. to Dismiss at 14.

*Second*, Plaintiff again fails to allege with particularity "the time and place of each such statement." *Galectin*, 843 F.3d at 1269; Order on Mot. to Dismiss at 13–14. As to "when," Plaintiff continues to allege that he "was influenced by [unspecified] marketing and advertising, which drove his purchases of Zyn when he began using Zyn," which occurred "in or about 2019." Am. Compl. ¶ 8. But "the mere suggestion that a fraudulent misrepresentation occurred . . . at some indeterminate time in the year 2019 does not satisfy Rule 9(b)." *Volinsky v. Lenovo (U.S.) Inc.*, 2024 WL 1299315, at *8 (M.D. Fla. Mar. 27, 2024); Order on Mot. to Dismiss at 14. The Amended Complaint adds the allegation that Plaintiff "continued" to be influenced by ZYN advertising "through the time Philip Morris International, Inc., acquired Swedish Match" in 2022.

Am. Compl. ¶ 8.  But far from adding specificity, this amendment only makes his "time and place" allegations even more vague and unspecific.

As to "where," Plaintiff alleges only that he saw ZYN advertising on "FaceBook and other forms of social media."  Am. Compl. ¶¶ 8, 136.  That minimal additional detail does not satisfy Rule 9(b).  *See Aguilo v. Cognizant Tech. Sols. U.S. Corp.*, 2022 WL 2106077, at *4 (M.D. Fla. June 10, 2022) (finding an allegation that defendant concealed information "during the onboarding process and throughout the Plaintiffs' employment" insufficient to state the "time and place of each omission" under Rule 9(b)) (citing *Galectin*, 843 F.3d at 1269).  Plaintiff does not state or even suggest on which Facebook or other social media page he saw advertisements (or even on which other social media *platform*), which advertisements he saw, who posted them (or even whether content he allegedly saw had any connection to SMNA as opposed to content from a ZYN user), or when he saw them.

*Third*, Plaintiff fails to allege how any advertising misled him.  Reliance is "an indispensable aspect of proving causation in a fraud claim," and it "means that a plaintiff has entered a transaction in whole or in part because of the defendant's fraudulent conduct."  *Prentice v. R.J. Reynolds Tobacco Co.*, 338 So. 3d 831, 838 (Fla. 2022); *see also Thurn v. Kimberly-Clark Corp.*, 2023 WL 4455630, at *4–5 (M.D. Fla. July 11, 2023).  Plaintiff's Amended Complaint adds a sentence to allege that he "did not know that Defendants were concealing information to Plaintiff regarding potential health effects and the potency of the nicotine addiction," Am. Compl. ¶ 8, and he later alleges generally that Defendants "concealed that the nicotine in Zyn can cause cognitive and mental health injuries, periodontal disease, vascular injuries [and] . . . was powerfully addictive," *id.* ¶ 132.  But Plaintiff adds no new allegations to explain how he relied on any alleged omission.  He does not allege any particular "statements [he] received and relied

7

upon before purchasing" ZYN. *Thurn*, 2023 WL 4455630, at *5 (dismissing fraudulent concealment claim for lack of specificity).

Notably, Plaintiff fails to connect the newly alleged omissions to any of his own conduct or (as explained below) his alleged injury. He fails to say how he would have acted differently if SMNA had disclosed any allegedly withheld information, a deficiency in the pleading that is particularly acute because the prominent nicotine and addiction warning on ZYN's packaging plainly put Plaintiff on notice that the product contained nicotine and that nicotine is addictive. As other courts have held, this type of "bare allegation of reliance on alleged misrepresentations, bereft of any additional detail, will not suffice under Rule 9(b)." *Wilding v. DNC Svcs. Corp.*, 941 F.3d 1116, 1128 (11th Cir. 2019).

Because Plaintiff has again failed to allege the what, when, where, or how of the purported fraud, his fraudulent concealment claim must be dismissed with prejudice.

### 2. Plaintiff Does Not Plead Reliance on "Tobacco-Free," Nor Could He Plausibly Plead a Causal Nexus Between that Alleged Misrepresentation and His Injury

The single affirmative statement that Plaintiff now alleges he saw—a statement in ZYN advertising "that Zyn is tobacco-free," Am. Compl. ¶ 136—is also insufficient to satisfy Rule 9(b), for two reasons.

