UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 24-60437-CIV-DIMITROULEAS

ZACHARY KELLY,

    Plaintiff,

v.

PHILIP MORRIS INTERNATIONAL INC.,
SWEDISH MATCH NORTH AMERICA,
LLC, SWEDISH MATCH USA, INC., PHILIP
MORRIS GLOBAL BRANDS, INC., and PMI
GLOBAL SERVICES, INC.

    Defendants.
_____/

## ORDER ON DEFENDANT SWEDISH MATCH NORTH AMERICA LLC'S and SWEDISH MATCH USA, INC'S MOTION TO DISMISS

THIS CAUSE is before the Court upon Defendants Swedish Match North America LLC's (SMNA) and Swedish Match USA, Inc., (SM USA) Motion to Dismiss Plaintiff's Complaint [DE 89]. The Court has carefully considered the Motion [DE 89], the Response [DE 107], the Reply [DE 112], the record in this case, and is otherwise advised in the premises.

## BACKGROUND

On December 4, 2024, Plaintiff Zachary Kelly ("Plaintiff" or "Kelly") filed a four-count amended complaint against Defendants Philip Morris International, Inc. ("PMI"), Swedish Match North America, LLC ("Swedish Match"), Swedish Match USA, Inc., Phillip Morris Global Brands, Inc., and PMI Global Services, Inc., (collectively, "Defendants") arising out of alleged injuries Plaintiff suffered from using ZYN, an oral nicotine pouch product allegedly manufactured, sold, and advertised by Defendants. *See* [DE 87].

According to the allegations of the Amended Complaint [DE 87]:

Swedish Match North America, LLC and Swedish Match, USA are citizens of the state of Virginia. [DE 54] at ¶ 9, 10. PMI is a Connecticut corporation incorporated in Virginia that "bought ZYN" in 2022. *Id.* ¶¶ 12, 16, 60. Defendants Phillip Morris Global Brands, Inc. and PMI Global Services, Inc. are Connecticut corporations incorporated in the state of Delaware *Id.* ¶¶ 13,14. Defendants design, manufacture, market, advertise, promote, and distribute and sell ZYN in the United States. *Id.* at ¶ 10.

Plaintiff Kelly is a citizen of Florida who began using ZYN when he was a teenager in 2019. *Id.* at ¶ 8. He was enticed by the flavors and by ZYN's marketing and advertising. *Id.* Plaintiff did not know of ZYN's unreasonably dangerous characteristics when he began using the product. *Id.* . Plaintiff claims he is addicted to the nicotine contained in ZYN and has suffered personal injuries as a result of his ZYN use. *Id.*

According to Plaintiff, ZYN delivers a potent dose of nicotine and is unreasonably dangerous, and therefore defective, particularly for youth, because it creates and sustains an addiction to nicotine. *Id.* at ¶¶ 1, 61. Plaintiff claims that Defendants falsely maintain that ZYN is a smokeless nicotine replacement therapy from cigarettes or e-cigarettes, despite the nicotine concentration levels in ZYN exceeding the levels found in nicotine replacement therapies. *Id.* at ¶¶ 21, 47. Plaintiff also claims that Defendants falsely maintain that Zyn is "tobacco-free" even though the nicotine in ZYN is derived from tobacco. *Id.* at ¶¶ 5, 48. ZYN warns on its packaging that "[t]his product contains nicotine. Nicotine is an addictive chemical." *Id.* at ¶¶ 3, 70. Plaintiff claims that this warning is insufficient to communicate the true extent of the dangers posed by ZYN.

Plaintiff alleges that the Court has personal jurisdiction over Defendants because "they have committed the acts complained of herein in this State and in this District" and "they have

engaged in substantial, systematic and continuous contacts with this State," including by "regularly conducting and soliciting business in this State and this District, deriving substantial revenue from products and/or services provided to persons in this State and in this District, and in some circumstances, from products and services provided from persons in this State." *Id.* at ¶ 38.

Based upon the foregoing, Plaintiff brings four causes of action against Defendants : strict liability – design defect (Count I); strict liability – failure-to-warn (Count II); negligence (Count III); and fraudulent concealment (Count IV). Plaintiff seeks compensatory and punitive damages, as well as medical monitoring. On August 19, 2024, this Court denied Defendant's motions to dismiss the first three counts but granted a motion to dismiss a fraud count and a request for medical monitoring, without prejudice. [DE 58]. This Amended complaint was filed [DE 87] and this motion to dismiss [DE 89] was filed.

Defendants now seek dismissal of the fraudulent concealment claims against them for failure to plead fraud with particularity and for failure to plead reliance or a causal nexus between the misrepresentation and Plaintiff's injury. Defendants also seek a dismissal again of any request for medical monitoring. Plaintiff has withdrawn that request [DE 107, p. 1, fn. 1]. SM USA argues that the amended complaint fails to allege any wrongdoing on its part.

The Court finds there are still insufficient allegations to support the fraudulent concealment count. However, the Court finds that the allegations against Swedish Match USA satisfy the Rule 8 requirements.

## **CONCLUSION**

Accordingly, it is hereby **ORDERED AND ADJUDGED** as follows:

1. Defendants' Motion to Dismiss Count IV of Plaintiff's Complaint [DE 89] is

    **Granted, with prejudice.** Defendant Swedish Match USA's Motion to Dismiss is

**Denied**.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 19th day of March 2025.

*/s/ William P. Dimitrouleas*
WILLIAM P. DIMITROULEAS
United States District Judge

Copies provided to:
Counsel of record