# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| ZACHARY KELLY, individually and on behalf of all others similarly situated,<br><br>      Plaintiff,<br> vs.<br><br>PHILIP MORRIS INTERNATIONAL, INC., SWEDISH MATCH NORTH AMERICA, LLC, SWEDISH MATCH USA, INC., PHILIP MORRIS GLOBAL BRANDS, INC., and PMI GLOBAL SERVICES, INC.,<br>      Defendants. | Case No. 0:24-60437-CIV-DIMITROULEAS/HUNT |
| KOVADIS PALMER,<br><br>      Plaintiff,<br> vs.<br><br>PHILIP MORRIS INTERNATIONAL, INC., SWEDISH MATCH NORTH AMERICA, LLC, SWEDISH MATCH USA, INC., PHILIP MORRIS GLOBAL BRANDS, INC., and PMI GLOBAL SERVICES, INC.,<br>      Defendants. | Case No. 0: 24-60522-CIV-DIMITROULEAS/HUNT |
| NICHOLAS LENDINARA,<br><br>      Plaintiff,<br> vs.<br><br>PHILIP MORRIS INTERNATIONAL, INC., SWEDISH MATCH NORTH AMERICA, LLC, SWEDISH MATCH USA, INC., PHILIP MORRIS GLOBAL BRANDS, INC., and PMI GLOBAL SERVICES, INC.,<br>      Defendants. | Case No. 0: 24-61371-CIV-DIMITROULEAS/HUNT |

| | |
|---|---|
| ALANNAH FRIEDMAN, | ) Case No. 0:25-60640-CIV-<br>) DIMITROULEAS/HUNT |
| Plaintiff, | ) |
| vs. | ) |
| | ) |
| PHILIP MORRIS INTERNATIONAL, INC., | ) |
| SWEDISH MATCH NORTH AMERICA, | ) |
| LLC, SWEDISH MATCH USA, INC., | ) |
| PHILIP MORRIS GLOBAL BRANDS, | ) |
| INC., and PMI GLOBAL SERVICES, INC., | ) |
| Defendants. | |

**DEFENDANTS' UNOPPOSED OMNIBUS MOTION FOR CONSOLIDATION OF DISCOVERY WITH RELATED CASES AND ENTRY OF PROTECTIVE ORDER**

Defendants Philip Morris International Inc., Philip Morris Global Brands, Inc., and PMI Global Services, Inc. (the "PMI Defendants") and Swedish Match North America LLC and Swedish Match USA, Inc. (the "Swedish Match Defendants," and together with the PMI Defendants, "Defendants") hereby jointly move to consolidate the following related cases for discovery purposes only: *Kelly v. Philip Morris International Inc., et al.*, No. 0:24-cv-60437 (filed March 19, 2024) (the "*Kelly* Action"); *Palmer v. Swedish Match North America LLC, et al.*, No. 0:24-cv-60522 (filed April 3, 2024) (the "*Palmer* Action"); *Lendinara v. Philip Morris International Inc., et al.*, No. 0:24-cv-61371 (filed July 30, 2024) (the "*Lendinara* Action"); and *Friedman v. Philip Morris International Inc., et al.*, No. 0:25-cv-60640 (filed April 2, 2025) (the "*Friedman* Action," and together with the *Kelly* Action, *Palmer* Action, and *Lendinara* Action the "Related Actions"). Consolidating the Related Actions for discovery purposes would promote and enhance judicial efficiency, ensure discovery is not needlessly duplicated, and reduce the overall resources expended in these substantially related matters.

Defendants further move to enter in the Related Actions the protective order attached hereto as **Exhibit A**. The Court has previously granted Defendants' motion for entry of this

protective order in the *Kelly* Action, *see* ECF Nos. 62-1, 86, and Defendants ask that the Court enter the same protective order in the other Related Actions.

Plaintiffs in the Related Actions do not oppose this motion. In support of this motion, Defendants state:

### I. BACKGROUND

1. Plaintiff's counsel in the Related Actions are Jeffrey L. Haberman, Jonathan R. Gdanski, and Scott P. Schlesinger of Schlesinger Law Offices, P.A.

