# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

Case No. 0:24-60437-CIV-DIMITROULEAS/HUNT

| | |
|---|---|
| ZACHARY KELLY, DARRYL MAULTSBY, and GRIFFIN DYKES, individually and on behalf of all others similarly situated, | ) ) ) ) ) |
| Plaintiffs, | ) |
| vs. | ) ) |
| PHILIP MORRIS INTERNATIONAL INC., SWEDISH MATCH NORTH AMERICA, LLC, SWEDISH MATCH USA, INC., PHILIP MORRIS GLOBAL BRANDS, INC., and PMI GLOBAL SERVICES, INC., | ) ) ) ) ) ) |
| Defendants. | ) |

**DEFENDANTS' MOTION TO DISMISS AND MEMORANDUM OF LAW IN SUPPORT**

**TABLE OF CONTENTS**

| | | | Page |
|---|---|---|---|
| I. | INTRODUCTION | | 1 |
| II. | BACKGROUND | | 1 |
| III. | LEGAL STANDARD | | 3 |
| IV. | ARGUMENT | | 3 |
| | A. | The FDUTPA Claim Is Based on the Same Factual Allegations as the Dismissed Fraud Claim | 3 |
| | B. | The Dismissal with Prejudice of Plaintiff Kelly's Fraud Claim Bars His FDUTPA Claim | 4 |
| | C. | Plaintiffs' FDUTPA Claim Fails for the Same Reasons as the Fraud Claims | 6 |
| | | 1. Plaintiffs' FDUTPA Claim Sounds in Fraud | 6 |
| | | 2. Plaintiffs' FDUTPA Claim Fails to Meet Rule 9(b) | 12 |
| V. | CONCLUSION | | 14 |

# TABLE OF AUTHORITIES

Page(s)

**FEDERAL CASES**

*Altamonte Pediatric Assocs., P.A. v. Greenway Health, LLC*,
   2020 WL 5350303 (M.D. Fla. Sept. 4, 2020) ................................................................6, 9, 11

*Ashcroft v. Iqbal*,
   556 U.S. 662 (2009) ..................................................................................................................3

*Bell Atl. Corp. v Twombly*,
   550 U.S. 544 (2007) ..................................................................................................................3

*Camasta v. Jos. A. Bank Clothiers, Inc.*,
   761 F.3d 732 (7th Cir. 2014) .....................................................................................................5

*D.H.G. Props., LLC v. Ginn Cos., LLC*,
   2010 WL 5584464 (M.D. Fla. Sept. 28, 2010) ..........................................................................9

*Dawkins v. Publix Super Markets, Inc.*,
   2025 WL 2739035 (S.D. Fla. Aug. 15, 2025) ............................................................................8

*Hornady v. Outokumpu Stainless USA, LLC*,
   118 F.4th 1367 (11th Cir. 2024) ................................................................................................6

*In re Adolor Corp. Sec. Litig.*,
   616 F. Supp. 2d 551 (E.D. Pa. 2009) ......................................................................................10

*Kearns v. Ford Motor Co.*,
   567 F.3d 1120, 1127 (9th Cir. 2009) .........................................................................................5

*Louis v. Seaboard Marine, Ltd., Inc.*,
   2012 WL 13071863 (S.D. Fla. Feb. 27, 2012) ..........................................................................5

*Mack v. LLR, Inc.*,
   2019 WL 1873294 (C.D. Cal. Feb. 6, 2019) .............................................................................5

*Multiphone Latin Am. Inc. v. Millicom Int'l Cellular S.A.*,
   2025 WL 2480412 (S.D. Fla. Aug. 28, 2025) ............................................................................8

*Omnipol, A.S. v. Multinational Def. Servs., LLC*,
   32 F.4th 1298 (11th Cir. 2022) ................................................................................................12

*PB Prop. Mgmt., Inc. v. Goodman Mfg. Co., L.P.*,
   2013 WL 12172912 (M.D. Fla. Aug. 28, 2013) ........................................................................9

*Pop v. LuliFama.com LLC*,
　145 F.4th 1285 (11th Cir. 2025) ................................................................................. 3, passim

*Tahoe-Sierra Pres. Council, Inc. v. Tahoe Reg'l Plan. Agency*,
　322 F.3d 1064 (9th Cir. 2003) ................................................................................................5

*Thurn v. Kimberly-Clark Corp.*,
　2023 WL 4455630 (M.D. Fla. July 11, 2023) ......................................................................14

*Toback v. GNC Holdings, Inc.*,
　2013 WL 5206103 (S.D. Fla. Sept. 13, 2013) .........................................................................6

