# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

Case No. 0:24-60437-CIV-DIMITROULEAS/HUNT

| | |
|---|---|
| ZACHARY KELLY, DARRYL MAULTSBY, and GRIFFIN DYKES, individually and on behalf of all others similarly situated, | ) ) ) ) ) |
| Plaintiffs, | ) |
| vs. | ) ) |
| PHILIP MORRIS INTERNATIONAL INC., SWEDISH MATCH NORTH AMERICA, LLC, SWEDISH MATCH USA, INC., PHILIP MORRIS GLOBAL BRANDS, INC., and PMI GLOBAL SERVICES, INC., | ) ) ) ) ) ) |
| Defendants. | ) |

## DEFENDANTS' MOTION FOR ABSENT PUTATIVE CLASS MEMBER DEPOSITIONS UNDER FRCP 30

I.       **INTRODUCTION**

Defendants request leave to take <u>voluntary</u> depositions of absent putative class members, consistent with Fed. R. Civ. P. 26(b) and Fed. R. Civ. P. 30(a)(2)(A)(i).  Courts allow defendants to take absent class member depositions when they are probative of a class action defendant's defenses and not unduly burdensome.  *See, e.g.*, *Bruhl v. Price Waterhousecoopers Int'l*, 2010 WL 5090207, at *1–2 (S.D. Fla. Dec. 8, 2010); *Arredondo v. Delano Farms Co.*, 2014 WL 5106401, at *5 (E.D. Cal. Oct. 10, 2014) (permitting 196 depositions of absent class members).  Voluntary absent class member depositions are warranted here under this standard.

Depositions would test key assertions that Plaintiffs are making about the class: whether all putative class members allegedly have personal injuries caused by ZYN, or were exposed to the allegedly deceptive trade practices, or whether a reasonable person in their circumstances would have been deceived.  Questions as simple as whether someone smoked cigarettes before using ZYN, or whether someone uses ZYN only occasionally rather than regularly, are relevant to Plaintiffs' claims of addiction, whether any addiction or any health-related injury was caused by ZYN, and how a putative class member in that circumstance may have understood certain marketing messages, if they saw those at all.  That evidence is important to whether Plaintiffs can establish predominance as required by Federal Rule of Civil Procedure 23(b)(3), and to the merits.

Defendants request to depose up to 153 putative class members—a number that would enable statistical analyses of certain issues relevant to the class claims.  Defendants propose retaining a third-party vendor to administer a questionnaire to identify and screen potential candidates for voluntary depositions.  The vendor will use a neutral methodology (digital ads, survey panels, or similar methods) to contact individuals and ask initial screening questions.  **All absent putative class member participation would be entirely voluntary.**  Participation would be limited to individuals who have purchased ZYN and are currently age 21 or older.  Deponents would be compensated $400 for their time and would not know which party was paying them.  Depositions would be limited to three hours, and they would be virtual or at locations convenient for deponents.  Neither side would have any contact with participants beforehand, but both sides would be permitted to ask questions at the depositions.  If the Court permits the discovery, Defendants will work with Plaintiffs on a more detailed protocol to govern the depositions.

Given the size of the proposed classes, Defendants' expert, Dr. Justin McCrary, has determined that if Defendants depose 153 putative class members, statistical conclusions about

1

class members' experiences with ZYN could be drawn based on a maximum margin of error for the sample of plus or minus 8% at a 95% confidence level.  Ex. 1, Declaration of Justin McCrary ("McCrary Decl.") ¶¶ 7–9.  Even if the Court were to allow fewer depositions, or on questions which do not lend themselves to statistical analysis, such testimony would provide important qualitative evidence for class certification and merits purposes.

These depositions will not affect the current case schedule.  Fact discovery is open until June 26, 2026, leaving more than sufficient time to conduct the depositions.  Defendants would aim to complete the depositions before their opposition to class certification is due on April 13, 2026, which could be done by taking multiple depositions per day during the first quarter of 2026.

