UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 0:24-60437-CIV-DIMITROULEAS/HUNT

ZACHARY KELLY, DARRYL )
MAULTSBY, and GRIFFIN DYKES, )
individually and on behalf of all others )
similarly situated, )
)
                                  Plaintiffs, )
  vs. )
)
PHILIP MORRIS INTERNATIONAL INC., )
SWEDISH MATCH NORTH AMERICA, )
LLC, SWEDISH MATCH USA, INC., PHILIP )
MORRIS GLOBAL BRANDS, INC., and PMI )
GLOBAL SERVICES, INC., )
)
                                  Defendants. )

**DEFENDANTS' MOTION FOR COSTS AND EXPENSES**

I.  **INTRODUCTION**

Plaintiffs[1] and their counsel have repeatedly frustrated Defendants' efforts to schedule, conduct, and prepare for and defend depositions. Those actions include unilaterally aborting the deposition of Plaintiff Zachary Kelly with two hours left on the record because Mr. Kelly allegedly was "fatigued" and, three days later, unilaterally cancelling the deposition of Plaintiff Kovadis Palmer on the eve of his deposition (a Sunday evening) because Mr. Palmer, according to his counsel, was suffering from panic attacks. Plaintiffs' actions have caused Defendants to incur significant unnecessary costs, which Plaintiffs refuse to cover, and they have given Plaintiffs an improper advantage in this litigation. Defendants have no choice but to move for costs pursuant to Fed. R. Civ. P. 30 and 37 and for other relief to ensure that Plaintiffs' disruptive conduct does not continue. Defendants respectfully request that the Court hear their motion at the February 12, 2026 hearing.

II.  **BACKGROUND**

Plaintiffs and their counsel are engaging in a pattern of conduct that is frustrating Defendants' ability to schedule, prepare for, and conduct depositions in a timely manner. On January 22, 2026, in the middle of Plaintiff Kelly's deposition, which was properly noticed on December 10, 2025, Plaintiffs' counsel abruptly ended the deposition. With approximately two hours left on the record, and over defense counsel's objection, Plaintiffs' counsel stated that Mr. Kelly—a 27-year old athlete and former coach—was "getting fatigued[,] and we believe that we need to end for today." Ex. 1 (Z. Kelly Dep. Tr.) at 19:11-12, 160:8-14, 188:18-24, 212:6-213:1. This occurred despite there being appropriate breaks throughout the deposition, and despite Mr. Kelly never expressing on the record any need for additional breaks (which would have been accommodated). It also occurred after Defendants had accommodated Plaintiff's last-minute requests to move the location of the deposition from Fort Lauderdale to West Palm Beach and to start the deposition at 10 a.m. *Id.* at 212:15-213:1, 213:19-23. Plaintiff Kelly now insists he can continue his deposition only on a Thursday because that is his day off from work. Ex. 2 at 1. In the interim, Plaintiffs' counsel now has the opportunity to prepare Mr. Kelly further on Defendants' line of questioning at the time Plaintiffs' counsel unilaterally ended it.

---

[1] Plaintiffs refers to Zachary Kelly, Darryl Maultsby, and Griffin Dykes, as well as Kovadis Palmer, Nicholas Lendinara, and Alannah Friedman—the plaintiffs in cases consolidated with this one for purposes of discovery. *See* ECF No. 139.

Three days later, on Sunday, January 25, 2026 (at 5:45 p.m. Eastern Time), Plaintiffs' counsel unilaterally cancelled the deposition of another Plaintiff, Kovadis Palmer, which was scheduled to start the next morning in Fort Lauderdale. According to Plaintiffs' counsel, the deposition could not proceed because Mr. Palmer was suffering from severe panic attacks. Ex. 3 at 2-3. Plaintiffs' counsel did not provide any confirmation by any medical professional of the supposed panic attacks.[2] At the time of the cancellation, one of Defendants' attorneys had just arrived in Fort Lauderdale from Boston, Massachusetts,[3] while another was in flight from Los Angeles, California. *Id.* at 1-2. The parties are working to reschedule Mr. Palmer's deposition, although Plaintiffs' counsel has insisted that the rescheduled deposition occur in Miami instead of Fort Lauderdale. Ex. 2 at 1.