*First*, Plaintiff fails to allege what advertisement he saw that contained the "tobacco-free" language, when or where he saw it (except "on Face Book"), and whether or how he relied on that statement. Plaintiff acknowledges that ZYN "pouches do not contain the tobacco leaf itself" but alleges that "tobacco-free" is misleading because "[t]he nicotine in Zyn is derived from tobacco leaf." Am. Compl. ¶ 42. But he does not specifically allege that the "tobacco-free" statement made any difference in his decision to use ZYN. That makes sense, because he must have known that the product contains nicotine based on its prominent label warning: "This product contains

8

nicotine." *E.g.*, Am. Compl. ¶ 2. And the Amended Complaint does not allege any difference between nicotine "derived from tobacco leaf" and synthetically-created nicotine. *See Prentice*, 338 So. 3d at 838 ("[T]here can be no reliance . . . if the plaintiff would have acted the same way regardless of whether the defendant had made the misrepresentation.") (citing Restatement (Third) of Torts: Liability for Economic Harm § 11 (Am. L. Inst. 2020)). Because Plaintiff alleges no other particulars about seeing "tobacco-free" in advertising and cannot plausibly allege that he would have acted differently if the nicotine in ZYN were not derived from tobacco leaf, his "tobacco-free" allegation does not pass muster under Rule 9(b).

*Second*, Plaintiff cannot plausibly plead a causal nexus between "tobacco-free" and his purported injury. "[F]raud cannot form the basis for recovery of damages unless the damages directly arise from the fraud and are causally connected to the fraud." *Simon v. Celebration Co.*, 883 So. 2d 826, 833 (Fla. 5th DCA 2004) (citing *Tampa Union Terminal Co. v. Richards*, 146 So. 591, 594 (Fla. 1933)). Plaintiff claims he is addicted to the nicotine contained in ZYN and has suffered "personal injuries," but he does not specify what any of those injuries are. Am. Compl. ¶ 8. Plaintiff does not (and could not plausibly) allege that his addiction to nicotine would be any different whether the nicotine was "derived from tobacco leaf," Am. Compl. ¶ 42, or created synthetically. *See Clark Realty Builders, LLC v. Falls at Marina Bay, L.P.*, 2007 WL 9751799, at *4–5 (S.D. Fla. July 16, 2007) (dismissing fraudulent inducement counterclaim under Rule 9(b) and denying leave to amend because the damages allegations were "purely conclusory," did not use "specific, ultimate facts," and failed to allege damages "causally connected to the fraud"). Nor can Plaintiff plausibly plead he was deceived as to nicotine's addictiveness when the label prominently warned: "Nicotine is an addictive chemical." Am. Compl. ¶ 2. The lack of a causal

9

connection between "tobacco-free" and Plaintiff's alleged injury is an independent reason that Plaintiff's "tobacco-free" allegation is insufficient to state a claim.

### B. The Court Should Dismiss the Claims Against Swedish Match USA, Inc., Because Plaintiff Fails to Allege Any Wrongdoing by Swedish Match USA, Inc.

The amended complaint fails to state a claim against newly-added defendant Swedish Match USA, Inc. ("SM USA") because there are no actual allegations of wrongdoing by SM USA, SMNA's parent company. In adding SM USA to the case, Plaintiff does nothing other than define SMNA and SM USA collectively as "Swedish Match" and then repeat all of the same allegations that the original complaint made about SMNA alone. Am. Compl. ¶¶ 9–10. Because the amended complaint makes no non-conclusory allegations against SM USA and fails to differentiate between SMNA and SM USA, Plaintiff has not met the Rule 8 pleading standard, and SM USA should be dismissed.

As this Court has recognized many times, mere conclusory allegations will not suffice to state a claim that is plausible under Rule 12(b)(6). *See, e.g.*, *Euro Marine Grp., Ltd. v. Legacy Superyachts*, 2024 WL 3762072, at *2 (S.D. Fla. Feb. 26, 2024); *Barmapov v. Amuial*, 2019 WL 11639545, at *2–3 (S.D. Fla. May 24, 2019) (Dimitrouleas, J.). A comparison of the original and amended complaints demonstrates that the "allegations" against SM USA are merely conclusory. For every allegation that Plaintiff originally made against SMNA, he has now simply changed the reference to "Swedish Match Defendants." *See* Am. Compl. ¶ 10 (defining SMNA and SM USA collectively as "Swedish Match Defendants," which is then used throughout the Amended Complaint). That kind of "blanket assertion" that a defendant has engaged in wrongful conduct has repeatedly been found not to meet the Rule 8 pleading standard. *See, e.g.*, *Tran v. City of Holmes Beach*, 817 F. App'x 911, 914–15 (11th Cir. 2020); *Baker v. Warner/Chappell Music, Inc.*, 2016 WL 11783326, at *5 (S.D. Fla. Sept. 28, 2016) (granting a motion for more definite

10

statement because an amended complaint "allege[d], in conclusory fashion, that 'Defendants' engaged in certain conduct"); *Miranda v. Ocwen Loan Servicing, LLC*, 148 F. Supp. 3d 1349, 1356 (S.D. Fla. 2015).