2. On March 19, 2024, Plaintiff Zachary Kelly filed this action against Philip Morris International Inc. and Swedish Match North America LLC. *Kelly* Action, ECF No. 1.

3. On April 3, 2024, Plaintiff Kovadis Palmer filed the *Palmer* Action against Philip Morris International Inc. and Swedish Match North America LLC. *Palmer* Action, ECF No. 1.

4. On April 12, 2024, the *Palmer* Action was transferred to this Court following Swedish Match North America LLC's Motion for Intradistrict Transfer. *Palmer* Action, ECF No. 8.

5. On July 30, 2024, Plaintiff Nicholas Lendinara filed the *Lendinara* Action against Philip Morris International Inc. and Swedish Match North America LLC. *Lendinara* Action, ECF No. 1.

6. On August 13, 2024, the *Lendinara* action was transferred to this Court following Swedish Match North America LLC's Motion for Intradistrict Transfer. *Lendinara* Action, ECF No. 7.

7. On September 19, 2024, the Court granted Defendants' Unopposed Motion to Adopt Rulings in Related Case in the *Lendinara* Action. *Lendinara* Action, ECF No. 23. That Order granted the motion to adopt the rulings in the *Palmer* Action concerning Defendants'

3

motions to dismiss and Plaintiff's motion for jurisdictional discovery.

8. On October 4, 2024, Defendants moved for entry of a protective order in the *Kelly* Action. *Kelly* Action, ECF No. 62. A copy of this protective order is attached hereto as **Exhibit A**. *See Kelly* Action, ECF No. 62-1. The Court granted the motion for entry of this protective order in *Kelly* on November 26, 2024. *Kelly* Action, ECF No. 86.

9. Following the Court's Orders in both the *Kelly* Action and the *Palmer* Action on Defendants' Motions to Dismiss, Plaintiffs in the *Kelly* Action, *Palmer* Action, and *Lendinara* Action each filed an Amended Complaint. The Amended Complaint in the *Kelly* Action [ECF No. 87] is substantially identical to the *Palmer* and *Lendinara* Amended Complaints [ECF Nos. 54 and 30, respectively]. All three Amended Complaints assert the same causes of action against the same Defendants, with the exception that the Amended Complaint in this action also asserts class claims.

10. On March 18, 2025, following briefing on Defendants' nearly identical motions to dismiss the Amended Complaint in the Related Actions, the Court issued substantively identical Orders in the *Kelly* and *Palmer* Actions denying the PMI Defendants' motion to dismiss and granting in part and denying in part the Swedish Match Defendants' motion to dismiss. *See Kelly* Action, ECF Nos. 118, 119; *Palmer* Action, ECF Nos. 81, 82. The next day, the Court issued substantively identical Orders in the *Lendinara* Action. *Lendinara* Action, ECF Nos. 57, 58.

11. On April 2, 2025, Defendants filed responses to the Amended Complaints in the *Kelly* Action, the *Palmer* Action, and the *Lendinara* Action. *See Kelly* Action, ECF Nos. 121-125; *Palmer* Action, ECF Nos. 84-88; *Lendinara* Action, ECF Nos. 61-64, 66.

12. Also on April 2, 2025, Plaintiff Alannah Friedman filed the *Friedman* Action against Defendants. *Friedman* Action, ECF No. 1. The *Friedman* complaint [ECF No.1] is substantially identical to the *Kelly*, *Palmer*, and *Lendinara* Amended Complaints [ECF Nos. 87,

4

54, and 30, respectively]. All four operative complaints in the Related Actions assert the same causes of action against the same Defendants, with the exception that the Amended Complaint in the *Kelly* Action also asserts class claims.

13. On May 6, 2025, Defendants filed responses to the Complaint in the *Friedman* Action, ECF Nos. 19-23.

14. On May 9, 2025, the *Friedman* action was transferred to this Court following Swedish Match North America LLC and Swedish Match USA, Inc.'s Motion for Intradistrict Transfer. *Friedman* Action, ECF No. 25.