*U.S. ex rel. Clausen v. Lab'y Corp. of Am.*,
　290 F.3d 1301 (11th Cir. 2002) ............................................................................................10

*Vess v. Ciba-Geigy Corp. USA*,
　317 F.3d 1097 (9th Cir. 2003) ................................................................................................9

*Volinsky v. Lenovo (United States) Inc.*,
　2024 WL 1299315 (M.D. Fla. Mar. 27, 2024) ......................................................................13

*W. Coast Life Ins. Co. v. Ruth Secaul 2007-1 Ins. Tr.*,
　2010 WL 27907 (S.D. Fla. Jan. 5, 2010) ..............................................................................12

*Weitz Co. v. Tremco Inc. of Ohio*,
　2011 WL 13185725 (S.D. Fla., Mar. 28, 2011) .....................................................................5

*Wilding v. DNC Servs. Corp.*,
　941 F.3d 1116 (11th Cir. 2019) ..............................................................................................3

## STATUTES - OTHER

Florida Deceptive and Unfair Trade Practices Act ............................................................. 1, passim

## FEDERAL RULES

Rule 9(b) ............................................................................................................................ 1, passim

Rule 12(b)(6) .................................................................................................................................1, 3

Pursuant to Federal Rule of Civil Procedure 12(b)(6), Defendants Philip Morris International Inc., Philip Morris Global Brands, Inc., PMI Global Services, Inc., Swedish Match North America LLC, and Swedish Match USA, Inc. ("Defendants") respectfully move to dismiss Count IV (Florida Deceptive and Unfair Trade Practices Act) of the Second Amended Complaint ("SAC") filed by Plaintiffs Zachary Kelly, Darryl Maultsby, and Griffin Dykes ("Plaintiffs") (ECF No. 157).

## I.   INTRODUCTION

The Court granted Plaintiff Kelly leave to file a Second Amended Complaint that adds a new claim under the Florida Deceptive and Unfair Trade Practices Act ("FDUTPA") and reserved judgment on whether the new claim is subject to dismissal, which the Court explained "is a question to be confronted on a motion to dismiss." ECF No. 156 ("Order") at 3. Defendants now move to dismiss the FDUTPA claim, which merely echoes Plaintiff Kelly's previously dismissed fraud claims and fails for the same reasons.

Plaintiff Kelly twice attempted to plead a fraud-based claim. Both times, the Court dismissed the claims because they did not satisfy Rule 9(b). Now, a year and a half into this case, Plaintiff Kelly has amended his complaint to add yet another fraud-based claim—this time labeled as a FDUTPA claim. Because the Eleventh Circuit recently confirmed that Rule 9(b) applies to FDUTPA claims that sound in fraud, and because Plaintiffs' FDUTPA claim rests on the exact same factual allegations as the twice-dismissed fraud claims, the FDUTPA claim should be dismissed for failing to meet Rule 9(b)'s pleading standard.

## II.   BACKGROUND

Plaintiff Kelly filed this suit in March 2024, asserting four claims: design defect, failure to warn, negligence, and fraud. In August 2024, the Court dismissed Plaintiff's fraud claim because

the fraud "allegations [were] overly broad, vague, and too indeterminate for purposes of Rule 9(b)." ECF No. 58 at 13–14. The Court explained that "Plaintiff's fraud claim does not satisfy Rule 9(b) because Plaintiff fails to specifically identify what advertisements Plaintiff viewed (or the specific contents thereof), when he viewed them, or how they were misleading." *Id.* at 13.

The Court granted leave to amend, and in December 2024, Plaintiff filed an amended complaint that re-styled his fraud claim as fraudulent concealment but made only minor changes to the factual allegations. ECF No. 87 ("Am. Compl."). Plaintiff did not, at that time, assert a claim under FDUTPA, even though by then another complaint had been filed in the District of Connecticut (where PMI is headquartered) raising a FDUTPA claim. *See Norris v. PMI, et al.*, (D. Conn.) Case No. 24-cv-01267 (filed July 2024).[1] The Court granted Defendants' motion to dismiss the repleaded fraud claim in the amended complaint under Rule 9(b) with prejudice, concluding there were "still insufficient allegations to support the fraudulent concealment" claim. ECF No. 118 at 3.