## II.  ARGUMENT

### A.  Courts Routinely Allow Absent Putative Class Member Discovery

Absent class member discovery is permitted when "necessary or helpful to the proper presentation and correct adjudication of the principal suit."  *Brennan v. Midwestern United Life Ins. Co.*, 450 F.2d 999, 1005 (7th Cir. 1971).  "[T]here is no textual carve-out in Rules 26 and 45 (nor is there one in Rule 23) of the Federal Rules of Civil Procedure for persons who happen to be absent putative class members."  *Fishon v. Peloton Interactive, Inc.*, 336 F.R.D. 67, 70 (S.D.N.Y. 2020).  Indeed, due process protects a defendant's right to depose "the disparate individuals behind the composite creation" of a class action where necessary to raise individualized defenses.  *Broussard v. Meineke Disc. Muffler Shops, Inc.*, 155 F.3d 331, 345 (4th Cir. 1998).  Such discovery is permitted into class certification issues, because the court will need to consider evidence to decide whether Plaintiffs have met their burden to prove the Rule 23 requirements.  *Moreno v. Autozone, Inc.*, 2007 WL 2288165, at *1 (N.D. Cal. Aug. 3, 2007); *Fishon*, 336 F.R.D. at 70.

As with any discovery issue, a party's right to evidence must be balanced with the potential burden, especially because absent class members generally are "not required to do anything." *Phillips Petroleum Co. v. Shutts*, 472 U.S. 797, 810 & n.2 (1985).  Courts therefore consider several factors in deciding whether to allow absent class member discovery: (i) whether the request is relevant to the decision of common questions, (ii) whether the request is tendered in good faith and will not be unduly burdensome, (iii) whether the information is available from the class representatives, and (iv) whether the defendant already has the information.  *See Bruhl*, 2010 WL 5090207, at *1–2; *Coffey v. WCW & Air, Inc.*, 2019 WL 9089615, at *2 (N.D. Fla. July 30, 2019) (citing *Clark v. Universal Builders*, 501 F.2d 324, 340–41 (7th Cir. 1974)).  Courts considering

those factors have allowed depositions of absent class members for reasons similar to this case. *See, e.g.*, *Fishon*, 336 F.R.D. at 71; *Arredondo*, 2014 WL 5106401, at *5 (permitting 196 depositions of absent class members to gather statistical data); *Roberts v. C.R. England, Inc.*, 2017 WL 5312116, at *6 (D. Utah Nov. 13, 2017) (allowing 100 depositions of absent class members). Courts that have denied motions for absent class member discovery were faced with proposals for *mandatory* depositions concerning claims that are far less individualized.  *See, e.g.*, *Steines v. Westgate Palace, LLC*, 2025 WL 1504048, at *2 (M.D. Fla. Apr. 21, 2025); *In re Monat Hair Care Prods. Mktg., Sales Pracs., & Prods. Liab. Litig.*, 2019 WL 12267479, at *3–4 (S.D. Fla. Oct. 16, 2019).

> **B.     All Factors Weigh in Favor of Absent Class Member Discovery in This Case.**

<u>Absent Class Member Discovery Is Relevant to Rule 23 and the Merits</u>.  The information Defendants seek through absent class member discovery goes directly to whether common issues predominate over individual ones on each of Plaintiffs' claims and to the merits of those claims.

The putative classes include everyone who purchased ZYN in Florida or, alternatively, everyone who purchased ZYN in the United States.  Plaintiffs allege class members were misled by ZYN marketing allegedly portraying ZYN as "safe" or "cool," or describing it as "cleaner than anything out there" or as "tobacco-free."  Plaintiffs' Second Amended Complaint ("2d Am. Compl."), Dkt. 157 ¶¶ 137, 141.  They allege that ZYN is defective because it contains nicotine, is concealable, and has flavors, and that defendants should have warned consumers of the risks of nicotine addiction, among other things.  *Id.* ¶¶ 90, 93, 103.  And they allege that class members suffered bodily injury (for the design defect, failure to warn, and negligence claims) or were injured by paying more for the product than they otherwise would have (for the FDUTPA claim). *Id.* ¶¶ 95, 101, 110, 127, 146.  Absent class member depositions would allow Defendants to test whether those allegations apply to other putative class members.