These are not isolated incidents. With respect to the deposition of Plaintiff Darryl Maultsby on January 16, 2026, Plaintiffs requested that the deposition be moved from Tampa, Florida, to Orlando the week before his deposition, despite having had notice of the deposition since December 10, 2025. Ex. 3 at 1-2. Defendants accommodated that request despite the short notice. Plaintiffs' counsel likewise cancelled their scheduled deposition of Swedish Match employee Ryan Ganley twice with less than 24 hours' notice each time. On December 10, 2025, Plaintiffs' counsel sought to postpone their December 11 deposition of Mr. Ganley because counsel was "a bit under the weather." *Id.* at 11-12. The parties agreed to reschedule Mr. Ganley's deposition for January 9, 2026. *Id.* at 9. At 8:18 a.m. on January 9, 2026—less than two hours before Mr. Ganley's deposition was set to begin and after defense counsel had flown to Richmond, Virgina, to defend the deposition in person—Plaintiffs' counsel again cancelled the deposition. Ex. 4 at 3-4. Plaintiffs' counsel claimed that the deposition could not proceed because of a document production Defendants had made the evening before containing approximately 500 unique documents from Mr. Ganley, *id.*—even though Plaintiffs' counsel knew that Defendants' document production was being made on a rolling basis when the deposition was scheduled and had had over a month with

---

[2] To that end, if Mr. Palmer's panic attacks were so severe that he knew the evening before his deposition that he would not be able to be deposed (in a lawsuit that he voluntarily filed), it seems likely Mr. Palmer would have sought medical treatment for his panic attacks. Yet neither Mr. Palmer nor his counsel have provided any such confirmation, and nothing is preventing Mr. Palmer or his counsel from raising the issue again the next time Defendants seek to depose him.

[3] Counsel managed to fly out of Boston during a significant winter storm that impacted most of the East Coast and caused significant flight cancellations across the country.

2

24,853 of Mr. Ganley's documents, which were produced as of November 26, 2025, *id.* at 2. Although Defendants' counsel proposed that Plaintiffs' counsel proceed with the deposition and reserve some time to ask any additional questions on the relatively few additional documents, Plaintiffs' counsel refused to proceed. *Id.* at 1-2.

## III.   ARGUMENT

### A. Defendants Are Entitled to Their Costs Associated with the Cancellation of Mr. Palmer's Deposition and Continuation of Mr. Kelly's Deposition

"A party cannot unilaterally cancel a properly noticed deposition." *Panzer v. Swiftships, LLC*, 318 F.R.D. 326, 328 (E.D. La. 2016); *see also Miller v. Dyadic Int'l, Inc.*, 2008 WL 2116590, at *2 (S.D. Fla. 2008) (Dimitrouleas, J.) (awarding over $14,000 in fees and costs where party unilaterally cancelled a properly noticed deposition "*by email* less than 36 hours before the deposition"). Under Fed. R. Civ. P. 37(d)(3), when a party fails to appear for a properly noticed deposition, including where a party unilaterally cancels, "the Court is required to award the reasonable expenses, including attorney's fees, caused by the failure," unless the party "was substantially justified in not appearing for his deposition or if other circumstances make an award of expenses unjust." *Cacho v. USHEALTH Advisors, LLC*, 2025 WL 1382251, at *3 (M.D. Fla. 2025) (quoting Fed. R. Civ. P. 37(d)(3)); *see also Sines v. Kessler*, 2021 WL 4820683, at *11 (W.D. Va. 2021) ("A party fails to appear for her deposition, within the meaning of Rule 37(d), where, as here, the party unilaterally cancels the deposition immediately prior to the date on which it is noticed."). "No showing of willfulness or bad faith or fault is required." *Sihler v. Glob. E-Trading, LLC*, 2024 WL 4534218, at *3 (M.D. Fla. 2024). Similarly, Rule 30(d)(2) permits courts to "impose an appropriate sanction—including the reasonable expenses and attorney's fees incurred by any party—on a person who impedes, delays, or frustrates the fair examination of the deponent."[4] Fed. R. Civ. P. 30(d)(2). This includes "cancellations and last-minute rescheduling"