Furthermore, while complaints "may plead claims against multiple defendants by referring to them collectively," they must do so in a manner that "give[s] each defendant notice of the claims against it." *Sprint Sols., Inc. v. Fils-Amie*, 44 F. Supp. 3d 1224, 1227 (S.D. Fla. 2014). If the complaint "indiscriminately groups the defendants together . . . without articulating the factual basis for each Defendant's liability," particularly when the defendants could not possibly have engaged in identical conduct, "[the complaint] fails to comply with the minimum standard of Rule 8." *Joseph v. Bernstein*, 612 F. App'x 551, 555 (11th Cir. 2015); *Pierson v. Orlando Reg'l. Healthcare Sys., Inc.*, 619 F. Supp. 2d 1260, 1273–74 (M.D. Fla. 2009) (complaint raising group allegations "without differentiation or some sort of description of actions that could provide 'fair notice' of the basis for the claims against" the individuals comprising the group was not sufficient), *aff'd*, 451 F. App'x 862 (11th Cir. 2012).

When Plaintiff added SM USA to his Amended Complaint, he simply added SM USA to every allegation that he previously made against SMNA. *See* Am. Compl. ¶ 10 (defining SMNA and SM USA collectively as "Swedish Match Defendants," which is then used throughout the Amended Complaint). Plaintiff makes no effort to distinguish *any* purported conduct performed by SM USA from SMNA's conduct, and it is implausible that both defendants performed all of the conduct alleged in the Amended Complaint. For example, the Amended Complaint alleges that both entities "designed[,] manufactured, assembled, inspected, tested (or not), packaged, labeled, marketed, advertised, promoted, supplied, distributed, and/or sold Zyn." Am. Compl. ¶ 128; *see also id.* ¶¶ 97, 111, 113. It is not plausible that both defendants carried out all of these

11

acts. *See Fischer v. Fed. Nat'l Mortg. Ass'n*, 302 F. Supp. 3d 1327, 1334 (S.D. Fla. 2018) (requiring re-pleading of group allegations that could not conceivably have been carried out by multiple defendants); *Lane v. Cap. Acquisitions & Mgmt. Co.*, 2006 WL 4590705, at *5 (S.D. Fla. Apr. 14, 2006) (dismissing claims against, among others, a parent corporation and its subsidiary because "lumping all the defendants together in each claim and providing no factual basis to distinguish their conduct" "fail[ed] to satisfy the minimum standard of Rule 8"). Nor does the Amended Complaint allege that the two entities coordinated their activities, or that one controls the other's activities. *See Cellco P'ship v. Plaza Resorts, Inc.*, 2013 WL 5436553, at *7 (S.D. Fla. Sept. 27, 2013) (requiring re-pleading where group allegations were accompanied by "conclusory" statements that the defendants were "affiliated" and "act in concert").

Because the addition of SM USA is not accompanied by any SM USA-specific allegations, the Amended Complaint does not properly provide SM USA notice of the claims against it, and those claims should be dismissed.

### IV.    CONCLUSION

Count IV of Plaintiff's Amended Complaint should be dismissed for failure to plead fraud with particularity under Rule 9(b). All claims against SM USA should be dismissed for failure to state a claim.

### V.    REQUEST FOR HEARING

Pursuant to Local Rule 7.1(b)(2), Defendants SMNA and SM USA respectfully request 10 minutes of oral argument on this motion because the motion raises multiple grounds for dismissal and so that Defendants may respond to any questions the Court may have.

Dated:  December 18, 2024               Respectfully submitted,


                                         /s/ Gary A. Orseck

                                        **DANIEL B. LEVIN** (*admitted pro hac vice*)
                                        **BETHANY W. KRISTOVICH** (*admitted pro hac vice*)
                                        Primary Email: daniel.levin@mto.com
                                        MUNGER, TOLLES & OLSON LLP
                                        350 South Grand Ave., 50th Floor
                                        Los Angeles, CA 90071
                                        Tel: (213) 683-9100
                                        Fax: (213) 687-3702

                                        *Attorneys for Defendant Swedish*
                                        *Match North America, LLC*

                                        **GARY A. ORSECK**
                                        Florida Bar No. 846015
                                        Primary Email: gorseck@kramerlevin.com
                                        KRAMER LEVIN NAFTALIS & FRANKEL LLP
                                        2000 K Street N.W., 4th Floor
                                        Washington, DC 20006
                                        Tel: (202) 775-4500
                                        Fax: (202) 775-4510

                                        *Attorney for Defendants Swedish*
                                        *Match North America, LLC and*
                                        *Swedish Match USA, Inc.*

13