15. On May 14, 2024, the Court granted Defendants' Unopposed Motion to Adopt Rulings in Related Case in the *Friedman* Action. *Friedman* Action, ECF No. 31. The Court's order included the adoption of its orders from the *Kelly*, *Palmer*, and *Lendinara* actions on Defendants' motions to dismiss. *Id.* at 2.

## II. ARGUMENT

16. Rule 42 of the Federal Rules of Civil Procedure governs consolidation and provides that consolidation is appropriate where the actions before the court involve common questions of law or fact. Fed. R. Civ. P. 42. This rule is a codification of a trial court's inherent managerial power "to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Hendrix v. Raybestos-Manhattan, Inc.*, 776 F.2d 1492, 1495 (11th Cir. 1985) (citations omitted).

17. A district court has broad discretion to consolidate cases where the actions involve a common question of law or fact. *Id.*; *see also Eghnayem v. Boston Sci. Corp.*, 873 F.3d 1304, 1313 (11th Cir. 2017). This includes consolidation for discovery purposes. *See, e.g., Metrocity Holdings, LLC v. Bank of Am.*, No. 22-22541-CIV, 2022 WL 22830795, at *1 (S.D. Fla. Dec. 8,

2022) (consolidating case for discovery purposes); *Smith v. Constr. Servs. & Consultants, Inc.*, No. 05-14387-CIV, 2006 WL 8433926, at *1 (S.D. Fla. Feb. 27, 2006) (consolidating cases for discovery purposes and other pretrial matters and explaining "[s]ince the complaints present similar issues of law and fact, consolidation of these actions promotes judicial economy by streamlining and simplifying pre-trial and discovery issues").

18. When deciding a motion to consolidate, courts consider a number of factors, including "[w]hether the specific risks of prejudice and possible confusion are overborne by the risk of inconsistent adjudications of common factual and legal issues, the burden on parties, witnesses and available judicial resources posed by multiple lawsuits, the length of time required to conclude multiple suits as against a single one, and the relative expense to all concerned of the single-trial, multiple-trial alternatives." *Hendrix*, 776 F.2d at 1495.

19. The following factors warrant granting this Motion:

   a. The *Kelly*, *Palmer*, *Lendinara*, and *Friedman* Actions are before this Court following intradistrict transfers of each of the *Palmer*, *Lendinara*, and *Friedman* Actions. *See Palmer* Action, ECF No. 8; *Lendinara* Action, ECF No. 7; *Friedman* Action, ECF No. 25.

   b. The operative complaints in each of the Related Actions allege the exact same conduct against the same defendants and include the exact same causes of action, with the exception that the *Palmer*, *Lendinara*, and *Friedman* Actions do not assert class claims.[1] *See United Union of Roofers, Waterproofers & Allied Workers Loc. Union No. 8 v. Ocwen Fin. Corp.*, No. 14-81064-CIV-

---

[1] While Plaintiff has not yet moved for class certification, it appears that the *Palmer*, *Lendinara*, and *Friedman* plaintiffs would be considered members of the purported class described in the Amended Complaint in the *Kelly* Action.

    WPD, 2014 WL 11350272, at *1 (S.D. Fla. Nov. 6, 2014) (Dimitrouleas, J.) (where "three actions make almost identical allegations against the same defendants over the same class period . . . consolidation is appropriate").

 c. There is no risk of prejudice or confusion resulting from consolidation because of the significant overlap in the parties, factual issues, and questions of law.

 d. No unfair advantage will be created because the Related Actions are in similar procedural postures. The *Kelly*, *Palmer*, *Lendinara*, and *Friedman* Actions are in virtually identical procedural postures following the Court's rulings on Defendants' motions to dismiss and Defendants' filings of their answers.

 e. Judicial resources will be conserved because any discovery disputes can be resolved simultaneously. Relatedly, the amount of time for resolving the four cases will be reduced because discovery will be consolidated.

 f. Consolidation will reduce the expense of discovery for the reasons articulated above.