Ten months later, Plaintiff Kelly moved to amend his complaint. ECF No. 150 ("Mot. to Amend"). Kelly added no new factual allegations but inserted a new, fraud-based claim under FDUTPA and joined two new plaintiffs, Darryl Maultsby and Griffin Dykes, who had recently filed cases in the Middle District and Northern District of Florida, respectively. ECF No. 157 (Second Am. Compl., "SAC"); *see Maultsby v. PMI, et al.*, (M.D. Fla.) Case No. 25-cv-02081; *Dykes v. PMI, et al.*, (N.D. Fla.) Case No. 25-cv-01251. Defendants opposed, arguing that Plaintiff's amendment would be futile because the FDUTPA claim fails to state a claim for the same reasons as Plaintiff's prior fraud claims. The Court granted Plaintiff's motion and explained

---

[1] Another lawsuit, raising consumer protection claims under California law, was filed in March 2024. *See Bates-Ferriera v. PMI, et al.*, (E.D. Cal.) Case No. 24-cv-00987.

2

that "[w]hether the FDUTPA claim is based in fraud and is subject to dismissal for those same reasons as the Court's previous dismissal of the fraud counts—or on other grounds—is a question to be confronted on a motion to dismiss and not at this juncture." Order at 3.

### III.    LEGAL STANDARD

To survive a Rule 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v Twombly*, 550 U.S. 544, 570 (2007)). To meet that standard, the plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* Nor will "'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (alteration in original) (quoting *Twombly*, 550 U.S. at 557).

Claims sounding in fraud must satisfy the heightened pleading standard under Federal Rule of Civil Procedure 9(b), which requires a plaintiff to "state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b); *see also Wilding v. DNC Servs. Corp.*, 941 F.3d 1116, 1127–28 (11th Cir. 2019). That is true even if the fraud-based claims are asserted under FDUTPA. *Pop v. LuliFama.com LLC*, 145 F.4th 1285, 1293 (11th Cir. 2025).

### IV.    ARGUMENT

Plaintiffs' FDUTPA claim should be dismissed for failure to state a claim.

#### A.    The FDUTPA Claim Is Based on the Same Factual Allegations as the Dismissed Fraud Claim

Plaintiffs' FDUTPA claim rests on the same factual allegations as the failed fraud claim. As is clear from the redline of the Second Amended Complaint attached to Plaintiff Kelly's motion to amend, and re-attached here as Exhibit 1, the factual allegations supporting the FDUTPA claim

3

are word-for-word *identical* to the factual allegations in the prior complaint that included Plaintiff Kelly's dismissed fraudulent concealment claim.  ECF No. 150-1 ¶¶ 44–73 (factual allegations section unchanged from prior complaint).  And although the new complaint replaces the dismissed fraudulent concealment cause of action with new language asserting a FDUTPA cause of action, those new paragraphs do not assert new factual allegations and the key allegations attempting to assert a FDUTPA claim are nearly identical to the allegations in the dismissed fraudulent concealment cause of action.  *See* Exhibit 2 (comparing key paragraphs from dismissed fraudulent concealment claim in Plaintiff Kelly's prior complaint to paragraphs from the FDUTPA claim in Plaintiffs' Second Amended Complaint).

In support of both claims, the complaints allege that Defendants concealed or omitted that ZYN "was an extremely potent nicotine delivery device; Zyn was designed to create and sustain nicotine addiction; and posed significant risks of substantial injury resulting from use of Zyn" and that "[p]romoting Zyn as 'tobacco-free' and like descriptors such as 'cleaner than anything out there' explicitly or implicitly represents that Zyn is less harmful that other nicotine-based products, or that Zyn contains less of a substance, like nicotine, than others, or that Zyn is free of a substance compared to others."  Am. Compl. ¶ 131; SAC ¶ 139.  The FDUTPA claim is therefore not a new claim in any sense other than its label.

      **B.**      **The Dismissal with Prejudice of Plaintiff Kelly's Fraud Claim Bars His FDUTPA Claim**

The Court has already decided that the complaint's factual allegations do not plausibly state a fraud claim under Rule 9(b), and the Eleventh Circuit recently confirmed that Rule 9(b) applies to the FDUTPA claim as well, resolving a longstanding split among district courts.  *Pop*,

4

145 F.4th at 1293; *see also infra* IV.A.3.[2]  The fact that Plaintiffs now call the claim by a different name is immaterial.  When a court dismisses a claim with prejudice, an "amended pleading should not reassert that claim." *Louis v. Seaboard Marine, Ltd., Inc.*, 2012 WL 13071863, at *1 (S.D. Fla. Feb. 27, 2012).