This discovery is especially relevant to Plaintiffs' FDUTPA claim, including whether all putative class members were exposed to any representation, whether it was likely to deceive someone in the same circumstances, and whether class members would have purchased the product anyway. *See Donoff v. Delta Air Lines, Inc.,* 2020 WL 3268272, at *6 (S.D. Fla. Jan. 24, 2020); *In re Motions to Certify Classes Against Ct. Reporting Firms for Charges Relating to Word Indices*, 715 F. Supp. 2d 1265, 1282 (S.D. Fla. 2010).  For example, Plaintiffs claim that a Facebook post from September 2016 that said ZYN is "cleaner than anything out there"—which

had four "likes" and no comments—was misleading. 2d Am. Compl. ¶¶ 51, 141. Testimony may show that many putative class members did not see that statement. *See O'Neill v. The Home Depot U.S.A., Inc.*, 243 F.R.D. 469, 481 (S.D. Fla. 2006) (certification depended on whether "any particular class member received an alleged misrepresentation"); *PB Prop. Mgmt., Inc. v. Goodman Mfg. Co., L.P.*, 2016 WL 7666179, at *25 (M.D. Fla. May 12, 2016) (denying class certification where plaintiffs were exposed to different representations). It may show that putative class members who regularly used oral tobacco leaf products, such as snus, interpreted that statement differently than those who were unfamiliar with such products. *See Pop's Pancakes, Inc. v. NuCO2, Inc.*, 251 F.R.D. 677, 685 (S.D. Fla. 2008) (question whether "'a consumer acting reasonably in the same circumstances' would be deceived" by invoice was not common because it required "individual inquiry into each class [member's] knowledge and understanding regarding the fee"). Testimony could also reveal that putative class members would have purchased the product anyway, which would provide evidence either that the allegedly deceptive statement was not material or that there was no "price premium and overcharge." *See* 2d Am. Compl. ¶ 145.

The discovery will also be relevant to whether causation and injury can be proven on a class-wide basis for the design defect, failure to warn, and negligence claims. Plaintiffs allege that ZYN causes addiction and various potential health effects. *Id.* ¶ 91. But deposition testimony is likely to show that many people who purchased ZYN used it very few times or use it only occasionally, which would undermine Plaintiffs' claims about addiction and health injuries. It may show that putative class members have not suffered uniform injuries, or (even more likely) that many suffered no personal injury at all. Many putative class members switched to ZYN from long-time use of cigarettes or oral tobacco products; ZYN likely did not cause their alleged addiction to nicotine and likely lowered their risk of adverse health effects compared to continuing to use, for example, cigarettes.[1] Or, to the extent Plaintiffs claim that Defendants should have provided additional warnings, testimony would show whether putative class members "would have

---

[1] The FDA authorized the marketing of ZYN as appropriate for the protection of public health specifically because the overall toxicological risk is lower compared to both combusted cigarettes and smokeless tobacco products. *See* Technical Project Lead Review of PMTAs at p. 5, https://www.accessdata.fda.gov/static/searchtobacco/ZYN/PMTA_TPL_PM593-PM612_Zyn_01_13_2025_Redacted.pdf.

heeded those warnings" or had "any prior knowledge" of the alleged dangers from other sources. *See Kelecseny v. Chevron, U.S.A., Inc.*, 262 F.R.D. 660, 674 (S.D. Fla. 2009).

These are just some of the issues on which absent putative class member depositions would bear. Their testimony would be relevant to the Rule 23 analysis and to the merits of each claim.

*Defendants' Request Is Made in Good Faith and Is Not Unduly Burdensome*. Defendants make this request in good faith and are not attempting to harass putative class members or discourage participation in the class. *Bruhl*, 2010 WL 5090207, at *2; *Fishon*, 336 F.R.D. at 70. The depositions will not be unduly burdensome. Participation would be entirely voluntary, participants would be compensated for their time, and depositions would last no longer than three hours and focus on the specific claims in Plaintiffs' complaint. *See Antoninetti v. Chipotle, Inc.*, 2011 WL 2003292, at *2 (S.D. Cal. May 23, 2011). The number of depositions is a tiny fraction of the number of putative class members. Plaintiffs are seeking massive damages in the form of the purchase price of every can of ZYN (or at least a portion thereof), as well as compensation for allegedly widespread physical injuries. The burden of voluntary depositions is not significant when balanced against the nature of the allegations and the amount of damages being sought. *Arredondo*, 2014 WL 5106401, at *9.