---

[4] Separately, Rule 30(g)(1) provides that a "party who, expecting a deposition to be taken, attends in person or by an attorney may recover reasonable expenses for attending, including attorney's fees, if the noticing party failed to . . . attend and proceed with the deposition." Fed. R. Civ. P. 30(g)(1). And that includes where the party "constructively" fails to appear for a noticed deposition as a result of a last-minute cancellation. *See Spalding & Evenflo Cos., Inc. v. Graco Metal Prods., Inc.*, 1992 WL 109092, at *4 (N.D. Ohio 1992); *see also, e.g., Vinson v. Michigan Dept. of Corr.*, 2017 WL 1420454, at *1-2 (E.D. Mich. 2017) ("Plaintiff constructively failed to attend the deposition by unilaterally cancelling th[e] out-of-state deposition that Plaintiff had noticed, just two days before it was to take place, and after Defense Counsel had purchased an

(continued…)

3

of depositions, even when there is no bad faith. *Exist, Inc. v. Starr Indem. & Liab.*, 2024 WL 4695888, at *2 (S.D. Fla. 2024) (awarding monetary sanctions where party's "cancellations and last-minute rescheduling . . . delayed the fair examination of the deponents").

There is no substantial justification for the last-minute, unilateral cancellation of Mr. Palmer's deposition. The deposition was properly noticed over two weeks in advance, Ex. 5 (Am. Not. of Dep.), and Plaintiffs' counsel failed to provide any corroboration, medical records, or other evidence for the cancellation, or why Mr. Palmer could not testify the following day, *see* Ex. 3 at 2-3. Regardless, Plaintiffs' last-minute cancellation caused Defendants to incur significant unnecessary costs, which Plaintiffs must cover. *See Sanz v. Wells Fargo Bank, N.A.*, 2022 WL 18453035, at *4 (S.D. Fla. 2022); *In re Fam. Dollar FLSA Litig.*, 2012 WL 10839, at *1-2 (W.D.N.C. 2012) (awarding costs, including hotel expenses, where plaintiff's counsel cancelled plaintiff's deposition the night before the deposition due to plaintiff's "family emergency"). As this Court has found, cancelling a deposition by email "less than 36 hours before the deposition where opposing counsel needed to fly in from out of state" is not reasonable notice. *Miller*, 2008 WL 2116590, at *2. That is the case here, and Plaintiffs should be ordered to reimburse Defendants' costs incurred as a result of the last-minute cancellation of Mr. Palmer's deposition—including flights, hotels, and court reporter expenses, which total $3752.64. *See* Ex. 6 (Decl. of John L. Schwab).

Likewise, there is no basis for Plaintiffs' counsel to have terminated Mr. Kelly's deposition prematurely because of his supposed fatigue. Rule 30(d)(1) provides for seven hours of record testimony; it does not provide any exception for fatigue a deponent inevitably experiences in the last hours of a deposition. Pursuant to Rule 30(d)(2), Plaintiffs should be ordered to pay all costs associated with continuing Mr. Kelly's deposition. *See Fodor v. E. Shipbuilding Grp.*, 2013 WL 12143978, at *6 (N.D. Fla. 2013) (granting defendant's request for reasonable expenses and attorney's fees incurred in connection with *pro se* plaintiff's aborted deposition); *see also Caldwell v. Kimberly-Clark USA, LLC*, 2025 WL 2525049, at *9 (S.D. Ala. 2025) (granting a second deposition and requiring plaintiff to reimburse reasonable expenses for that deposition, where, among other things, plaintiff terminated his deposition early).

---

airline ticket to attend it."). While Defendants could also seek their costs and fees associated with Mr. Ganley's twice-cancelled deposition, they instead ask the Court to warn Plaintiffs and their counsel that future last-minute cancellations of depositions will result in sanctions.

4

      **B.**      **The Court Should Order That Any Properly Noticed Deposition Cannot Be Unilaterally Cancelled or Postponed Within 14 Days of the Deposition Absent the Parties' Agreement or a Court Order**

Besides awarding Defendants costs unnecessarily incurred because of the last-minute cancellation of Mr. Palmer's deposition and mid-deposition termination of Mr. Kelly's deposition, the Court should make clear that no party may cancel a properly noticed deposition within 14 days of the date of the deposition without agreement of the parties or a court order. This is simply the law under the Federal Rules of Civil Procedure. *See Panzer*, 318 F.R.D. at 328 ("Once a deposition is properly noticed, the party is obliged to appear until some order of the court excuses attendance[.]" (quotations and citations omitted)); *Miller*, 2008 WL 2116590, at *2 (noting that the proper course of action if a party wishes not to appear for a deposition is to file a motion for a protective order, as provided in Rule 37(d)(2)). Considering the conduct of Plaintiffs and Plaintiffs' counsel to date, the pattern of last-minute cancellations and rescheduling will continue. The Court should make clear that it cannot.