20. Plaintiffs and Defendants agree that, for purposes of efficiency and to avoid wasting Court resources, discovery should be consolidated, the same protective order in *Kelly* should apply with respect to discovery in all Related Actions, and common post-discovery, pretrial deadlines should govern all four actions.

21. Still, Plaintiffs and Defendants reserve their rights to seek modification of the discovery limits to be applied in the consolidated Related Actions.

22. Defendants therefore seek an Order consolidating discovery and entering a protective order as follows:

 a. The Related Actions are consolidated for discovery purposes to avoid wasteful

  duplication of judicial and other resources;

b. The protective order in the *Kelly* Action, attached as **Exhibit A,** shall be entered in and apply to all Related Actions;

c. All discovery matters relevant to the Related Actions shall be filed in Case No. 24-cv-60437-WPD (*i.e.*, the *Kelly* Action) only;

d. Depositions of witnesses shall only be taken once and shall apply to all Related Actions;

e. Depositions in the Related Actions shall be subject to the standard 7-hour time requirement;

f. Plaintiffs and Defendants reserve their rights to seek modification of the discovery limits to be applied in the consolidated Related Actions;

g. Defendants may depose the named Plaintiffs in each of the Related Actions; and

h. The discovery cutoff shall apply to all of the Related Actions.

For the aforementioned reasons, Defendants respectfully request the Court grant this Motion and enter the accompanying Proposed Order, attached hereto as **Exhibit B**.

## CERTIFICATE OF CONFERENCE

Pursuant to Civil Local Rule 7.1(a)(3), the undersigned counsel certifies that counsel conferred with counsel for Plaintiff on May 25, 2025. Plaintiff's counsel agrees to the requested relief.

Dated: May 27, 2025

Respectfully submitted,

By: */s/ Paul C. Huck*
**MICHAEL R. DOYEN** (*admitted pro hac vice*)
**DANIEL B. LEVIN** (*admitted pro hac vice*)
**BETHANY W. KRISTOVICH** (*admitted pro hac vice*)
**JOHN L. SCHWAB** (*admitted pro hac vice*)
Primary Email: daniel.levin@mto.com
MUNGER, TOLLES & OLSON LLP
350 South Grand Ave., 50th Floor
Los Angeles, CA 90071
Tel: (213) 683-9100
Fax: (213) 687-3702

Paul C. Huck, Jr.
Florida Bar Number: 968358
**LAWSON HUCK GONZALEZ, PLLC**
334 Minorca Avenue
Coral Gables, FL 33134
paul@lawsonhuckgonzalez.com
michelle@lawsonhuckgonzalez.com
leah@lawsonhuckgonzalez.com

*Attorneys for Defendants Swedish Match North America LLC and Swedish Match USA, Inc.*

By: */s/ Martin B. Goldberg*
**MARTIN B. GOLDBERG**
Florida Bar No. 827029
Primary: mgoldberg@lashgoldberg.com
Secondary: rdiaz@lashgoldberg.com
**LYNNETTE CORTES MHATRE**
Florida Bar No. 1052015
Primary: lmhatre@lashgoldberg.com
Secondary: obencomo@lashgoldberg.com

**LASHGOLDBERG**
Lash Goldberg Fineberg LLP
Miami Tower, Suite 1200
100 S.E. 2nd Street
Miami, FL 33131
Tel: (305) 347-4040
Fax: (305) 347-4050

**LATHAM & WATKINS LLP**
Christine G. Rolph (*admitted pro hac vice*)
Christine.Rolph@lw.com
Chase A. Chesser (*admitted pro hac vice*)
Chase.Chesser@lw.com
555 Eleventh Street, NW, Suite 1000
Washington, D.C. 20004-1304
(202) 637-2200

U. Gwyn Williams (*admitted pro hac vice*)
Gwyn.Williams@lw.com
200 Clarendon Street 26th Floor
Boston, MA 02116
(617) 880-4500

*Attorneys for Defendants Philip Morris International Inc., Philip Morris Global Brands, Inc., and PMI Global Services, Inc.*