If Plaintiff Kelly tried to bring his FDUTPA claim in a separate suit against these same Defendants, it would be barred by res judicata.  That is because "[i]t would defeat the purpose of res judicata to permit" Plaintiff to "avert the finality of a prior judgment … through artful pleading and the refashioning of claims already-adjudicated upon." *Weitz Co. v. Tremco Inc. of Ohio*, 2011 WL 13185725, at *7 (S.D. Fla. Mar. 28, 2011), *aff'd sub nom. The Weitz Co. v. Tremco Inc. Of Ohio*, 443 Fed. App'x 426 (11th Cir. 2011).  Stated another way, "an imaginative attorney" may not "avoid preclusion by attaching a different legal label to an issue that has, or could have, been litigated." *Tahoe-Sierra Pres. Council, Inc. v. Tahoe Reg'l Plan. Agency*, 322 F.3d 1064, 1077–78 (9th Cir. 2003) (citation and internal quotation marks omitted).  When a party tries to relabel a dismissed claim in the same suit, courts routinely dismiss those claims for the same fundamental preclusion reasons. *Mack v. LLR, Inc.*, 2019 WL 1873294, at *6 n.2 (C.D. Cal. Feb. 6, 2019) (where court dismissed fraud-based consumer-protection claim, it was "unimpressed" with plaintiff's "mov[e] to an omission theory for all fraud-based claims" while "rely[ing] on almost precisely the same allegations of fact").

---

[2] The Eleventh Circuit's application of Rule 9(b) to FDUTPA claims is in accord with other circuits that have applied Rule 9(b)'s heightened standard to statutory consumer-protection claims that sound in fraud.  *See, e.g.*, *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1127 (9th Cir. 2009) (requiring California consumer-protection claims to meet Rule 9(b)'s particularity requirement where Plaintiff alleged a fraudulent course of conduct); *Camasta v. Jos. A. Bank Clothiers, Inc.*, 761 F.3d 732, 737 (7th Cir. 2014) (same for Illinois consumer-protection claims).

The Eleventh Circuit has cautioned that "in most instances district courts should hesitate before revisiting their earlier interlocutory orders; important interests of finality, stability, and predictability underly that justifiable caution." *Hornady v. Outokumpu Stainless USA, LLC*, 118 F.4th 1367, 1380 (11th Cir. 2024). Kelly has not sought reconsideration of the dismissal with prejudice of his fraudulent concealment claim nor identified any errors in the ruling or why the Court should depart from the "important interests of finality, stability, and predictability" by changing course. *Id.* Without any justification for revisiting the prior ruling, the Court's dismissal with prejudice bars Plaintiff's attempt to replead his fraud-based claim. Kelly's FDUTPA claim should be dismissed on that basis alone. And while new plaintiffs Maultsby and Dykes are not technically precluded by the prior ruling, as Kelly is, their claims fail for the same reasons under Rule 9(b) because they add no new factual allegations, as explained below.

**C.     Plaintiffs' FDUTPA Claim Fails for the Same Reasons as the Fraud Claims**

Even setting aside preclusion, Plaintiffs' FDUTPA claim fails because (a) it sounds in fraud and therefore is subject to Rule 9(b); and (b) the allegations do not remotely satisfy Rule 9(b).

**1.     Plaintiffs' FDUTPA Claim Sounds in Fraud**

The Eleventh Circuit recently resolved a split among district courts and clarified that FDUTPA claims that sound in fraud are subject to Rule 9(b). *Pop*, 145 F.4th at 1288–89. Before *Pop*, district courts within the Eleventh Circuit were split as to whether Rule 9(b) applied to FDUTPA claims that sound in fraud. *Compare, e.g.*, *Altamonte Pediatric Assocs., P.A. v. Greenway Health, LLC*, 2020 WL 5350303, at *3 (M.D. Fla. Sept. 4, 2020) (Rule 9(b) applies), *with Toback v. GNC Holdings, Inc.*, 2013 WL 5206103, at *2 (S.D. Fla. Sept. 13, 2013) (Rule 9(b) does not apply because FDUTPA claims do not require the same elements as common-law fraud). *Pop* resolved that split, holding that Rule 9(b) applies to all FDUTPA claims that sound in fraud,

and specifically rejecting the view that a FDUTPA claim could not sound in fraud because its elements are not the same as the elements of common-law fraud. *Pop*, 145 F.4th at 1293–94.