*The Information Defendants Seek Is Not Available from Named Plaintiffs*. The information Defendants seek from putative class members is inherently specific to each individual and can only be obtained from putative class members themselves. *See Transamerican Refin. Corp. v. Dravo Corp.*, 139 F.R.D. 619, 622 (S.D. Tex. 1991). Even the six individual plaintiffs do not claim to have seen all of the relevant marketing or have suffered the injuries alleged in the complaint themselves. To the extent their discovery responses describe seeing any particular advertising or suffering any particular injury, there is significant variation among them. *See* Ex. 2, Declaration of Bethany W. Kristovich, ¶¶ 3–14. Defendants expect putative class member testimony to reveal similar and additional variation that cannot be obtained from the named plaintiffs.

*Defendants Do Not Already Have the Information*. Defendants are not currently in possession of the information they seek. Defendants should be allowed to obtain this information from putative class members. *See Bruhl*, 2010 WL 5090207, at *2 (there was no way to obtain the information other "than through limited targeted discovery directed to absent class members").

**III.    CONCLUSION**

Defendants request the Court allow Defendants to take absent class member depositions.

**CERTIFICATE OF CONFERENCE**

      Pursuant to Local Rule 7.1(a)(3), the undersigned counsel certifies that counsel conferred with counsel for Plaintiffs on December 8th, 2025, but the parties were unable to resolve the issues raised in this motion.

Dated: December 15th, 2025

By: /s/ *Paul C. Huck, Jr.*

**PAUL C. HUCK, JR.**
Florida Bar No. 968358
**LAWSON HUCK GONZALEZ, PLLC**
334 Minorca Avenue
Coral Gables, FL 33134
paul@lawsonhuckgonzalez.com
michelle@lawsonhuckgonzalez.com
leah@lawsonhuckgonzalez.com

**MICHAEL R. DOYEN** (*admitted pro hac vice*)
**DANIEL B. LEVIN** (*admitted pro hac vice*)
**BETHANY W. KRISTOVICH** (*admitted pro hac vice*)
**JOHN L. SCHWAB** (*admitted pro hac vice*)
Primary Email: daniel.levin@mto.com
MUNGER, TOLLES & OLSON LLP
350 South Grand Ave., 50th Floor
Los Angeles, CA 90071
Tel: (213) 683-9100
Fax: (213) 687-3702

*Attorneys for Defendants Swedish Match North America LLC and Swedish Match USA, Inc.*

Respectfully submitted,

By: /s/ *Martin B. Goldberg*

**MARTIN B. GOLDBERG**
Florida Bar No. 827029
Primary: mgoldberg@lashgoldberg.com
Secondary: rdiaz@lashgoldberg.com
**LYNNETTE CORTES MHATRE**
Florida Bar No. 1052015
Primary: lmhatre@lashgoldberg.com
Secondary: obencomo@lashgoldberg.com

**LASHGOLDBERG**
Lash Goldberg Fineberg LLP
Miami Tower, Suite 1200
100 S.E. 2nd Street
Miami, FL 33131
Tel: (305) 347-4040
Fax: (305) 347-4050

**LATHAM & WATKINS LLP**
Christine G. Rolph (*admitted pro hac vice*)
Christine.Rolph@lw.com
Chase A. Chesser (*admitted pro hac vice*)
Chase.Chesser@lw.com
555 Eleventh Street, NW, Suite 1000
Washington, D.C. 20004-1304
(202) 637-2200

U. Gwyn Williams (*admitted pro hac vice*)
Gwyn.Williams@lw.com
200 Clarendon Street 26th Floor
Boston, MA 02116
(617) 880-4500

*Attorneys for Defendants Philip Morris International Inc., Philip Morris Global Brands, Inc., and PMI Global Services, Inc.*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was served via CM/ECF on all counsel listed on the Court's list on this 15th day of December, 2025.

By: /s/ Martin B. Goldberg
MARTIN B. GOLDBERG

8