**IV.**    **CONCLUSION**

For these reasons, Defendants respectfully request that the Court enter an order:

    a) Awarding costs incurred from Plaintiffs' and Plaintiffs' counsel's conduct in connection with the depositions of Plaintiffs Palmer and Kelly, totaling $3752.64 in costs incurred in connection with Mr. Palmer's cancelled deposition, and the costs to be incurred in conducting the remainder of Mr. Kelly's deposition,[5] which will be provided following the conclusion of that deposition;

    b) Directing that properly-noticed depositions may not be adjourned during the deposition or cancelled fewer than 14 days prior to the deposition date provided in the notice absent agreement of the Parties or a Court order finding good cause; and

    c) Placing Plaintiffs and their counsel on notice that further delays and frustration of depositions and deposition scheduling will result in more severe sanctions; and

    d) Awarding any other relief the Court deems appropriate.

---

[5] Defendants are willing to forgo the costs of conducting the remainder of Mr. Kelly's deposition if Mr. Kelly and Plaintiffs' counsel agree to schedule the deposition on a day preceding or following and in the same location as another Plaintiff's deposition.

**CERTIFICATE OF CONFERENCE**

Pursuant to Civil Local Rule 7.1(a)(3), the undersigned counsel certifies that counsel for Defendants conferred with counsel for Plaintiffs by videoconference on February 2, 2026. The Parties have not been able to resolve the issues raised in this motion. On February 3, 2026, and as required by the Court's rules, counsel for Defendants spoke with this Court's chambers and received permission to file this motion.

Dated: February 3, 2026

By: /s/ *Paul C. Huck, Jr.*
**PAUL C. HUCK, JR.**
Florida Bar No. 968358
**LAWSON HUCK GONZALEZ, PLLC**
334 Minorca Avenue
Coral Gables, FL 33134
paul@lawsonhuckgonzalez.com
michelle@lawsonhuckgonzalez.com
leah@lawsonhuckgonzalez.com

**MICHAEL R. DOYEN** (*admitted pro hac vice*)
**DANIEL B. LEVIN** (*admitted pro hac vice*)
**BETHANY W. KRISTOVICH** (*admitted pro hac vice*)
**JOHN L. SCHWAB** (*admitted pro hac vice*)
Primary Email: daniel.levin@mto.com
MUNGER, TOLLES & OLSON LLP
350 South Grand Ave., 50th Floor
Los Angeles, CA 90071
Tel: (213) 683-9100
Fax: (213) 687-3702

*Attorneys for Defendants Swedish Match North America LLC and Swedish Match USA, Inc.*

Respectfully submitted,

**MARTIN B. GOLDBERG**
Florida Bar No. 827029
Primary: mgoldberg@lashgoldberg.com
Secondary: rdiaz@lashgoldberg.com
**LYNNETTE CORTES MHATRE**
Florida Bar No. 1052015
Primary: lmhatre@lashgoldberg.com
Secondary: obencomo@lashgoldberg.com

**LASHGOLDBERG**
Lash Goldberg Fineberg LLP
Miami Tower, Suite 1200
100 S.E. 2nd Street
Miami, FL 33131
Tel: (305) 347-4040
Fax: (305) 347-4050

**LATHAM & WATKINS LLP**
Christine G. Rolph (*admitted pro hac vice*)
Christine.Rolph@lw.com
Chase A. Chesser (*admitted pro hac vice*)
Chase.Chesser@lw.com
555 Eleventh Street, NW, Suite 1000
Washington, D.C. 20004-1304
(202) 637-2200

U. Gwyn Williams (*admitted pro hac vice*)
Gwyn.Williams@lw.com
200 Clarendon Street 26th Floor
Boston, MA 02116
(617) 880-4500

*Attorneys for Defendants Philip Morris International Inc., Philip Morris Global Brands, Inc., and PMI Global Services, Inc.*