Under *Pop*, it is now clear that Rule 9(b) applies when FDUTPA allegations are closely analogous to common-law fraud. *Id.* at 1294. Put simply, if the claim concerns allegations of misrepresentation or concealment of material facts, then it must meet Rule 9(b)'s heightened pleading standards. *Id.* at 1295. As *Pop* explained: "At bottom, the 'basic conduct' that common-law fraud targets is 'misrepresenting or concealing material facts.'" *Id.*

Plaintiffs' FDUTPA claim must satisfy Rule 9(b) under *Pop* because the claim plainly sounds in fraud. The factual allegations supporting the FDUTPA claim are identical to the factual allegations used to support the fraudulent concealment claim. Those allegations assert that Defendants misrepresented or concealed material facts in marketing ZYN as a strategy to mislead consumers into purchasing the product. Even in the newly revised cause of action section alleging a FDUTPA violation, Plaintiffs use language nearly identical to the language Kelly used in previously attempting to plead causes of action for fraud and then fraudulent concealment. *See* Exhibit 2. Plaintiffs allege that Defendants "represent[ed] or omitt[ed] facts concerning Zyn's nicotine content, addictiveness, flavoring content, and safety." SAC ¶ 137. Defendants purportedly did so by stating that ZYN was "'tobacco free' when in fact Zyn is derived from tobacco" and "'cleaner than anything out there'" to suggest that ZYN is "less harmful" than other nicotine-based products, *id.* ¶¶ 138, 141; "represent[ing] Zyn as safe, healthful, or not harmful," *id.* ¶ 139; and omitting that "the nicotine in Zyn can cause cognitive and mental health injuries, periodontal disease, vascular injuries," that ZYN is "powerfully addictive" and "an extremely potent nicotine delivery device … designed to create and sustain nicotine addiction," and that it

7

"posed significant risks of substantial injury," *id.* ¶¶ 140–41.  All of this, Plaintiffs say, was done to "mislead consumers" into purchasing and/or using ZYN.  *Id.* ¶ 136.

These allegations of misrepresentation and concealment are no different than the allegations in *Pop* that the Eleventh Circuit held sounded in fraud.  In *Pop*, the plaintiff alleged that the defendant swimwear brand had "disguise[d] [online influencers'] advertising as honest consumer recommendation," misrepresented its relationships with online influencers, and failed to disclose that influencers' posts were paid advertisements.  145 F.4th at 1295 (citation and internal quotation marks omitted).  Because the defendant's alleged "strategy" involved disguising the influencers' advertising as honest and concealing its relationship with the influencers, and because Pop allegedly relied on the undisclosed paid advertising, the Court concluded that plaintiff's "FDUTPA claim—even though it had different elements than fraud—sounded in fraud." *Id.*

The one district court that, to date, has applied *Pop* to dismiss a claim under Rule 9(b) similarly concluded that a FDUTPA claim sounded in fraud where the plaintiff alleged that the defendant made "material misrepresentations during contract negotiations and performance about its commitment to the partnership."[3]  *Multiphone Latin Am. Inc. v. Millicom Int'l Cellular S.A.*, 2025 WL 2480412, at *7 (S.D. Fla. Aug. 28, 2025) (dismissing FDUTPA claim for failure to meet Rule 9(b) where plaintiff did "not specify who made the alleged misrepresentations, what was said or concealed and when, or what Defendant obtained as a result").  The allegations did not perfectly track a common-law fraud claim, but the FDUTPA claim sounded in fraud because, "[a]t

---

[3] Another district court has acknowledged that under *Pop*, the alleged FDUTPA claim—which was premised on alleged misrepresentations of the price per unit of a product—"d[id] not satisfy the pleadings standards of Rule 9(b)" but ultimately dismissed the claim on standing grounds. *Dawkins v. Publix Super Markets, Inc.*, 2025 WL 2739035, at *1 (S.D. Fla. Aug. 15, 2025).

8

bottom," the allegations concerned misrepresenting or concealing material facts. *Pop*, 145 F.4th at 1295.[4]

The Second Amended Complaint strips out the words "fraud" and "fraudulently," *see* Exhibit 2, but "the factual allegations underlying the claim—and not the claim's styling— determine whether Rule 9(b) applies." *Pop*, 145 F.4th at 1295; *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1108 (9th Cir. 2003) ("the pleading requirements of Rule 9(b) cannot be evaded simply by avoiding the use of th[e] magic word"). And, as the redline in Exhibit 1 confirms, the factual allegations supporting the FDUTPA claim are identical to the allegations Plaintiff Kelly made to support his failed fraudulent concealment claim. *See* Exhibit 1, ¶¶ 44–73. Plaintiffs still allege that Defendants employed "fraudulent and deceptive youth marketing business practices." SAC ¶ 55; *see Pop*, 145 F.4th at 1295 (noting that complaint "stated twice that the defendants engaged in 'fraud'"). And, at bottom, the crux of Plaintiffs' claim is unchanged: Plaintiffs claim that Defendants misled consumers into buying ZYN through misrepresentations or omissions. These allegations fall squarely within *Pop*'s holding.

Rule 9(b) applies to Plaintiffs' entire FDUTPA claim notwithstanding their vague assertion that Defendants' conduct was also "unfair." *See, e.g.*, SAC ¶ 145. To be sure, Rule 9(b) only applies to FDUTPA claims that sound in fraud, *Pop*, 145 F.4th at 1292–94, but simply labeling the conduct unfair, in addition to deceptive, does not render Rule 9(b) inapplicable. *Pop* similarly

---

[4] Although district courts in the Eleventh Circuit previously disagreed about applying Rule 9(b) to FDUTPA claims, courts that applied Rule 9(b) consistently found that FDUTPA claims based on alleged misrepresentations or concealment sounded in fraud. *See Altamonte Pediatric Assocs.*, 2020 WL 5350303, at *4 (applying Rule 9(b) to FDUTPA claim premised on false statements and misrepresentations); *PB Prop. Mgmt., Inc. v. Goodman Mfg. Co.*, 2013 WL 12172912, at *6 (M.D. Fla. Aug. 28, 2013) (applying Rule 9(b) to FDUTPA claim that "hinge[d] on allegations of misrepresentations and concealments of material facts"); *D.H.G. Props., LLC v. Ginn Cos.*, 2010 WL 5584464, at *5 n.9 (M.D. Fla. Sept. 28, 2010) (applying Rule 9(b) to FDUTPA claim where plaintiff raised "a series of alleged misrepresentations").

9

considered fraud-based allegations that the plaintiff brought under both the deceptive and unfair prongs of the statute, and the Court held that Rule 9(b) applied to the entire FDUTPA claim: "[T]he nature of the allegations supporting a claim—not the labels that a plaintiff uses—determines the application of Rule 9(b)." *Id.* at 1296 n.10.

Plaintiff Kelly argued in his motion to amend that a FDUTPA claim does not sound in fraud if it does not plead specific intent to deceive and subjective reliance, Mot. to Amend at 4, but that argument cannot be reconciled with *Pop* which, as noted, explicitly rejected the argument that a claim sounds in fraud only if its elements match the elements of common-law fraud. *Pop*, 145 F.4th at 1293–94; *see also U.S. ex rel. Clausen v. Lab'y Corp. of Am.*, 290 F.3d 1301, 1309 (11th Cir. 2002) ("regardless of whether the elements" of a claim "are precisely the same as common-law fraud," Rule 9(b) applies to claims that are premised on alleged fraudulent conduct).

If *Pop* required a plaintiff's allegations to *exactly* track the elements of common-law fraud, a FDUTPA plaintiff could always avoid Rule 9(b) by not pleading specific intent or subjective reliance (which are not elements of a FDUTPA claim), and FDUTPA would never be subject to Rule 9(b). *Cf. In re Adolor Corp. Sec. Litig.*, 616 F. Supp. 2d 551, 577–78 (E.D. Pa. 2009) ("notwithstanding artful pleading, the proper analysis for determining whether Rule 9(b) applies to a Section 11 claim is to examine the factual allegations that support [the] legal claim to see if they are based on fraud" (citation and internal quotation marks omitted)). The same would be true for plaintiffs bringing claims for "unjust enrichment, civil theft, and negligent misrepresentation [which] do not perfectly overlap with the elements of fraud" but may still "sound in fraud." *Pop*, 145 F.4th at 1293.

The Eleventh Circuit did not resolve a longstanding split of authority within the circuit about the application of Rule 9(b) to FDUTPA claims just to create an artful pleading workaround.

10

Instead, a FDUTPA claim sounds in fraud when it centers around the "basic conduct" of misrepresentation or concealment to induce another to (among other things) engage in a transaction, *Pop*, 145 F.4th at 1295; *see also Altamonte Pediatric Assocs.*, 2020 WL 5350303, at *4 (concluding that FDUTPA claim sounded in fraud because it was premised on false statements and misrepresentations)—exactly as Plaintiffs' claim does here.

Even if a FDUTPA complaint required allegations of intent and reliance for Rule 9(b) to apply, Plaintiffs have attempted to plead facts that go to both. Although the Second Amended Complaint still lacks the particularized allegations necessary to support a fraud-based claim, the complaint, using language identical to the prior complaint, continues to assert (incorrectly) that Defendants engaged in a purposeful marketing scheme to mislead consumers. *See, e.g.*, SAC ¶ 51 (Defendants' advertisements maintaining that ZYN was "tobacco-free" and "cleaner than anything out there," were "false, misleading, and **purposefully target**[] youth and naïve tobacco users." (emphasis added)). Plaintiffs repeat the allegation, for instance, that Defendants employed a "strategy" "to capture non-tobacco users through the use [of] manipulative techniques to make a product attractive to the uninitiated." *Id.* ¶ 60. Just as in *Pop*, the allegations amount to a theory of intentional misrepresentation. *Pop*, 145 F.4th at 1295 (concluding that plaintiff alleged intentionality based on plaintiff's allegation that defendant failed to disclose payments to influencers as part of defendant's "strategy" to deceive consumers).

Plaintiffs also allege that consumers would reasonably be induced by the misrepresentations or omissions into buying ZYN. *See* SAC ¶ 136 ("Defendants made and continue to make representations, omissions, and practices that are likely to mislead consumers acting reasonably in the circumstances, to the consumers' detriment."). Even though FDUTPA does not require a plaintiff to prove subjective reliance, the allegation that consumers generally

11

would be misled into buying the product is analogous to reliance under common-law fraud.[5] Thus, even if Plaintiffs were correct that Rule 9(b) applies only if a plaintiff alleges intent and reliance, Rule 9(b) would apply here.

### 2. Plaintiffs' FDUTPA Claim Fails to Meet Rule 9(b)

Plaintiffs' fraud-based claims fail to meet the standard of Rule 9(b), meaning they must be dismissed under *Pop*. 145 F.4th at 1297. Plaintiffs' factual allegations are identical to the prior fraud-based claims that the Court dismissed for failing to meet Rule 9(b). And to the extent Plaintiffs added new language in trying to assert a FDUTPA cause of action, they still fail to identify "the who, what, when, where, and how of the fraud alleged." *Omnipol, A.S. v. Multinational Def. Servs., LLC*, 32 F.4th 1298, 1307 (11th Cir. 2022). As the Court previously explained, "Rule 9(b) is satisfied if the complaint sets forth '(1) precisely what statements were made in what documents or oral representations or what omissions were made, and (2) the time and place of each such statement and the person responsible for making (or, in the case of omissions, not making) same, and (3) the content of such statements and the manner in which they misled the plaintiff, and (4) what the defendants obtained as a consequence of the fraud.'" ECF No. 58 at 13 (citing *W. Coast Life Ins. Co. v. Ruth Secaul 2007-1 Ins. Tr.*, 2010 WL 27907, at *4 (S.D. Fla. Jan. 5, 2010)). Plaintiffs failed to set forth any such facts here.

The Court already ruled that Plaintiffs' factual allegations—which are the same across the various complaints—lack the specificity required by Rule 9(b). In dismissing the fraud claim, the Court held that Plaintiff Kelly did "not satisfy Rule 9(b) because Plaintiff fail[ed] to specifically identify what advertisements Plaintiff viewed (or the specific contents thereof), when he viewed

---

[5] Notably, in his prior complaints, Plaintiff Kelly *expressly* alleged he relied on Defendants' marketing in purchasing and using ZYN. Am. Compl. ¶ 136.

them, or how they were misleading." ECF No. 58 at 13. The prior complaint reframed the fraud claim as fraudulent concealment and added the allegation that "Plaintiff has seen Zyn advertising on FaceBook and other forms of social media, of the type contained in this complaint, which suggests, falsely, that Zyn is not a tobacco product [or that Zyn is tobacco-free], and that Zyn is not harmful to one's health," Am. Compl. ¶ 8, but the Court found that Plaintiff's allegations were "still insufficient." ECF No. 118 at 3. Plaintiffs' Second Amended Complaint does nothing to make these generic allegations more specific. *See* SAC ¶ 8. Indeed, Plaintiff Kelly copied and pasted the same generic allegations into the paragraphs about plaintiffs Maultsby and Dykes. *See id.* ¶¶ 9–10. These vague allegations remain insufficient to plead a fraud-based claim.

The few new allegations Plaintiffs include in the Second Amended Complaint do not cure their prior failures to plead fraud with particularity. *First*, Plaintiffs say that "Defendants' representations and omissions were made on social media from the time that Plaintiffs began using Zyn and have continued to this date." SAC ¶ 144; Mot. to Amend at 4–5.[6] But an allegation that Defendants made statements "on social media" over some indeterminate time does not show "what advertisements Plaintiff[s] viewed (or the specific contents thereof), when [they] viewed them, or how they were misleading." ECF No. 58 at 13–14 (quoting *Volinsky v. Lenovo (United States) Inc.*, 2024 WL 1299315, at *8 (M.D. Fla. Mar. 27, 2024) ("[T]he mere suggestion that a fraudulent misrepresentation occurred somewhere on Lenovo's website at some indeterminate time in the year 2019 does not satisfy Rule 9(b) either.")).

*Second*, the FDUTPA claim includes a new paragraph summarizing various ways

---

[6] While this exact language was not in the prior complaint, Plaintiff Kelly previously alleged that he "was influenced by [unspecified] marketing and advertising, which drove his purchases of Zyn when he began using Zyn," which occurred "in or about 2019" and that he "has seen Zyn advertising on FaceBook and other forms of social media." Am. Compl. ¶ 8.

13

consumers were allegedly misled—for example, Plaintiffs claim consumers would likely have been misled into believing that ZYN is a smoking-cessation device and a reasonable alternative to cigarettes, SAC ¶ 142—but these theories were included in the prior complaint, *see, e.g.*, Am. Compl. ¶¶ 128, 130–32. And more crucially, Plaintiffs still fail to allege any particular "statements [they] received and relied upon before purchasing" ZYN. *Thurn v. Kimberly-Clark Corp.*, 2023 WL 4455630, at *5 (M.D. Fla. July 11, 2023) (dismissing fraudulent concealment claim for lack of specificity); *see also Pop*, 145 F. 4th at 1297 (concluding district court properly dismissed FDUTPA claim for failure to meet Rule 9(b) "[b]ecause the[] allegations d[id] not specify which defendants made which posts, what the posts said, when the posts were made, when Pop saw the posts, or how—in any detail—the posts caused Pop or anyone else to purchase which products"). These allegations still fall far short of the specificity required by Rule 9(b).

Like both of the prior fraud claims, the FDUTPA claim fails to meet Rule 9(b) and should be dismissed.

**V.    CONCLUSION**

For the foregoing reasons, Plaintiffs' FDUTPA claim should be dismissed.

14

Dated: October 22, 2025

By: */s/ Paul C. Huck, Jr.*
**PAUL C. HUCK, JR.**
Florida Bar No. 968358
**LAWSON HUCK GONZALEZ, PLLC**
334 Minorca Avenue
Coral Gables, FL 33134
paul@lawsonhuckgonzalez.com
michelle@lawsonhuckgonzalez.com
leah@lawsonhuckgonzalez.com

**MICHAEL R. DOYEN** (*admitted pro hac vice*)
**DANIEL B. LEVIN** (*admitted pro hac vice*)
**BETHANY W. KRISTOVICH** (*admitted pro hac vice*)
**JOHN L. SCHWAB** (*admitted pro hac vice*)
Primary Email: daniel.levin@mto.com
MUNGER, TOLLES & OLSON LLP
350 South Grand Ave., 50th Floor
Los Angeles, CA 90071
Tel: (213) 683-9100
Fax: (213) 687-3702

*Attorneys for Defendants Swedish Match North America LLC and Swedish Match USA, Inc.*

Respectfully submitted,

By: */s/ Marty B. Goldberg*
**MARTIN B. GOLDBERG**
Florida Bar No. 827029
Primary: mgoldberg@lashgoldberg.com
Secondary: rdiaz@lashgoldberg.com
**LYNNETTE CORTES MHATRE**
Florida Bar No. 1052015
Primary: lmhatre@lashgoldberg.com
Secondary: obencomo@lashgoldberg.com

**LASHGOLDBERG**
Lash Goldberg Fineberg LLP
Miami Tower, Suite 1200
100 S.E. 2nd Street
Miami, FL 33131
Tel: (305) 347-4040
Fax: (305) 347-4050

**LATHAM & WATKINS LLP**
Christine G. Rolph (*admitted pro hac vice*)
Christine.Rolph@lw.com
Chase A. Chesser (*admitted pro hac vice*)
Chase.Chesser@lw.com
555 Eleventh Street, NW, Suite 1000
Washington, D.C. 20004-1304
(202) 637-2200

U. Gwyn Williams (*admitted pro hac vice*)
Gwyn.Williams@lw.com
200 Clarendon Street 26th Floor
Boston, MA 02116
(617) 880-4500

*Attorneys for Defendants Philip Morris International Inc., Philip Morris Global Brands, Inc., and PMI Global Services, Inc.*